**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ms. Frances L. Greenhill
1900 Ritchie Road
District Heights, MD 20747
301-526-2985/ 301-736-6764

CASE NUMBER  1:05CV01100

JUDGE: Reggie B. Walton

Margaret Spellings, Secretary
US Department of Education, Agency
400 Maryland Avenue, SW
Washington, DC 20202-4450

DECK TYPE: Employment Discrimination

DATE STAMP: 06/02/2005

## COMPLAINT

**Facts:**

11/29/1999- There was an out of court settlement case # EEOC # 100 998115X Agy# 9736000 the US Dept. of Education and myself in which Attorney John McBurney, of Aragona & Aragona was hired and his colleague Xavier's son completed the remaining transactions in January of 2000.  I was informed that I would be getting a new job by John McBurney with HHS and to sign a resignation without viewing any settlement information at the time I signed the agreement.

1-12-2000 I received a settlement agreement with 3 checkes from the US Dept. of Education without a 1099 form from the Law Firm Mr Xavier Aragona's son.  The same month my father passed.

2-12-2002-Interviewed for a secretarial position with the US Dept. of Justice. Community Fraud Division.  And was selected for the job and was anxiously awaiting a hire date to be brought back on board tentatively until results from background investigation was completed, which takes around 6 months to complete. I relocated because I knew the job was a sure offer and to continue my tenure with

**RECEIVED**

MAY 1 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Federal Govt. as a reinstated worker was dream come true. Since 9-11 a new policy became effective background security clearance along with sensitive documents a numerous amount of documents were completed and submitted to them as soon as possible.

3-28-2002 our family relocated because of the new job offer and I was working on a business venture and purchased a debit/credit card machine from Leaseecom and was to pay at the time $75.00 per month and due to offer I thought it would have been paid off due to the definite offer to begin full time fed. Work on 3-4-02.

4-22-2002 IRS mailed me a tax bill for the entire settlement and requested a refund of the money and I forwarded a copy of the lawyers receipt of funds to justify.

7-2-2002 US DOJ rescinded the offer. Immediately I went to the US Dept. of Education and spoke with Cathie Hawkins after being advised to go pick up another copy of the settlement agreement by my family advisor EEO Director. I asked her, "what went wrong with our agreement," she gave me a copy of the agreement and read the rescinded letter and walked back up stairs without any detailed conversation. I gave her a card to give to the office. After this I had to locate full time permanent work which did not occur immediately and I took a drastic paycut to take care of my family.

10-23-2002 I was ill and needed a biopsy and was informed by social services I had to generate 4,000 worth of bills to be seen or helped.

12-6-2002 Congressman Albert Wynn was emailed for advice on issues surrounding the breach of contract. Along with John McBurney's legal malpractice towards me to have me believe they were working out a deal to relocate me into another fed. govt. position, he went as far as gave me a list to select the vacancy announcement from. That's why I signed the resignation and did not obtain the agreement at that time.

1-17-2003 Confirmation letter received from the Honorable Albert Wynn's Office. See attached brief from Gary Bowns office.

5-9-2003 EEOC response letter received from the Honorable Albert Wynn's Office.

5-14-2003 Sallie Mae Guaranteed Student Loan in which US Dept. of Ed promised to help me pay all job related courses as stated in the EEOC books the investigators worked on for the case in which I paid $8,000 leaving a balance then of $15,000 as a pay off amount the amount has accumulated 6,000 interest presently in arrear status the payments were on hold while unemployed since Aug. 18, 2004.

5-21-2004 Wrote the Maryland Attorney Grievance Commission for assistance.

5-20-2002 Dept Of Justice SUITABILITY FORM BY Mary Brayboy.

6-30-2003 IRS balance increased to 47, 789 fed, 8,000 state.

7-8-2003 Aragona & Aragona receipt received to submit to the IRS.

7-21-2003 Wrote my creditors to try to explain my financial situation. Income justification was forwarded to IRS with attorney receipt.

7-30-2003 Request to continue with the case due to breach of settlement by Marybrayboy was sent to US Dept. of Ed after assistance was received from Albert Wynn's office. Family issues were challenged due to fiancé's health.

9-3/8-2003 Jackson Hewitt had to correct the tax error they created on 3 occasions.

6-23&4-2004 I sent attorney grievance commission documents regarding this case.

6-14-2004 Albert Wynn's update EEOC status.

7-1-2004 ED Case number 2004-29-00 acceptance for formal processing of breach of settlement of 1999.


7-11-2004 Remedies and resolution requested upon negotiation with the Dept. as a result of accepting the breach of settlement as a complaint on 7-1-04.

8-17-2004 rescinded ED complaint 2004-29-00 letter from James White.


2-14-2005 EEOC Decision Letter


8-16-2004 Gary Browns EEOC Brief in support of appeal Educations negotiation letters faxed to me & variable docs on the case. Due to extenuating circumstances all the issues around this case needed legal attention and I retained Mr. Gary Brown and informed him of everything which occurred and as soon as he took the case suddenly Cathie Hawkins and Daria Stec attempted to fraudulently formulate a declaration in which did not even exist prior, until that information was disclosed to Gary and the Dept. to overlook something so vital which justifies my actions for going and being timely and Gary informed them of what happened after I received the rescinded offer. The Dept. wanted to stop me from appealing the case because they tried to overlook my visit to the Department because this definitely justifies my request of the copy of the settlement and as soon as I received the rescinded letter. There was never any previous at length conversations mentioned ever as stated in my declaration to answer to Ms. Hawkins declaration


I lost federal contractor position on 8-16-2004, in which I enjoyed, with Railroad Investigators and police, position with the US Dept. of Transportation Office of Safety due to background investigation, tax lien and finances which attributed due to the way the settlement was handled by the US Dept. of Ed and John Mcburney, I would love to return back there as an option B.

9-25-2004  IRS balance 21,717.66 interest 787.69 penalty 3,390.88 = $25,896

9-30-2004  Gary's support of appeal timeline request.

9-30-2004  Request for Appeal file copies from US DOE,

11-5-2004  Cathie Hawkins Declaration to EEOC.

11-8-2004  Frances Greenhill's Declaration.


**Resolution & Remedies**

Remedies:  I would like to request a jury trial.  I would like to request $210,000.00 tax-free or taxed with a 1099 for taxes taken out of the funds if taxed qand lawyers fees of 1650.00.  The previous negotiated remedies resolutions were shown on page two of the letter forwarded & dated July 11, 004 to James White.  Are as follows:

   a.  Reinstatement into the US Dept. of Education because I have not had any negative ratings throughout my federal gov't tenure. If you check

   b.  Restored Annual and sick leave balances

   c.  Resolution of fed. & state taxes be paid off by John McBurney or the Dept. by paying my and working with Tax Assoiate of The Tax Defenders Nancy McNeil, Sr. Tax Associate with counter offers to settle account 800-341-0432. See attached doc.

   d.  Reinstatement of lost years of service

   e.  Reinstate into the Civil Service Retirement Plan

   f.  Reinstatement of Thrift Savings Plan

   g.  All outstanding College Accounts be paid in full

   h.  Pay for the remaining of my 7 undergraduate courses to graduate and if some classes can be taken during the day I would like to be allowed to take them.

   i.  GS 9-5 and upon graduation competently without discrimination or extreme competitin apply for GS11-12 position or 9/11/12 upward mobility position.

   j.  Letters of apology from Mary Brayboy, Cathie Martin, James White, John McBurney, David Beauleuh, Cathie Hawkins and  Daria Stec.



5/13/05

*Frances Laurie Greenhill* (signature)

**Frances Laurie Greenhill**

**1900 Ritchie Road**

District Heights, MD 20747

P.S. I would also like to request that the Dept. of Ed or Mary Braybay who breached the settlement or Darice Stec Inform Commonwealth of Massachusetts District Court 175 Fellsway somerville, MD 02145 617-666-8000 of my condition as Breach affected my income.

(6)

5/13/2005

Note to the file.

Daria Stec intentionally attempted to leave out the letter from the file she mailed to my home, without the faxed response which was faxed to Betty Morton EEO Specialist after receiving the faxed acceptance complaint letter dated July 1, 2004 received 7-7-04 and timely replied to on July 11, 2004.

Respectfully,

Frances L. Greenhill
1900 Ritchie Road

BEFORE THE
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations

Frances Greenhill,

Complainant

v.

OFO Docket No. 01A45669
Agency No. ED- 2004-29-00

Roderick R. Paige, Secretary
U.S. Department of Education,

Agency.

## Declaration

I, Frances L. Greenhill, hereby declare, under penalty of perjury, that the following is true
And accurate to the best of my knowledge and belief; I am a victum of race and
disability discrimination.

On June 20, 2002 I spoke with my 1st Cousin who is an EEO Director with a Federal
Agency she informed me to obtain a copy of my 1999 settlement agreement .
I then went immediately to the EEO Office in July 2002 to obtain a copy of the
agreement because after Relocating to a  larger home my office was not unpacked I then
proceeded as informed to  The US Department of Education and on July 2, 2002.  I
requested a copy of the 1999 Settlement agreement as stated previously in my appeal.  As
soon as Cathy Hawkins, brought me a copy I informed her of the breach there was not a
lengthy discussion about the settlement because she had just read the letter from the

**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1100

US Department of Justice.

As God is my witness Ms. Hawkins did exactly as previously stated she read the rescinded offer and gave me a copy of the settlement agreement and now has created perjury along with Daira Stec to make it appear that I was not sure of what happened as God as my witness Ms. Hawkins statements are untrue with regards to any settlement Conversation. The attached submission for polygraph may need to be applied to both Ms. Hawkins and Daira M. Stec.

## CONCLUSION

For the reasons stated above, I would like to requests that OFO dismiss the Declaration Submitted on 11/8/2004 due to perjury and fraud.

It's amazing to what extreme Daria Stec and Ms. Hawkins are attempting to discredit this day which was inaccurately made.

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations
Equal Employment Opportunity Commission
PO Box 19848
Washington, DC 20036

Gary T. Brown & Associates
320 Maryland Avenue, NE, Suite 100
Washington, DC 20002

Roderick R. Paige, Secretary
James White, Director
Daira M. Stec, Agency Representative
400 Maryland
Washington, DC 20202-4450

STAPLES copy printcenter

# Complimentary Self
# Serve Fax Cover Sheet

**To:** Robert J. Barnhart, Director
James White, Daria Sec
Roderick R. Poser
Gary T. Brown
202·663-7022

**Fax # (202) 205 5760**
202 - 343 - 4905

**From:** Frances L. Greenlee

**Phone # (301)526·2985**

**Date:** 11/15/04

**Number of Pages:**
(Including Cover) 4

O Urgent   ☑ Confidential   O Confirm Receipt

**Reply Fax #:**
## (301)499-8816

FILED

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1100

BEFORE THE
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations

| | | |
|---|---|---|
| Frances Greenhill, | ) | |
| | ) | |
| Complainant | ) | |
| | ) | |
| v. | ) | OFO Docket No. 01A45669 |
| | ) | Agency No. ED-2004-29-00 |
| Roderick R. Paige, Secretary, | ) | |
| U.S. Department of Education, | ) | |
| | ) | |
| Agency. | ) | |

## DECLARATION

I, Cathy J. Hawkins, hereby declare, under penalty of perjury, that the following is true and accurate to the best of my knowledge and belief:

1.  I am an Equal Employment Specialist (EES) in the U.S. Department of Education's (Agency, Department) Equal Employment Opportunity Group (EEOG). I have been in this position since the Department's inception in 1980; I have been an EES since 1976.

2.  As a senior EES, I review formal complaints of discrimination to determine whether they should be accepted for processing or dismissed, prepare letters of dismissal or acceptance, and advise complainants whose complaints have been accepted concerning their rights in the EEO process during the administrative stage of processing.

3.  Sometime in the summer of 2002, Ms. Frances Greenhill Complainant) came to my office. She showed me a copy of a 1999 settlement agreement with the

ATTACHMENT A

Agency, and explained to me that she believed the Agency had breached the settlement agreement. At that point, I told Ms. Greenhill that she needed to put her complaint in writing, because just telling me was not enough to constitute a formal complaint. I informed her that just talking to me was not sufficient to constitute a formal complaint, and pointed out that the settlement agreement required that she notify our office in writing if she believed the settlement agreement had been breached.

4. In response, Ms. Greenhill stated that she was aware that talking to me was not enough, and that she would have to file a formal written complaint.

5. I did not hear anything more from or about Ms. Greenhill until EEOG received her written complaint alleging breach of settlement agreement in July 2003, over one year after I had talked to her.

6. As a matter of course, I and other employees in EEOG advise potential complainants about their rights and the procedures that need to be followed; however, what the individuals do with our advice is strictly up to them.


_Cathy J. Hawkins_
Cathy J. Hawkins
Equal Employment Specialist

_November 5, 2004_
Date

# GARY T. BROWN & ASSOCIATES
## ATTORNEYS AT LAW
### 320 MARYLAND AVENUE, N.E.
### SUITE 100
### WASHINGTON, D.C.  20002

Gary T. Brown*
Jewell C. Elliott**
Roberta S. Malone, M.D., J.D.
Eric M. Gruis, J.D.

*Admitted in D.C. & MD Federal Courts
**Admitted in D.C. & MD

September 30, 2004

Equal Employment Opportunity Commission
Office of Federal Operations
ATTN: Robert J. Barnhart, Director
P.O. Box 19848
Washington, DC 20036
FAX: (202) 663-7022

Re: Docket # 01A45669

Dear Director Barnhart,

This office was recently retained by Frances Greenhill, Complainant in the above-referenced dispute.  In reviewing the materials contained in the Agency's case file, which arrived this morning, it has come to our attention that the due date established for briefs in support of Ms. Greenhill's appeal has already passed, on September 23, 2004.  For the reasons set forth in this letter, we ask that the EEOC accept as timely filed this office's brief in support of Ms. Greenhill's appeal, to be filed no later than October 17, 2004.

This appeal involves the United States Department of Education's decision to rescind its prior acceptance of Ms. Greenhill's complaint of a Breach of Settlement Agreement.  Ms. Greenhill was notified of the Department's decision to rescind acceptance on August 17, 2004, and informed of her right to appeal the decision within thirty (30) days.  Although Ms. Greenhill was entitled to wait until September 17 to file an appeal, she instead promptly filed her appeal on August 23.  According to your letter of August 25, Ms. Greenhill was then afforded an additional thirty (30) days in which to file any statements or briefs in support of her appeal – in this case, until September 23.  Had Ms. Greenhill chosen to file her appeal at the deadline of September 17, this deadline for the brief in support of her appeal would be October 17.

Because this appeal concerns primarily questions of administrative procedural law, with which Ms. Greenhill is, understandably, unfamiliar, it is essential that Ms. Greenhill be afforded the assistance of counsel in presenting her case.  In order to ensure Ms. Greenhill of the full benefits of the representation to which she is entitled, and in order not to inadvertently penalize

Ms. Greenhill for promptly filing her appeal in advance of the September 17 deadline, we respectfully request that the EEOC accept briefs in support of Ms. Greenhill's appeal as timely filed up to October 17, 2004.

Thank you for your consideration in this matter.

Sincerely,

Gary T. Brown



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036


Frances L. Greenhill,
Complainant,

v.

Margaret Spellings,
Secretary,
Department of Education,
Agency.

Appeal No. 01A45669

Agency No. ED-2004-29-00BR


## DECISION

Complainant filed a timely appeal with this Commission from the final agency decision (FAD) dated August 14, 2004. The FAD dismissed the breach of settlement claim as untimely filed under 29 C.F.R. § 1614.504(a). For the following reasons, the Commission affirms the dismissal.

On appeal, the complainant argues that she did timely and diligently pursue her claims of settlement breach and that any inexcusable delay was attributable to the agency.

As background, in November 1999, the complainant entered a settlement agreement with the agency that stated, in pertinent part, that if the complainant believed that the agency had failed to comply with the settlement agreement, she must notify the agency's EEO Director in writing within thirty days of the date that the complainant knew, or should have known, of the alleged non-compliance.[1] This is consistent with the Commission's regulations. *See* 29 C.F.R. § 1614.504(a).

---

[1]    The agency agreed to grant complainant a Within-Grade Increase and back pay, effective August 30, 1998; and to provide complainant with a rating of "Pass" for the 1998-1999 General Performance Appraisal System (GPAS) rating year. In exchange, the complainant received a lump sum of $90,000, agreed not to seek re-employment with the agency and waived her rights under five EEO complaints.

2                                                    01A45669

The record shows that the complainant learned of the alleged breach on June 21, 2002, when the complainant received a letter from another federal agency withdrawing a tentative offer of employment due to negative information contained in the agency's employment records and a negative reference from the agency. On July 2, 2002, the complainant states that she contacted the agency's EEO office. An EEO Specialist submitted a statement saying that the EEO Specialist told the complainant to submit her claim in writing as provided in the settlement agreement. In July 2003, a year later, the complainant submitted a letter alleging breach of the settlement agreement and the complainant admitted her request was untimely. Thus, although on appeal, the complainant argues she was timely, her July 2003 statement indicates she knew she had to submit her claim in writing and did not do so.

Based on the foregoing, we find the complainant untimely informed the agency of its breach of the settlement agreement. Accordingly, the FAD is affirmed.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.   The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.   The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any



3                                                    01A45669

supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

FEB 1 4 2005

Date

4                                   01A45669

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

FEB 1 4 2005

_____
Date

_____
Equal Opportunity Assistant

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**

| | |
|---|---|
| Frances Greenhill, ) | |
| ) | **Docket # 01A45660** |
| Complainant, ) | **Agency: 2004290** |
| ) | |
| v. ) | |
| ) | |
| Roderick R. Paige, ) | |
| Secretary, U.S. Department of Education, ) | |
| ) | |
| Agency. ) | |

## COMPLAINANT'S BRIEF IN SUPPORT OF APPEAL

**Facts:**

This case is an appeal of the decision of the EEO Office of the United States Department of Education (DOE) to rescind its prior acceptance of Ms. Frances Greenhill's complaint of Breach of Settlement Agreement.

The Settlement Agreement (Agreement) in question was entered into between DOE and Ms. Greenhill in December 1999. *See* Appendix p. A1; Settlement Agreement. Under the terms of the Agreement, Ms. Greenhill resigned from her position with DOE, and agreed not to pursue future employment with DOE. In return, DOE agreed, *inter alia*:

(a) To remove the "Proposal to Remove" and any other documents relating to it from all personnel files and records that may be maintained in the Office of Elementary and Secondary Education (OESE) . . .; and

(b) To refer all requests for employment references on Complainant to Joyce Boykin, Loader, Headquarters Customer Service Team III, Human Resources Group. The response to such requests shall be limited to stating that Complainant "resigned effective [date of Complainant's written resignation and reason]," and verifying the dates of employment, Complainant's salary, GS-level, title, and performance ratings contained in Complainant's Employee Performance Folder (EPF).

1

The settlement agreement was breached by DOE on or around June 20, 2002. At that time, Ms. Greenhill was pursuing employment with the Department of Justice, and had secured a tentative offer of employment with the Civil Division as a GS-5 Secretary. On June 21, 2002, Ms. Greenhill received a letter from DOJ stating that this offer had been revoked due to negative information contained in Ms. Greenhill's DOE employment records, and a negative referral from DOE. *See* Appendix p. A24; DOJ Letter.

Further investigation ultimately revealed that DOJ's request for an employment reference was referred not to Joyce Boykin as the Agreement required, but to Ms. Mary Brayboy. Ms. Brayboy, acting as if she were unfamiliar with the particularities of the Agreement, erroneously claimed that Ms. Greenhill had been fired, and that she had agreed never again to apply for "any federal job." Ms. Brayboy went on to state, in direct contravention of the limitations prescribed by the Agreement, that "there were a lot of confrontations" with Ms. Greenhill, and that, given the opportunity to hire Ms. Greenhill again, she "would not choose her." *See* Appendix p. A6; Brayboy Referral.

On July 2, 2002, less than thirty days after the receipt of the DOJ withdrawal letter, Ms. Greenhill consulted an EEO Office Specialist, Cathy Hawkins, on the matter. During this meeting, Ms. Greenhill notified Ms. Hawkins that she believed the Settlement Agreement had been breached. Ms. Greenhill explained the details of the Agreement and how it was breached, and provided Ms. Hawkins with a copy of the Agreement, and a copy of the letter from DOJ, withdrawing their offer of employment. Ms. Greenhill was not instructed at this time to file a written complaint, nor was she provided any advice regarding the next steps to take in order to continue to pursue her complaint for Breach of Settlement Agreement.

2

Over the course of the following year, Ms. Greenhill continued to seek information and guidance from the EEO Office, DOE, and others regarding her complaint. On December 16, 2002, Ms. Greenhill wrote to her Congressman, Albert Wynn, seeking information and advice regarding how to proceed with her complaint. *See* Appendix p. A23; Letter to Wynn. After a series of letters to Ms. Greenhill, and to the EEO Office on her behalf, Congressman Wynn informed Ms. Greenhill in a letter dated May 20, 2003, that, in order to proceed with her complaint, she must contact EEO Office Director James White. *See* Appendix p. A19; Wynn Correspondence. In a July 30, 2003, letter to Director White, Ms. Greenhill once again notified EEO Office that her Agreement with DOE had been breached, and stated her desire to "continue pursuing the case." *See* Appendix p. A14; Letter to Director White.

On July 1, 2004, almost a year after sending her letter to Director White, Ms. Greenhill received a "Letter of Investigation" from Director White indicating that EEO Office had accepted her complaint for formal processing. *See* Appendix p. A11; White Letter of July 1, 2004. The letter treated Ms. Greenhill's letter of July 30, 2003, as a formal complaint, and cited that date as the time of filing. The letter went on to state that the thirty-day time limit for notifying the EEO Office of the breach had been waived. The letter further notified Ms. Greenhill that an investigator would be assigned to her case, and that this investigator would examine solely whether DOE had breached the Agreement. Thus, the letter of July 1, 2004, unequivocally accepted Ms. Greenhill's complaint, and indicated precisely which issues would subsequently be investigated.

On August 17, 2004, Ms. Greenhill received another letter from Director White, this time indicating that the July 1, 2004, letter was being rescinded. *See* Appendix p. A8; White Letter of August 17, 2004. Ignoring Ms. Greenhill's prior efforts to complain about the Breach to an

3

EEO Counselor, Director White again cited Ms. Greenhill's July 30, 2003, letter as the official filing date for her complaint. Director White then identified June 21, 2002, (the date of the DOJ withdrawal letter), as the date on which Ms. Greenhill knew or should have known that the Settlement Agreement had been breached. Relying on the July 30, 2003, letter, rather than Ms. Greenhill's July 2, 2002, direct complaint to her EEO Office Counselor, Director White concluded that Ms. Greenhill's complaint was not timely filed.

Director White went on to state, without elaboration, that "upon further review" of Ms. Greenhill's July 30, 2003, letter, he had determined that the reason's Ms. Greenhill provided "for failing to notify the EEO Office Director within the prescribed time limits do not warrant waiver of the prescribed time limits as permitted by 29 CFR §§614.604(c)." (Error in original; Code section should read "29 CFR § 1614.604(c).") Director White thus rescinded his decision to waive the time limits as indicated in his letter of July 1, 2004.

Ms. Greenhill appealed the Director's decision on August 23, 2004, and the matter is now before this body for adjudication.

**Summary of Argument:**

Complainant respectfully requests that Director White's decision of August 17, 2004, be set aside for several reasons.

First, Ms. Greenhill's complaint should be accepted as timely filed as of July 2, 2002. Her meeting with EEO Office Specialist Cathy Hawkins on this date effectively provided the EEO Office with notice of her complaint of Breach of Settlement Agreement. Ms. Hawkins never informed Ms. Greenhill that a formal, written complaint would also be required, nor did she otherwise indicate that the notice of complaint provided at this meeting was in any way

4

insufficient. Following the meeting of July 2, 2002, Ms. Greenhill continued, via a series of letters to various parties, to express her belief that the Agreement had been breached, and to inquire as to how to proceed. It was not until July 1, 2004 (in response to Ms. Greenhill's letter of July 30, 2003), that these efforts succeeded in procuring any manner of response from the EEO Office. The Agency's non-responsiveness to Ms. Greenhill's continued efforts from July 2, 2002, through July 30, 2003, does not entitle it to choose the latter as the official date of filing for her complaint. The complaint should be considered filed as of July 2, 2002, the date on which Ms. Greenhill first notified the Agency of the breach.

Second, the EEO Office's decision to accept the complaint as timely and to waive the thirty-day limit, notwithstanding the fact that Ms. Greenhill's complaint was timely filed, was appropriate and should stand. This decision was provided in Director White's letter of July 1, 2004, and was authorized by 29 CFR § 1614.604(c). This regulation states that the thirty-day time limit is "subject to waiver, estoppel and equitable tolling." The regulation places no explicit or implicit limits on the circumstances under which waiver may be granted. Waiver can thus be justified on any reasonable grounds. In this case, assuming *arguendo* that it was necessary, waiver is justified not only due to the extenuating circumstances that were originally accepted by the Agency, but also due to Ms. Greenhill's diligent pursuit of her claim from the date on which it first arose, and further due to the EEO Office's failure to notify Ms. Greenhill of any alleged insufficiency in the content or manner of her complaint, and still further due to the Agency's inequitable failure to process Ms. Greenhill's complaint in a timely fashion, and ultimately due to the sheer compelling nature of Ms. Greenhill's complaint. For all of these reasons, Director White's decision to waive the time limit and accept Ms. Greenhill's complaint was appropriate, and should be upheld.

Greenhill's employment records, and a negative reference response from the DOE. Specifically,

DOJ's request for an employment reference was referred not to Joyce Boykin as the Agreement

required, but to one Mary Brayboy. Ms. Brayboy, who was the subject of the EEO complaint

which produced the Settlement Agreement, ignored the terms of that agreement and erroneously

claimed that Ms. Greenhill had been fired, and that she had agreed never again to apply for "any

federal job." Ms. Brayboy went on to state, in direct contravention of the limitations prescribed

by the Agreement, that "there were a lot of confrontations" with Ms. Greenhill, and that, given

the opportunity to hire Ms. Greenhill again, she "would not choose her."

"EEO complaints are to be liberally construed 'since very commonly they are framed by

persons unschooled in technical pleading.'" Brown v. Marsh, 777 F.2d 8, 15 (D.C. Cir. 1985)

(citing Shehadeh v. Chesapeake & Potomac Telephone Co., 595 F.2d 711, 727 (D.C. Cir. 1978)).

For the purposes of determining whether a timely EEO complaint has been made, "the relevant

inquiry is not whether the complainant has filed a detailed statement spelling out precisely his

objections but whether the actions he did take were 'adequate to put the [agency] on notice.'"

Brown, 777 F.2d at 15 (citing President v. Vance, 627 F.2d 353, 362 (D.C. Cir. 1980)). In

Brown, the court held that the complainant's repeated inquiries and filings were sufficient to put

the Agency on notice, even though many of the complaints lacked specificity. In the present

case, upon learning that her Agreement with DOE had been breached, Ms. Greenhill contacted

the EEO Office and met with Specialist Cathy Hawkins. During this meeting, Ms. Greenhill

notified Ms. Hawkins that she believed the Settlement Agreement had been breached, and asked

for assistance in addressing the problem. Ms. Greenhill explained the details of the Agreement

and how it was breached, and provided Ms. Hawkins with a copy of the Agreement, and a copy

of the letter from DOJ, withdrawing their offer of employment. In short, Ms. Greenhill's efforts

to pursue her claim went beyond what courts have required of *pro se* complainants, and were more than sufficient to put the Agency on notice of the complaint.

Ms. Greenhill was not instructed at this time to file a written complaint, nor was she provided any advice regarding the next steps to take in order to continue to pursue her complaint for Breach of Settlement Agreement. At this point, Ms. Greenhill believed that she had properly brought her complaint to the attention of the EEO Office, and awaited their response.

> B.    Ms. Greenhill was never advised that her complaint of July 2, 2002, was insufficient.

No response to Ms. Greenhill's July 2, 2002, complaint to the EEO Office ever came. For almost exactly two years from that date, Ms. Greenhill received no information from the EEO Office as to the status of her complaint. Nor did Ms. Greenhill receive any indication from the EEO Office that the steps she had taken on July 2, 2002, were in any way insufficient to spur processing of her complaint.

The Supreme Court in Burnett v. New York City Railroad Co. held that the technically imperfect efforts by a *pro se* complainant may be excused where the complainant reasonably believed her efforts to be sufficient. Burnett v. New York City Railroad Co., 380 U.S. 424, 429 (1965) (Statute of limitations tolled where complainant failed to file a timely federal claim "solely because he felt that his state action was sufficient"). Courts have been particularly lenient where a complainant's belief in the sufficiency of her efforts to lodge a complaint is based on the advice of an agency representative. *See* Jarrell v. USPS, 753 F.2d 1088, 1092 (1985); Siegel v. Kreps, 654 F.2d 773 (D.C. Cir. 1981); Cooper v. Bell, 628 F.2d 1208, 1214 (9th Cir. 1980); Henry v. Schlesinger, 407 F. Supp. 1179 (E.D. Pa. 1976). In Jarrell, the court waived the time limit for contacting an EEO Counselor because the complainant believed, on the

basis of his contacts with another EEO officer, that efforts were being made to address his complaint. When it later became apparent to Jarrell that no progress was being made in his case, he contacted an EEO Counselor, and his complaint was ultimately accepted as timely. In the present case, Ms. Greenhill reasonably believed that her efforts to lodge her complaint with the EEO Office were sufficient because the EEO counselor to whom she brought her complaint failed to advise her to take further action. When it later became apparent to Ms. Greenhill that no progress was being made in her case, she sought advice from various parties regarding how to proceed, and ultimately filed a written complaint with EEO Director White.

Because Ms. Greenhill took prompt action to provide the Agency with timely, detailed notice of her complaint, and because it is reasonable to believe these actions provided a sufficient basis to lodge a complaint, which reasonable belief was not clarified by the advice of an EEO counselor, Ms. Greenhill's complaint should be accepted as timely filed.

II.    The Agency Properly Waived the Thirty-Day Time Limit in its Letter of July 1, 2004.

Even where a complainant has failed to timely file a formal complaint with the proper office, the thirty-day time limit may be waived in accordance with 29 CFR § 1614.604(c). In this case, in its letter of July 1, 2004, the Agency unequivocally stated that the time limit had been thus waived, and accepted Ms. Greenhill's complaint for processing. Because 29 CFR § 1614.604(c) does not expressly limit the circumstances under which waiver may be granted, and because there are ample reasons to grant waiver in Ms. Greenhill's case, the Agency's decision to waive the time limit was appropriate, and should stand.

A.    The CFR does not explicitly limit the circumstances under which the time limits for filing a complaint of Breach may be granted.

9

29 C.F.R. § 1614.604 states simply: "The time limits in this part are subject to waiver, estoppel and equitable tolling." Neither this section nor any other sets forth any limitations on the circumstances under which waiver may be appropriate. Despite the EEO Office's suggestion that the reasons for Ms. Greenhill's alleged delay "do not warrant waiver of the prescribed time limits as permitted by 29 C.F.R. § 1614.604(c)," the regulation itself expresses no opinion as to when waiver is warranted or permitted. Rather, the plain language of the Code indicates that waiver can be justified on any reasonable grounds. Interpreting this language, courts have found waiver appropriate on a wide variety of grounds.

In this case, waiver is justified due not only to the extenuating circumstances that the Agency originally accepted as justification for waiver, but also due to Ms. Greenhill's diligent efforts to preserve her claim, due to the EEO Office's inequitable failure to process Ms. Greenhill's complaint in a timely fashion, and ultimately due to the sheer compelling nature of Ms. Greenhill's complaint. For all of these reasons, Director White's decision to waive the time limit and accept Ms. Greenhill's complaint was appropriate, and should be upheld.

1.    Waiver is appropriate due to Ms. Greenhill's diligent efforts to preserve her claim.

"[C]ourts have excused parties, particularly those acting pro se, who make diligent but technically defective efforts to act within a limitations period." Bowden, 106 F.3d at 438. *See also* Irwin v. Dept. of Veterans' Affairs, 111 S. Ct. 453, 457 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"). In this case, Ms. Greenhill not only made a diligent effort to lodge her complaint within the limitations period, she continued to pursue her complaint through other means when the EEO Office failed to process her complaint or properly

advise her. In addition to her contacts with the EEO Office, when she had not heard any definitive statement from the Agency, Ms. Greenhill wrote a letter to her congressman, Representative Albert Wynn, in December 2002, explaining her plight and requesting his assistance. Ms. Greenhill continued to correspond with Rep. Wynn, who drafted several letters to the EEO Office on Ms. Greenhill's behalf. It was only through Rep. Wynn's efforts that Ms. Greenhill was finally advised to again file a complaint with EEO Director James White.

Thus, when Ms. Greenhill filed her written complaint with Director White in July 2003, it was not the Agency's first notification of her complaint; rather, it was merely the first time that Ms. Greenhill's diligent, continuous efforts to have her complaint heard actually succeeded in getting the proper attention from the EEO Office. It is significant to note that the process of filing a complaint for a Title VII violation, the only complaint process with which Ms. Greenhill was familiar, is initiated simply by orally communicating with an EEO counselor. The process for challenging a breach of a settlement agreement, however, was unfamiliar to Ms. Greenhill, and is made more difficult by requiring a written notice. Even if it is reasonable to allow agencies to establish an additional hurdle for claimants raising questions regarding a breach, the failure to communicate that subtle, but significant difference undermines the Agency's reliance on the lack of a written submission. Here, the Agency's omission is even more egregious, due to the fact that Ms. Greenhill personally met with an EEO counselor for the express purpose of raising the breach, and was not informed of the distinct, formal process for filing a breach complaint.

Because Ms. Greenhill made a timely, though technically defective effort to file her complaint, and because she continued to diligently pursue her claim thereafter, the Agency's decision to waive the time limit in this case was consistent with the waiver provisions of the

11

CFR and case law applying those provisions, and should stand.

      2.     Waiver is appropriate because EEO Office failed to act in a timely fashion to process Ms. Greenhill's complaint.

29 CFR § 1614.106(e)(2) states: "The agency is required to conduct an impartial and appropriate investigation of the complaint within 180 days of the filing of the complaint." By Ms. Greenhill's account of events, this investigation should have begun on July 2, 2002. Even by the EEO Office's account, the investigation should have begun no later than July 30, 2003. Instead, the EEO Office sent a letter on July 1, 2004, stating that the investigation would begin at that time. Thus, on or around July 1, 2004, somewhere between six and eighteen months after it should have ended, the 180-day investigation into Ms. Greenhill's claim finally began.

Courts have consistently held that the defense of failure to timely file is waived if EEO Office also fails to act in a timely fashion. *See* Bowden, 106 F.3d 433 (defense of failure to timely file waived where agency failed to object to timeliness in a timely fashion); Brown, 777 F.2d at 19 (defense of failure to timely file waived because "plaintiff would be substantially and unfairly prejudiced if dismissal on exhaustion grounds were permitted at this excessively late date."). Given the EEO Office's inexcusable delay in processing Ms. Greenhill's claim, it would be patently unfair to dismiss the claim at this late date due to Ms. Greenhill's alleged failure to meet a deadline. Fundamental principles of equity and fairness demand that Ms. Greenhill not be held to standards which the EEO Office has itself failed to satisfy. *See* Brown, 777 F.2d at 23 ("Fairness – which is the heart and soul of all notions of equity – prohibits us from permitting the government to raise, at this late date, a defense it ought to have pressed long ago, if it intended to press it at all.").

12

3. Waiver is appropriate due to the compelling nature of Ms. Greenhill's claim, and the lack of prejudice to the Agency by consideration of the merits.

In <u>Burnett v. New York City Railroad Co.</u>, the Supreme Court stated that purpose of the statute of limitations – protecting defendants from stale claims – "is frequently outweighed . . . where the interests of justice require vindication of the plaintiff's rights." <u>Burnett</u>, 85 S. Ct. at 1055. In this case, the Agency's own Record of Contact acknowledges that the referral form submitted by DOJ was completed by Ms. Brayboy, in breach of the Agreement, and that the form "clearly stated negative comments regarding Ms. Greenhill." *See* Appendix p. A16, Record of Contact. Simply put, the facts of this case, as they were presented to the EEO Office over two years ago, clearly establish Ms. Greenhill's claim of Breach of Settlement Agreement.

Here, as in <u>Brown</u>, waiver of the statute of limitations is appropriate because "plaintiff would be substantially prejudiced by dismissal on this ground at this juncture while defendant would not be prejudiced at all by consideration of the merits except in the sense that it would lose an opportunity to rid itself of a troublesome lawsuit." <u>Brown</u>, 777 F.2d at 27.

III. The EEO Office's Decision to Rescind its Initial Waiver of the Time Limit was Improper and Should be Withdrawn.

On August 17, 2004, Ms. Greenhill received a second letter from EEO Office Director James White, this time rescinding the previous decision to waive the thirty-day time limit and to accept her complaint for processing. Because the CFR does not provide any authority for Director White to rescind a prior waiver decision, and because Ms. Greenhill was not provided with notice that the waiver could be rescinded, the decision of August 17, 2004, should be set aside.

13

A.    The CFR provides no authority, explicitly or implicitly, for the EEO Office to rescind its initial decision to waive the time limit.

29 C.F.R. § 1614 sets forth in detail the rights and responsibilities of the various parties involved in a Federal Sector Equal Employment Opportunity dispute. It provides a right on the part of an aggrieved party to file a complaint for the breach of a settlement agreement. It establishes time limits within which the complainant and the EEO Office must file documents and issue decisions. It provides for the waiver of these time limits by decision of the EEO Office or bilateral agreement. Among all of these details, 29 C.F.R. § 1614 does not provide, imply, or otherwise discuss at any point a right of the EEO Office to rescind a decision to waive a time limit. Taken in context, this omission must be presumed deliberate.

The only mention of a right to rescind in Chapter 16 refers to the right of the EEO Office to reconsider the decision of one of its designated officers issued in a "Letter of Determination." 29 C.F.R. § 1601.21(b). The letter of July 1, 2004, according to the EEO Office's own classification, is a "Letter of Investigation." It does not issue a determination with regard to the merits of Ms. Greenhill's claim or the outcome of the substantive dispute. Consequently, § 1601.21(b) does not apply in this instance, and does not provide the EEO Office with a right to rescind its decision to waive the time limits.

Despite its inapplicability in this case, however, § 1601.21(b) is otherwise illustrative. It makes clear that the C.F.R. contemplates the authority of the EEO Office to reconsider its own decisions on its own initiative. Ultimately, the inclusion of a right to reconsider in the "determination" context, and the omission of such a right from other contexts, reflects a deliberate decision to restrict the right to reconsider to very specific circumstances, not including an agency's decision to waive time limits.

14

begun, the decision authorizing the investigation can be rescinded on timeliness or any other grounds. This is proper as a matter of logic and of public policy. It would be nonsensical to suggest that the EEO Office can reach back and decide not to conduct an investigation that has already begun. This would be akin to allowing a bettor to withdraw his wager after the game has already begun. In this instance, the EEO Office has accepted Ms. Greenhill's complaint for processing, and following forty-five days of substantive investigation, has suddenly changed its tune on procedural matters that were already settled. The EEO Office must not be thus empowered to retroactively dismiss, ostensibly for procedural reasons, a complaint that appears substantively problematic upon investigation.

The intent of the notice provision of § 1601.21(b)(2) is to afford a complainant the opportunity to show cause why the decision should not be changed. Ms. Greenhill was not afforded that opportunity. She was afforded no opportunity to elaborate upon or otherwise support her claim of extenuating circumstances. She was not allowed to challenge the EEO Office's asserted date of filing for her complaint. Indeed, she was led to believe that no such arguments were necessary.

Allowing EEO Office to rescind decisions without notice or other guidelines prevents complainants from knowing, and thus from asserting their rights to have input, which is tantamount to denying them their rights altogether. By failing to inform her of the possibility that they might rescind their waiver decision, EEO Office rendered Ms. Greenhill helpless to take any action to prevent them from doing so.

The EEO Office's delay in processing Ms. Greenhill's complaint has prevented any and all progress in her case for more than two years. As it stands, a case that should have been decided long ago has yet to even be examined on the merits in an adjudicatory setting. After

16

such a long period of administrative foot-dragging, it would be entirely unfair to allow the same administration to dismiss Ms. Greenhill's complaint without so much as completing its investigation. It would be increasingly unfair to suggest that, having decided to investigate almost a year after its self-imposed deadline, the EEO Office is then entitled to an additional two months in which to reconsider that decision. The EEO Office was given ample time to fully consider its decision in the first instance, and should be held to the decision it chose to issue.

**Conclusion:**

Because Ms. Greenhill made diligent, timely, and continued efforts to present her claim to the EEO Office, the Agency's decision to accept her complaint as timely on July 1, 2004, should be upheld, and its subsequent, unsupported reversal on August 16, 2004, should be overturned.

Respectfully Submitted,

Gary T. Brown
GARY T. BROWN & ASSOCIATES
320 Maryland Avenue, NE
Suite 100
Washington, DC 20005
TEL: (202) 393-4900
FAX: (202) 393-4903

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations

Frances Greenhill,  )
)
    Complainant,  )
)
    v.  )
)
Roderick R. Paige,  )
Secretary, U.S. Department of Education, )
)
    Agency.  )
)

Docket # 01A45669
Agency: 20042900

## APPENDIX TO COMPLAINANT'S BRIEF IN SUPPORT OF APPEAL

**Contents:**                               **Page #**

Settlement Agreement .................................................................... A1

Brayboy Referral ........................................................................... A6

Notice of Appeal ........................................................................... A7

White Letter of August 17, 2004 ..................................................... A8

White Letter of July 1, 2004 ........................................................ A11

Letter to Director White .............................................................. A14

DOE Record of Contact ................................................................. A16

Wynn Correspondence ................................................................... A19

Letter to Rep. Albert Wynn .......................................................... A23

DOJ Letter .................................................................................. A24

19

700   WED 10:39 FAX 202 401 857          OGC                                    ☒02
13-1998   04:030m  From-U.S. EEOC, WFO              2026321124            T-595  P-003/007  F-280
/18/98  FRI 15:83 FAX 982 491 9833      UGC                                       ☐02

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

FRANCES L. GREENHILL,                    )
                                         )
      Complainant                        )
                                         )
      v.                                 )     EEOC Docket No. 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X
                                         )     Agency No. ED-9736000
U.S. DEPARTMENT OF EDUCATION,            )
                                         )
      Agency.                            )

## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is made by and on behalf of Richard W. Riley, Secretary, U.S. Department of Education (Department or Agency), represented by Daria M. Stec, Esquire; and Frances L. Greenhill (Complainant), represented by John J. McBurney, Esquire.

This Agreement is entered into as a full and final disposition, settlement, and satisfaction of the above-captioned Equal Employment Opportunity (EEO) complaint and any and all claims and other legal issues, formal and informal in nature, raised therein; and of all other claims and legal issues, formal and informal in nature, relating to Complainant's employment at the Department that are pending as of the date of the last signature on this Agreement. These matters include, but are not limited to: (1) EEO Complaint No. ED-9917000; 2) EEO Complaint No. ED-9920000; 3) EEO Complaint No. 9936000; and (4) the Department's December 9, 1998 Proposal to Remove Complainant from her position at the Department and from the Federal service for inability to perform the duties of her position.

The parties, without admitting fault on the part of either party, have concluded that it is in the best interests of all concerned to settle these matters in the manner and on the terms set forth in this Agreement. Therefore, in consideration of the mutual understandings stated below, and of the promises made and the acts to be performed by the parties and their representatives, it is agreed as follows:

1. At the time she executes this Agreement, Complainant shall submit to the Department, in writing, a signed statement that she voluntarily and irrevocably resigns from her position at the Department, effective on the date of her signature on this Agreement.

2. Upon Complainant's resignation, the Department agrees to the following:

11-19-1999  04:03pm  From-U S EEO   PO                    OGC        2026321124           T-585  P 004/007  F-960
11/19/99.  FRI 10:04 FAX 202 6   9533                    OGC

2

(a)  to remove the Proposal to Remove and any other documents relating to it from all
personnel files and records that may be maintained in the Office of Elementary and
Secondary Education (OESE).  This paragraph does not apply to the Department's
official records concerning the Proposal to Remove that are addressed in Paragraph 11 of
this Agreement; and

(b)  to refer all requests for employment references on Complainant to Joyce Boykin,
Leader, Headquarters Customer Service Team III, Human Resources Group.  The
response to such requests shall be limited to stating that Complainant "resigned effective
[date of Complainant's written resignation and reason]," and verifying the dates of
employment, Complainant's salary, GS-level, title, and performance ratings contained in
Complainant's Employee Performance Folder (EPF).

3.  The Department agrees to pay Complainant a lump sum of $90,000 (Ninety Thousand
Dollars), by means of a check made payable to Complainant and her representative.

4.  The Department agrees to grant Complainant a Within-Grade Increase (WGI), and
back pay arising therefrom, to the GS-7, Step 7 level, effective August 30, 1998.

5.  The Department agrees to provide Complainant a rating of "Pass" for the 1998-99
General Performance Appraisal System (GPAS) rating year.

6.  Complainant agrees that she will not apply for or accept any position at the
Department at any time after the effective date of this Agreement, and understands that
any pending or future applications for employment at the Department will not be
considered.

7.  Complainant understands and agrees that her signature on this fully executed
Agreement constitutes her withdrawal and dismissal, with prejudice, of her pending EEO
complaints, identified as Agency Nos. ED-9736000, ED-9917000, ED-9920000, ED-
9936000, and any other complaints, grievances, or appeals relating to Complainant's
employment at the Department that may be pending at the time she signs this Agreement.

8.  The terms and payments specified in this Agreement constitute full and final
disposition and settlement of, and fully relieve and release the Department from liability
for, any and all matters concerning Complainant's employment at the Department,
including, but not limited to, all claims and issues relating to the Proposal to Remove
Complainant and to Complainant's EEO complaints identified above.  Complainant and
her representative agree that they will not seek any further relief, including, but not
limited to, back pay, interest, compensatory damages, or attorney's fees, in any forum,
and that the Department shall not be liable for any other relief in any form whatsoever as
a result of any claims and issues relating to Complainant's employment at the
Department, including those resolved by this Agreement.

9.  Complainant waives, abandons, releases, and discharges the Department and the
United States of America and its agencies and instrumentalities, officers, agents, and

A 2

3

employees, in their official and individual capacities, from each, any and all claims and/or causes of action whatsoever, in law or in equity, which Complainant now has or may hereafter acquire, arising from or out of her employment at the Department. Complainant agrees not to bring any further legal action in any forum (including, but not limited to, arbitration proceedings) against the Department, or its current or former employees, agents, or representatives, with respect to any and all claims resolved by this Agreement or otherwise arising from her employment at the Department.

10. This Agreement has been entered into in good faith by the parties to avoid unnecessary litigation and to encourage fair and speedy resolution of the issues. The parties jointly and expressly stipulate and agree that their entering into this Agreement does not and shall not constitute, nor may it be construed as, any admission by the United States, the Department, and its representatives and employees of (a) liability, fault, or wrongdoing; and/or (b) any of the factual allegations asserted by Complainant in the above-captioned EEO complaint or any other matters resolved by this Agreement; and/or (c) any violation of any law, regulation, or Constitutional right.

11. The parties agree that the Department's official records of this matter will be maintained in accordance with applicable U.S. Government and Departmental records retention and disposition schedules. Official records of this matter may include, but are not limited to, any files on this matter maintained by the Department's Office of Inspector General, the adverse action files maintained in the Department's Employee Relations Group, the complaint files maintained by the Department's Equal Employment Opportunity Group, and litigation files maintained in the Office of the General Counsel. All such files will reflect the disposition of this case through settlement. The parties agree and understand that this Agreement in no way restricts or inhibits the Department from releasing any information from such records, or the records themselves, where such release is legally required or allowed for Governmental purposes, is required by subpoena or court papers in the nature of subpoenas, is in response to requests of Congress and/or Governmental investigative agencies, such as an Office of Inspector General or the Office of Personnel Management, or is in response to requests of other Governmental agencies, or persons/entities who have the delegated authority, for purposes of conducting any type of security, suitability, or background inquiry relating to Complainant.

12. This Agreement shall not serve as a precedent for resolving any other complaints, grievances, or appeals, which have been or may be filed by the Complainant or any other person.

13. The parties acknowledge and agree that they have had the opportunity to seek the advice of counsel; that they have had a reasonable period of time to consider this Agreement; that they have read and completely understand all aspects of this Agreement; and that they sign this Agreement voluntarily and with full knowledge of its terms and conditions.

A3

4

14. The parties acknowledge that this Agreement is the entire understanding and agreement of the parties; that no representations or inducements to resolve these matters have been made other than those recited therein; and that there are no binding promises or agreements concerning these matters which are not contained therein.

15. The parties agree that this Agreement may be used as evidence in any subsequent proceeding in which either of the parties claims a breach of the Agreement. If the Complainant believes that the Department has failed to comply with the terms of this Agreement, she must notify the Department's EEO Director in writing within thirty (30) calendar days of the date Complainant knew or should have known of the alleged noncompliance. The claim will be processed as set forth in 29 C.F.R. 1614.504 and may result in: compliance by the Department; rejection of the claim; an EEOC order that the Department comply with the Agreement; or reinstatement of the above-captioned EEO complaint for further processing from the point processing ceased under the terms of this Agreement. Complainant understands and agrees that, in the event her complaint is reinstated under this paragraph, she will be responsible for the return of all benefits, including, but not limited to, attorney's fees, that she has obtained under this Agreement up to the time that her complaint is reinstated. In the case of rejection by the Department, the Complainant may appeal, within 30 days, to the EEOC for a determination as to whether the Department has complied with the terms of this Agreement.

16. The parties and their respective representatives, having the opportunity to read the above provisions of this Agreement, acknowledge their full understanding and acceptance of the terms and conditions of the Agreement by affixing their respective signatures below:

FOR THE COMPLAINANT:

_Frances L. Greenleo_                    _11/30/99_
Frances L. Greenhill                      Date
Complainant

_John J. McBurney_                       _11/30/99_
John J. McBurney, Esquire                 Date
Complainant's Representative

A 4

/09/00  WED 10:40 FAX 202 401 95    OGC                                    ☑006

5

**FOR THE AGENCY:**

_____          _____
Michael Cohen                            Date   12/2/99
Assistant Secretary
Office of Elementary and
    Secondary Education


_____          _____
Willie Gilmore                           Date   12-8-99
Director
Office of Management


_____          _____
James R. White                           Date   12/6/99
Director
Equal Employment Opportunity
    Group


_____          _____
Daria M. Stec, Esquire                   Date   12/8/99
Agency Representative


**A5**

**U.S Department of Justice**                     **Inquiry Regarding Suitability of Applicant**

_Francis Greenhill_                     _May 20, 2002_
    (Applicant's Name)                     Today's Date

NAME OF INDIVIDUAL QUESTIONED: _Mary Brayboy_
RELATIONSHIP TO APPLICANT:  ☐ Employer    ■ Supervisor
                        ☐ Co-worker    ☐ Personal Associate

YEARS OF RELATION TO APPLICANT:  From: _1998_  To: _1999_
1. To your knowledge, is this person reliable, honest, trustworthy and of good character?
____yes      ____no (If not, explain) _____

2. Do you have any reason to question this person's loyalty to the United States?
____yes     ____no (If yes, explain) _____


3. Do you know of anything questionable in the applicant's background?
____yes     ____no (If yes, explain) _____

4. Would you recommend this person for a position of trust in the U.S. Government?
____yes     ____no (If yes, explain) _____


5. Please  furnish any other information you may wish to offer. _____

_____
_____


(FOR EMPLOYER OR SUPERVISOR ONLY)
6. Reason applicant left( or is leaving) this  position? _____

7. Is this person eligible for rehire? ___ yes ___ _x_ ___ no(If no explain) _____

   Because her performance was not at the level it should have been. There were a lot of confrontations with this
employee. The situation is very complex Ms. Greenhill had made an agreement with the Dept. of Education not to
apply for another Federal Job. There is not any paper work on that; but I do know that she did sign something saying
that she would not apply for any federal Job. If her name was on a cert and I had an opportunity to choose her again
I would not choose her.
8. To your knowledge, has this person ever been fired from any job for any reason, or quit after being notified that
he/she would be fired? _x_ yes ____ no ( If yes, explain) _She was fired from the Dept. of Education._


                        Inquiry conducted by: _Nichole Covington_


Ms. Brayboy did not feel comfortable  answering questions 1 - 6



## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

**1. Appellant's name (Last, First, Middle): (Please Print or Type)**

Greenhill Frances Louise

**2. Home/mailing address:**

1900 Ritchie Road
District Heights MD 20747

**3. Name and address of attorney or other representative, if any:**

Gary T. Brown, 320 Maryland Ave, NE Washington DC. 20002

**4. Appellant's daytime telephone number (incl. area code):**
240-353-0872/301-736-6764

**5. Representative's telephone number (if applicable):**
202-393-4900

**6. Has the appellant filed a formal complaint with his/her agency?**

☐ No    ☒ Yes - indicate the Agency's complaint number: 2004-29-00

**7. Name of the agency being charged with discrimination:**

US Dept of Education

**8. Location of the duty station or local facility in which the complaint arose:** 400 Maryland Ave NW, Wash DC.

**9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?**

☒ YES (Indicate the date the appellant RECEIVED it 8-23-04 and ATTACH A COPY.)

FEDEX

☐ NO

☒ This appeal alleges a breach of a settlement agreement.

**10. Has a complaint been filed on this same matter with this Commission, another agency, or through any other administrative or collective bargaining procedure?**

☐ NO    ☒ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

**11. Has a civil action (lawsuit) been filed in connection with this complaint?**

☐ NO    ☐ YES (ATTACH A COPY OF THE CIVIL ACTION FILED)

**12. Signature of appellant or appellant's representative**

Frances L Greenhill

**13. Date:**
8/24/04

**NOTICE:** Before mailing this appeal, be sure to **attach a copy of the final decision** from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. PRIVACY ACT STATEMENT ON REVERSE SIDE.

FOR EEOC USE ONLY.    A7    OFO DOCKET NUMBER:



# UNITED STATES DEPARTMENT OF EDUCATION

WASHINGTON, D.C, 20202- _____

AUG 1 7 2004

Frances L. Greenhill
1900 Richie Road
District Heights, MD 20747

In the Complaint of:
Frances L. Greenhill and
Roderick R. Page, Secretary
U.S. Department of Education
RE: ED-Case Number 2004-29-00

Dear Ms. Greenhill:

We are rescinding our letter dated July 1, 2004, in which we mistakenly accepted a complaint of discrimination against the U.S. Department of Education (Department) based upon your July 30, 2003, letter notifying the EEO Director of the Department of an alleged breach of the November 30, 1999, settlement agreement (Settlement Agreement) between yourself and the Department. The Department mischaracterized your July 30, 2003 letter as a formal complaint of discrimination requiring processing under 29 CFR §1614.106 (Individual complaints). However, your July 30, 2003, letter does not set forth a separate complaint and therefore, will not be processed as outlined in 29 CFR §1614.106.

Assuming, for the sake of argument, that your letter alleged a separate complaint of discrimination, the Department would dismiss the complaint as untimely pursuant to 29 CFR §1614.107(a)(2) based upon your failure to pursue the matter within the applicable time limits.

As stated in our letter dated July 1, 2004, the Equal Employment Opportunity Commission's (EEOC) regulations at 29 CFR §1614.504(a) provide as follows:

(a)    . . . If the complainant believes that the agency failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

The Department acknowledges that your letter dated July 30, 2003, provided written notification to the EEO Director of an alleged breach of the Settlement Agreement and included a letter dated June 21, 2002 from the U.S. Justice Department withdrawing a tentative offer of employment as a GS-5 Secretary.



Page 2 – Frances L. Greenhill, ED 2004-29-00

Further, you indicated that the withdrawal of employment by the U.S. Justice Department is the result of the alleged breach of the Settlement agreement. However, your July 30, 2003, notification is untimely in that you knew or should have known of the alleged noncompliance on or about June 21, 2002, and as such, were required to notify the EEO Director within 30 days of that date. Specifically, your notification to the EEO Director was sent over one year following the date of the alleged noncompliance.

In addition, upon further review of your July 30, 2003, letter, I have determined that the reasons which you have provided for failing to notify the EEO Director within the prescribed time limits do not warrant waiver of the prescribed time limits as permitted by 29 CFR §§614.604(c). Based upon the above, the Department will not seek resolution of this matter.

## APPEAL RIGHTS

The Complainant has the right to appeal this decision to the Equal Employment Opportunity Commission within 30 calendar days of receipt. 29 CFR § 1614.40 (a) and (b). If an appeal is filed, please use the Equal Employment Opportunity Commission Form 573, Notice of Appeal/Petition, and indicate what is being appealed, including the assigned Department of Education case number.

An appeal must be filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission (FAX number [202] 663-7022). Personal delivery is to be made to the Office of the Director, Office of Federal Operations, Equal Employment Opportunity Commission, 1801 L Street, NW, Washington, DC. See 29 C.F.R. §1614.403(a).

As a part of the appeal requirements, a copy of the appeal must be furnished to James R. White, Director, Equal Employment Opportunity Group, U.S. Department of Education, FOB 6, Room 2W228, 400 Maryland Avenue, SW, Washington, DC 20202. See 29 CFR §1614.403(b). A copy of the appeal may also be hand delivered to that address or sent by facsimile (FAX number [202] 205-5760). See 29 CFR §1614.403(d).

Any statement or brief in support of the appeal must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, and to the designated agency representative, William Haubert, Office of the General Counsel, U.S. Department of Education, FOB 6, Room 6C106, Maryland Avenue, SW, Washington, DC 20202, within 30 days of filing the appeal. A copy of the statement or brief may be sent by facsimile (FAX number [202] 402-5391. See 29 CFR §1614.403(d).

Page 3 – Frances L. Greenhill, ED 2004-29-00

The Complainant has the right to file a civil action in the appropriate United States District Court within 90 calendar days of receipt of this final decision if an appeal is not filed with the Equal Employment Opportunity Commission. If this decision is appealed to the Equal Employment Opportunity Commission, a civil action may be filed in the appropriate United States District Court within 90 days of receipt of the Equal Employment Opportunity Commission's final decision on appeal, or after 180 days from the date of filing an appeal with the Equal Employment Opportunity Commission, if there has been no final decision by the Equal Employment Opportunity Commission. See 29 CFR § 1614.408.

If a civil action is filed, the Complainant may request the court to appoint a lawyer to represent him/her if he/she does not have a lawyer, or is unable to obtain the services of one. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without payment of fees, costs, or security. Any such request must be made within the above-referenced time limit for filing suit and in such form and manner as the court may require.

Notification is given that a civil action is filed, the name and title of the U.S. Department of Education agency head (Roderick R. Page, Secretary, U.S. Department of Education) must be cited as the defendant. Failure to do so may result in the lost of any judicial redress to which the Complainant may be entitled.

If represented by an attorney, the date of receipt of this decision or any other official correspondence for the purpose of computing timeframes is the date on which the attorney-representative receives the correspondence. It is not the date on which the Complainant receives a copy of the correspondence. See 29 CFR § 1614.402(b).


James R. White
Director
Equal Employment Opportunity Group


Enclosure
EEOC Form 573

July 11, 2004

Mr. James R. White
Director, EEO
U.S. Department of Education
400 Maryland Avenue, SW, Room 2W228
Washington, DC 20202-4550

Dear Mr White:

This is in response to your letter dated July 1, 2004. The issues that I am addressing in
this case are as follows- 1) Breach of Settlement Agreement, 2) Hardship, 3)
Accommodations for disability Bipolar, and 4) Remedies for Resolution.

1) **Breach of Settlement Agreement**. Ms. Mary Brayboy, Team Leader, Office of
   Indian Education, stated in an interview that was conducted by someone from the
   U.S. Department of Justice (DOJ) that I was terminated from the Department of
   Education(DOE). Therefore, the job that I had applied for from DOJ and was
   awaiting a due date to begin working after a final interview from DOE was denied
   because of Ms. Brayboy statement to the interviewer.

2) **Hardship**. Because of not receiving the tentative job offer with DOJ, a hardship
   existed. I had just moved into a house because as I stated, I was awaiting a due
   date for the DOJ job. I was not able to pay my debts, I had to depend on my
   Mother to absorb all of my living expenses. Such as home expenses for the
   house, utilities, car insurance, food, and my daughter's Private School. I feel that
   my Mother should be reimbursed for these expenses. At this time I was advised
   by IRS that I owed taxes from the settlement that I had received. When I received
   the settlement I was not given a Tax Form(1099) from DOE nor my Lawyer
   informing me how to proceed with paying taxes on the money that I had received
   from the settlement  I was not working therefore, this was added pressure. Also,
   there has been a negative report on my account with Averett College since I was
   not able to keep the account in good standing. This and other bills that I owed
   have destroyed my credit rating whereas I have to pay cash for everything verses
   other means of credit. I have not been able to get a Government job, therefore, I
   have been working under contracts that do not provide Health Insurance or get
   paid for leave taken when medical needs arises. This has caused me to limit my
   Doctor's visit and certain medication because of my inability to pay out of pocket.
   Doctor's appointments were crucial because of my being diagnosed as being
   Bipolar  This medical limitation added pressure and stress that caused me to
   become seriously ill at one point.

Page 2 – Mr. James R White

3) **Accommodations for Disability Bipolar**. I would like to be accommodated with special equipment for the job, if needed. Reference the Disability Act

4) **Remedies for Resolutions**. I would like the following to be resolved.
   a. I would like to be paid no less than $160,000-$210,000 Tax Exempt for Hardship and Suffering
   b. I would like to be reinstated with the Department of Education at a 9/5-11/12 position. Not to be located in the Office of Indian Education.
   c. I would like all Annual and Sick Leave restored
   d. I would like for Tax issues, both Federal and State be resolved
   e. I would like to be reinstated for the 5 years of lost service time which would currently reflect 21 years of service
   f. I would like to be restored on the Civil Service Retirement Plan
   g. I would like for my Thrift Savings Plan be reinstated
   h. I would like for my Account with Averett College be paid
   i. I would like for the Department of Education pay for the remaining of my senior classes that will allow me to graduate from college. If some classes can be taken during the day I would like to be allowed to take them.

Thank you for reviewing my concerns, and hopefully come to a conclusion so that this will be resolved in a reasonable amount of time. If you have any questions I can be reached at (240) 353-0872 (cell) or (202) 493-1328 (work).

Sincerely,

*Frances L. Greenhill*

Frances Laurie Greenhill
1900 Ritchie Road
District Heights, MD 20747



# UNITED STATES DEPARTMENT OF EDUCATION

### OFFICE OF MANAGEMENT

JUL 1 - 2004

In the Complaint of:
Frances L. Greenhill and
Roderick R. Paige, Secretary
U.S. Department of Education
RE: ED-Case Number 2004-29-00

Frances L. Greenhill
1900 Richie Road
District Heights, MD 20747

Dear Ms. Greenhill:

This letter is to inform you that your complaint of discrimination that you filed against the U.S. Department of Education on July 30, 2003 has been accepted for formal processing. The complaint alleges a breach of settlement agreement.

Under Equal Employment Opportunity Commission Regulation 29 C.F.R. 1614.504(a) a complainant is supposed to notify the EEO Director, in writing, of the alleged noncompliance of a settlement agreement within 30 days of when the complainant knew or should have known of the alleged noncompliance. Your letter alleging a breach is dated July 30, 2003. Included in the information you submitted is a June 21, 2002 letter from the Department of Justice withdrawing a tentative offer of employment as a GS-5 Secretary.

In your letter you also provided reasons why you did not meet the 30-day time frame for notifying the Director of EEO of the alleged Breach.

29 C.F.R. 1614.504(c) states that the time limits are subject to waiver, estoppel and equitable tolling. This provision is invoked and your allegation of breach of contract is accepted for processing.

The following issue(s) will be investigated:

1. Whether the Department breached the November 30, 1999 settlement agreement when employment references were not referred to the Leader, Headquarters Customer Service Team III, Human resources Group.

2. Whether the Department breached the November 30, 1999 settlement agreement when it provided references that were not limited to stating the effective date of Complainant's resignation, verifying the dates of

400 MARYLAND AVE., S.W., WASHINGTON, DC 20202-4500
www.ed.gov

Our mission is to ensure equal access to education and to promote educational excellence throughout the nation.



Page 2 –Frances L. Greenhill (Letter of Investigation Number ED Case Number-2004-29-00)

employment, Complainant's salary, GS level, title, and performance ratings contained in Complainant's Employee Performance Folder (EPF).

3.   Whether the Department breached the November 30, 1999 settlement agreement when documents related to the denial of a within-grade increase and corresponding negative responses were not removed from Complainant's Official Personnel Folder (OPF).

Because of the unique nature of this action it is appropriate to inform you of particular applicable EEOC provisions.  Under EEOC regulation 29 C.F.R. 1614.504.(a) a complainant may request that the terms of a settlement agreement be specifically implemented or that the complaint be reinstated for further processing from the point processing ceased.  In your July 30, 2003 letter you stated, "I would like to continue pursuing the case".  We interpret this to mean that you are asking that your complaint be reinstated and processed from the point at which processing ceased.  If your complaint is reinstated, EEOC regulations require that both parties return to the position they were in prior to the agreement.  This means that you would need to return any benefits you received as a result of the settlement agreement.  O'Farrell v. U.S. Postal Service, EEOC Petition No. 0490001 February 28, 1992.

If, however, your statement means that you are asking that the terms of your settlement agreement be specifically implemented, then those benefits you received would not need to be returned.

Please be aware of the fact that these two options are remedies that would apply if there were a determination that a breach of the contract had occurred.  This determination has not been made at this time.  Please inform us of your choice of remedy in the event that a breach is found.

The investigation will focus only on the issue identified above and a complete and impartial record will be developed.  The investigation will (1) gather facts upon which to base a determination as to whether there has been any violation of the laws enforced by the Equal Employment Opportunity Commission (EEOC)[1] and (2) provide a sufficient factual basis to make such a decision.

[1] The EEOC enforces: (1) Section 717 of Title VII of the Civil Rights Act of 1964, as amended: 2) Sections 501 and 505 of the Rehabilitation Act of 1973; as amended; 3) Section 15 of the Age Discrimination in Employment Act of 1967, as amended, and 4) the Equal Pay Act, Section 6(d) of the Fair Labor Standards Act of 1938, as amended.

Go to this website - Bernie Dutch (Title IV)

A 12

Page 3 –Frances L. Greenhill (Letter of Investigation Number ED Case Number-2004-29-00).

The scope of the investigation will include gathering information on the actual incidents, reviewing circumstances surrounding the alleged discriminatory act and gathering any other information necessary to develop a complete and impartial factual record. The agency may use an exchange of letters or memoranda, interrogatories, a fact-finding conference, or any other method that adequately addresses the issue being investigated.

The investigator assigned to investigate your complaint of discrimination will contact you and request your response to interrogatories that are pertinent to the issue you have raised. Please be advised that you have fifteen (15) days from the date you receive the interrogatories to submit your response to the investigator. If your response is not presented or post marked within the established time frame, your complaint may be dismissed in accordance with the EEOC's Regulation at 29 CFR §1614.107(g), unless you inform the investigator or the Equal Employment Opportunity Group of extenuating circumstances that prevented you from submitting your response within the established time frame.

You may contact us at any time during the process if you have questions or need information. However, if you have a question regarding the issue or disagree with the issue as stated, please contact me or Betty Morton, the Equal Employment Specialist assigned to the case, within five (5) calendar days of your receipt of this letter. We can be reached at (202) 401-3560.

Sincerely,

Robert P. Kupelich, for

James R. White
Director
Equal Employment Opportunity Group

**A 13**

7/30/2003

Mr. James R. White
Director, EEO
Department of Education
400 Maryland Avenue, SW, Room 2W228
Washington, DC  20202-4550

Dear Mr. White:

I Frances L.Greenhill would like to inform your agency that Ms.
Mary Brayboy Breached our settlement agreement of November
30, 1999.  After applying to the US Department of Justice, for a
GS 5 Secretary Position, and just about to receive a start date for
the position after a six month wait and sensitive background
investigation.  I did not place her name on my Resume, or
employment application she stated that, " I was fired", from the
Department", which was in error, The US Department of Justice
Security Office had me redo the paperwork for secret clearance,
and they received my OPF in which the documents which reflected
a negative response was in the file.   This situation has caused a
hardship with our family.

The decline letter stated that there are still documents in my file,
specifically a step increase denial which needs to be removed and
any negative responses from within the Department which still
needs to be checked and cleared.  I would like to continue pursuing
the case.  But due to the hardship of this case and the nature of this
case, ill health for six months upon notification that IRS requested
89% of the taxes back from the settlement, death of family
member , loss of permanent work at the Department, by being
mislead by the previous hired Attorney had me sign the resignation
under false pretence stating the Department's Lawyers were going
to reassign me to another Gov't position, and relocation from 548
Ingraham St., NE DC due to offer letter from the US Justice
Department to 1900 Ritchie Road, District Heights, MD 20747

**AH**

first purchased home from the proceeds, and divorce. Due to the stress, and suffering experienced and speaking with Ms. Cathie Hawkins, EEO Specialist and shared with her as she read the denial letter I was unable to submit this request in a timely fashion.

Sincerely,

*Frances L. Greenhill*

Frances L. Greenhill

A 15

## U.S. DEPARTMENT OF EDUCATION EEOG RECORD OF CONTACT

Notes to File:

DATES: 9/2/03 – 8/17/2004

NAME OF COMPLAINANT:    Francis Laurie Greenhill

ORGANIZATION: OESE
CASE NUMBER:    ED-2003-01-BR
Notes to the file:
Chronology of events:

On 7/30/ 03 a letter from Ms. Greenhill was received in the EEOG office, stating that Ms. Mary Bray boy has breached her settlement of November 30, 1999.

On 9/ 2/03, I received Ms. Greenhill's letter for EEO processing. A telephone call was made to her to discuss why she did not contact the EEOG as soon as the settlement was breached. She asserted that she was so upset when she was offered a position at the Department of Justice and later informed that the offer was being rescinded due to negative information in her OPF. She claims that she was very depressed for a long period of time and she had to look for another job. I requested that she submit documentation to support her allegation.

On 9/24/03 Ms. Greenhill submitted documentation to support her claims.

On 10/09/03 e-mail was sent to Joyce Boykin's requesting Ms. Greenhill's official personnel file (OPF).

On 10/10/03 an e-mail was received from Ms. Boykin's stating that this request was forwarded to Ms. Vanessa Bennaugh for processing.

On 10/16 /03 e-mail was received from Ms. Bennaugh asking for Ms. Greenhill's date of birth. The information was provided.

On 10/17/03 a letter was sent to Complainant regarding the status of her complaint. It is noted that Ms. Greenhill's request is untimely (it is over one year since this incident occurred). However, we will review her OPF to see if her file needs to be expunged.

**A16**

Notes to the file;

On 12/29/ 2003, Ms. Greenhill called the Equal Opportunity Specialist stating that she is under stress because the Department of Education failed to submit her a 1099 form or a W2 form to file with her income tax when she received the settlement for $90.000.00 for the year 2000. Ms. Greenhill stated that she did not know she was supposed to claim the settlement money as income. Ms. Greenhill was very upset because the IRS had advised her that she owes them $44.405.00 income tax because she received the settlement and did not report it. She faxed copies of her documents for her complaint file.

On 1/7/2004, Ms. Greenhill 's OPF was received and reviewed. The form 50 dated 12/17/99 shows that Ms. Greenhill submitted a resignation to pursue federal employment in another field.

On 1/8/2004 the EOS requested from Mr. David Burns, U.S. Department of Justice, Civil Division, (202-307 –0261), a copy of the inquiry regarding suitability of applicant form completed by Mary Bray boy (breach of settlement data). Mr. Burns submitted the inquiry via fax. The form is dated May 20. 2002, it clearly stated negative comments regarding Ms. Greenhill.

Ms. Greenhill stated that because of Ms. Bray boy's negative comments she was denied the opportunity to work as a GS-5 Secretary with the (Office Automation), in the Commercial Litigation Branch, Dept. of Justice. She asserts that she almost lost her home because she was hired on the conditions of successful completion of a background investigation by OPM. Ms. Greenhill claims she has not been able to get another federal job due the negative comments cited by her former supervisor Mary Bray boy.

On 2/ 11/2004, a copy of Ms. Greenhill's employment application was received from the Department of Justice.

From February 2004, to July 2004, several telephone conversations were held with Ms. Greenhill and attempts were made to resolve this matter or bring it to closure.

On July 1, 2004, the Complainant's reasons for being untimely was reconsider and the timeframe was waived for filing an appeal of the alleged breached of contract. The Complainant was issued a letter of Investigation, which was rescinded on August 17, 2004.

Bettie Morton
Bettie Morton
Equal Employment
Specialist
Equal Employment
Opportunity Group

**ALBERT R. WYNN**
4TH DISTRICT, MARYLAND

DEPUTY DEMOCRATIC WHIP

MEMBER
DEMOCRATIC CAUCUS
LEADERSHIP COUNCIL

COMMITTEE:
ENERGY AND COMMERCE

ENERGY AND AIR QUALITY

HEALTH, ENVIRONMENT AND
HAZARDOUS MATERIALS

TELECOMMUNICATIONS AND
THE INTERNET



# CONGRESS OF THE UNITED STATES
## HOUSE OF REPRESENTATIVES
WASHINGTON, DC 20515-2004

WASHINGTON OFFICE:

☐ 434 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-2004
TELEPHONE: (202) 225-8699
FAX: (202) 225-8714
Web site: http://www.house.gov/wynn/

DISTRICT OFFICE:

☐ 8200 BASIL COURT, #221
LARGO, MD 20774
TELEPHONE: (301) 773-4094
FAX: (301) 925-9694

☑ 18200 GEORGIA AVENUE, #E
OLNEY, MD 20832
TELEPHONE: (301) 926-3462
FAX: (301) 929-3466

May 20, 2003

Ms. Frances Greenhill
1900 Ritchie Road
District Heights, Maryland 20747

Dear Ms. Greenhill:

Recently, I received a reply from the Equal Employment Opportunities Commission, in response to my inquiry on your behalf. My office has apprised me on the issues related to your case, and has confirmed with the EEO that you should contact Mr. James R. White if you wish to file a breach of settlement agreement. For your information, I am enclosing a copy of that correspondence.

If I can help on any other matter in the future, please do not hesitate to contact my Olney District Office. Once again, thank you for contacting my office.

Sincerely,

Albert R. Wynn
Member of Congress

ARW:

Enclosure(s)

**A19**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

MAY – 9 2003

RECEIVED

MAY 1 9 2003

Albert R. Wynn
Olney Office

The Honorable Albert R. Wynn
Member of Congress
18200 Georgia Avenue, Suite E
Olney, Maryland 20832

Dear Congressman Wynn:

Thank you for your inquiry dated January 17, 2003, on behalf of Ms. Frances Greenhill regarding her complaint of discrimination against the Department of Education.

We contacted the Department of Education, and they informed us that on December 8, 1999, Ms. Greenhill entered into a settlement agreement with the agency. The correspondence that you have submitted to us indicates that Ms. Greenhill believes that the December 8, 1999, settlement agreement was breached by management official Mary Brayboy at the Department of Education, when Ms. Brayboy informed the Department of Justice that Ms. Greenhill was terminated from her position with the Department of Education. The correspondence further shows that Ms. Greenhill believes that she did not receive the position as a GS-5 Secretary at the Department of Justice, as a result of a breach of the settlement agreement by the Department of Education.

Where a complainant believes that an agency has failed to comply with the terms of a settlement agreement, the first step is for the complainant to notify the agency's Director of Equal Employment Opportunity, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. *See* 29 C.F.R. § 1614.504(a). If Ms. Greenhill wishes to file a notice of breach of the settlement agreement, she should contact:

James R. White
Director, EEO
Department of Education
400 Maryland Avenue, S.W., Room 2W228
Washington, D.C. 20202-4550
Telephone: (202) 401-3560

A20

ALBERT R. WYNN
4TH DISTRICT, MARYLAND

DEPUTY DEMOCRATIC WHIP

MEMBER
DEMOCRATIC CAUCUS
LEADERSHIP COUNCIL

COMMITTEE

ENERGY AND COMMERCE
——
ENERGY AND AIR QUALITY

HEALTH



WASHINGTON OFFICE

☐ 434 CANNON HOUSE OFFICE BLDG
WASHINGTON, DC 20515-2004
(202) 225-8699
Web site: http://www.house.gov/wynn

DISTRICT OFFICES

☐ 8200 BASIL COURT, #318
SPRINGDALE, MD 20774
(301) 773-4094

☐ 8601 GEORGIA AVENUE, #201
SILVER SPRING, MD 20910
(301) 588-7328

☐ 6005 OXON HILL ROAD
OXON HILL, MD 20745
(301) 839-5570

# CONGRESS OF THE UNITED STATES
## HOUSE OF REPRESENTATIVES
### WASHINGTON, DC 20515-2004

January 17, 2003

Ms. Frances Greenhill
1900 Ritchie Road
District Heights, Maryland 20747

Dear Ms. Greenhill:

    Thank you for contacting my office. This letter is to confirm that I received your correspondence regarding your previous employment difficulty with the United States Department of Education.

    I have requested that the appropriate officials within the Equal Employment Opportunities Commission review this matter. As soon as I receive a report, I will be back in touch with you. In the meantime, please be assured that my staff will make every attempt to get an immediate response.

    If you have any questions, please contact Mr. Craig Zucker in my Olney District Office at 301.929.3462. Once again, thank you for contacting my office.

Sincerely,

Albert R. Wynn
Member of Congress

ARW:cz



**Brown, Jobina**

*Springdale*
*Unit*

From:        MD04WYR
Sent:        Monday, December 16, 2002 12:33 PM
To:          Jobina Brown
Subject:     FW: Feedback Submission


>———
>From: admin@housedotgov.com[SMTP:ADMIN@HOUSEDOTGOV.COM]
>Sent: Monday, December 16, 2002 12:40:06 PM
>To:   MD04WYR
>Subject:       Feedback Submission
>Auto forwarded by a Rule
>
>
<APP>CUSTOM
<prefix>Ms.</prefix>
<FIRST>Frances</FIRST>
<LAST>Greenhill</LAST>
<ADDR1>1900 Ritchie Road</ADDR1>
<CITY>District Heights</CITY>
<STATE>MD</STATE>
<ZIP>20747</ZIP>
<EMAIL>Escalade1324</EMAIL>
<ISSUE></ISSUE>

<RSP>Y</RSP>
<MSG>Subject:
Message:
Dear Honorable Albert Wynn, I wrote you back in 1998 regarding an employee discrimination issue along with the NAACP. Sir I am a member of Nat'l Church of God and use to be a Federal worker. I do recall an article you wrote regarding how many who fight discrimination suits are fired or let go from their positions and yes this did happen to me. I use to work with the US Dept. of Education. My attorney stated that if I sign a resignation letter I would be placed in another position within the Government and I understood that him and the Dept. had negotiated this but to my surprise there was no other position for me and on 11-30-99 I resigned thinking I would not loose my Federal benefits but after 16 years of service and receiving many outstanding awards for hard work I was ousted for being a whistleblower. I feel discrimination destoyed my family life, my job, and livelihood. Iam trying desperately to pickup the pieces but without health benefits I recently found out that I m!
ay have cancer and no where else to turn I asked dept of social services and they informed that I have to get 4,800 worth of medical expenses to get assistance. What's going on I feel as if I am swelling in my body with a possibility of having cancer and I cant afford to care for myself and children who have given to me from God Ialways wanted to be a mother and wife. Also in 2000 my father stepped into Glory, and I was divorced with joint custody of my daughter and my son is suffering with ADHD where do I go from here? I have been seeking employment and no possibilites as of yet I have a strong determination but I am getting weak in fear of not surviving my present health situation. But I know God has not given me a spirit of fear but power love and a sound mind. I was just about hired with the US Dept. of Justice and because of filing out a form and placing my previous supervisor name on it I lost the position it was a GS-5 Secretary position I was selected but I had t!
o wait for the background waiver and Ms. Mary Brayboy at the Dept. of Education stated I was fired and I was not fired and I relocated in April to District Heights just knowing I had the job and could have been reinstated but because of her she has ruined my life and I was just being honest and I did not know she wasn't informed that a settlement was given to me and my name was cleared the Dept. gave me $90,000 and my attorney received 30,000 and with all the education and family debt and trying to keep my daughter in school 45,000 now the US Dept. of Education did not give me a 1099 form once the settlement was received and IRS is wanting me to pay $45,000 in which is used a large portion to payoff debts from the case and school loans, and presently unemployed I just have to give this situation to God. I may appeal with the Merit Protection Board but due to my present health issue I'm falling apart.
Where do I go from Here?

</MSG>
</APP>

RECEIVED
JAN 0 7 2003
Albert R. Wynn
Springdale Office


A23



U.S. Department of Justice

Civil Division

_Washington, D.C. 20530_

June 21, 2002

Ms. Frances L. Greenhill
1900 Ritchie Road
District Heights, MD 20747

Dear Ms. Greenhill:

This is notice that we are withdrawing our tentative offer of employment with the Civil Division as a GS-5 Secretary (Office Automation) in the Commercial Litigation Branch.

One of the conditions of employment with the Civil Division is the successful completion of a background investigation by the Office of Personnel Management (OPM). Prior to initiating an investigation by the OPM, members of my staff reviewed your employment and security forms and obtained references from your previous employers.

Because of shortages in the secretarial field, we attempt to obtain a waiver from the Department's Office of Security which would enable us to bring a candidate on board while OPM's background investigation is ongoing. Requesting a waiver would require positive references and an absence of negative information on your security forms and employment records.

As you know, the Civil Division received a reference response from the Department of Education (DOE) which raised questions concerning your prior employment. In addition, your official personnel folder (OPF) was received from the National Personnel Records Center, and it contains information that suggests a within-grade increase may have been initially denied during your service with DOE. Because these issues have surfaced, we are unable to request a waiver to bring you on board prior to OPM's completion of your background investigation, a process that could take several months.

A24

-2-

Because of our critical need to fill this secretarial position as quickly as possible, I have determined that it is in the best interests of the Civil Division to remove your name from further consideration for this position.

We appreciate your interest in employment with the Civil Division.

Sincerely,

Penelope S. Roberts

Penelope S. Roberts
Chief
Personnel Management Branch

5/13/2005

Note to the file.

Daria Stec intentionally attempted to leave out the letter from the file she mailed to my home, without the faxed response which was faxed to Betty Morton EEO Specialist after receiving the faxed acceptance complaint letter dated July 1, 2004 received 7-7-04 and timely replied to on July 11, 2004. *I faxed it from the Office of Safety Investigators office*

Respectfully,

*Frances L. Greenhill*
Frances L. Greenhill
1900 Ritchie Road
District Heights, MD 20747

July 11, 2004

Mr. James R. White
Director, EEO
U.S. Department of Education
400 Maryland Avenue, SW, Room 2W228
Washington, DC 20202-4550

Dear Mr White:

This is in response to your letter dated July 1, 2004. The issues that I am addressing in this case are as follows 1) Breach of Settlement Agreement, 2) Hardship, 3) Accommodations for disability Bipolar, and 4) Remedies for Resolution.

1) **Breach of Settlement Agreement**. Ms. Mary Brayboy, Team Leader, Office of Indian Education, stated in an interview that was conducted by someone from the U.S. Department of Justice (DOJ) that I was terminated from the Department of Education(DOE). Therefore, the job that I had applied for from DOJ and was awaiting a due date to begin working after a final interview from DOE was denied because of Ms. Brayboy statement to the interviewer.

2) **Hardship**. Because of not receiving the tentative job offer with DOJ, a hardship existed. I had just moved into a house because as I stated, I was awaiting a due date for the DOJ job. I was not able to pay my debts, I had to depend on my Mother to absorb all of my living expenses. Such as home expenses for the house, utilities, car insurance, food, and my daughter's Private School. I feel that my Mother should be reimbursed for these expenses. At this time I was advised by IRS that I owed taxes from the settlement that I had received. When I received the settlement I was not given a Tax Form(1099) from DOE nor my Lawyer informing me how to proceed with paying taxes on the money that I had received from the settlement I was not working therefore, this was added pressure. Also, there has been a negative report on my account with Averett College since I was not able to keep the account in good standing. This and other bills that I owed have destroyed my credit rating whereas I have to pay cash for everything verses other means of credit. I have not been able to get a Government job, therefore, I have been working under contracts that do not provide Health Insurance or get paid for leave taken when medical needs arises. This has caused me to limit my Doctor's visit and certain medication because of my inability to pay out of pocket. Doctor's appointments were crucial because of my being diagnosed as being Bipolar This medical limitation added pressure and stress that caused me to become seriously ill at one point.

Page 2 – Mr. James R. White

3) **Accommodations for Disability Bipolar**. I would like to be accommodated with special equipment for the job, if needed. Reference the Disability Act

4). **Remedies for Resolutions**  I would like the following to be resolved:
   a. I would like to be paid no less than $160,000-$210,000 Tax Exempt for Hardship and Suffering
   b. I would like to be reinstated with the Department of Education at a 9/5-11/12 position. Not to be located in the Office of Indian Education.
   c. I would like all Annual and Sick Leave restored
   d. I would like for Tax issues, both Federal and State be resolved
   e. I would like to be reinstated for the 5 years of lost service time which would currently reflect 21 years of service
   f. I would like to be restored on the Civil Service Retirement Plan
   g. I would like for my Thrift Savings Plan be reinstated
   h. I would like for my Account with Averett College be paid
   i. I would like for the Department of Education pay for the remaining of my senior classes that will allow me to graduate from college. If some classes can be taken during the day I would like to be allowed to take them.

Thank you for reviewing my concerns, and hopefully come to a conclusion so that this will be resolved in a reasonable amount of time. If you have any questions I can be reached at (240) 353-0872 (cell) or (202) 493-1328 (work).

Sincerely,

Frances Laurie Greenhill
1900 Ritchie Road
District Heights, MD  20747

**TABLE OF CONTENTS**
**FRANCES L. GREENHILL**
**ED-2004-29-00BR**

Tab  1    Notice of Appeal

Tab  2    Rescind Letter/ Final Action

Tab  3    Federal Express Tracking Form



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

US DEPT OF EDUCATION

PM 4 42

08/25/04

EEO

Education, Dept of
Dir., EEO
400 Maryland Av SW  Rm.2W228
Washington, DC  20202-4550

RE: Frances L Greenhill
    Docket # : 01A45669
    Assoc #  :
    Agency #1: 20042900
    Agency #2:
    Agency #3:
    Filed    : 082304

Dear Sir/Madam:

This is to acknowledge that the above referenced appeal has been received
on the date indicated.  The agency must submit the complaint file, along
with any related or consolidated complaint files, to the Office of Federal
Operations WITHIN 30 DAYS OF INITIAL NOTIFICATION THAT THE COMPLAINANT HAS
FILED AN APPEAL.  See 29 C.F.R.1614.403(e).

In addition, any related material developed subsequent to the initial
submission of the complaint file, i.e., attorney fees, supplemental invest-
igation, etc. must be forwarded upon notification of any related appeal.
The agency must ensure that all materials submitted to the Commission have
also been provided to the complainant.  Enclosed is an "Agency Checklist"
for your use in identifying records to submit in your agency file.

IF THE COMPLAINT FILE IS NOT SUBMITTED TO THIS OFFICE WITHIN THE TIME FRAME
SET FORTH ABOVE, THE COMMISSION MAY TAKE APPROPRIATE ACTION, INCLUDING
DRAWING AN INFERENCE ADVERSE TO THE AGENCY IN ALL MATTERS WHERE THE EVIDENCE
IS NOT AVAILABLE TO THE COMMISSION.  THIS COULD RESULT IN A DECISION
UNFAVORABLE TO THE AGENCY.

The agency must submit the complaint file within the time frame specified
above regardless of whether or not the complainant has timely provided the
agency a copy of any supporting statement or brief, and regardless of
whether or not the agency's comments or brief relative to the appeal itself
are completed.

Any agency statement or brief in opposition to an appeal must be submitted
to the Commission and served on the complainant within 30 days of receipt
of the statement or brief supporting the appeal.  If no statement or brief
supporting the appeal is filed, the statement or brief in opposition to the
appeal must be filed within 60 days of the receipt of the appeal.  See
29 C.F.R.1614.403(f).  The Commission will accept statements or briefs in
opposition to an appeal by facsimile transmission (Fax number 202-663-7022)
provided they are no more than (10) pages long.



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

The agency should reference the above docket number(s) in all submissions and correspondence to the Commission.

Sincerely,

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

Enclosure

CERTIFICATE OF SERVICE

I certify that the Notification of Appeal/Request for Complaint File was sent by regular mail this day to the agency.

Equal Opportunity Assistant:

Date:

SEP 0 2 2004

(2)



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

AGENCY CHECKLIST
-----------------

OFO Docket #: 01A45669 Agency #: 20042900        Hearing #1:
                                                 IMS #

The checklist below is provided for your convenience, and to assist us in
ensuring that the documents you send us are complete and properly associated
with the correct case file. We would appreciate it if you would use this
checklist when you submit your complaint file. Please check off all items
where applicable.

NA EEO Counselor's Report (Back Ground Notes to files)
N/A Notice of Final Interview
X Formal Complaint
X Notice of Agency Acknowledgement of Complaint
___ Partial Dismissal Letter/Supporting Documentation
N/A Investigative Report and File(s) (for all complaints noted above)

X Settlement Agreement
X Request to reinstate complaint/specific performance for Settlement Breach

N/A Hearing Request/Rights/Evidence of receipt of hearing rights
X ALL DOCUMENTATION SUBMITTED BY THE PARTIES TO THE AJ
    (Including, but not limited to: All discovery related requests, responses
    motions, oppositions, exhibits, and all summary judgement related
    pleadings and documents)
N/A ALL NOTICES, RULINGS, AND ORDERS ISSUED BY THE AJ
    (Including, but not limited to: Acknowledgement orders, Discovery Rulings
    Notice of Summary Judgement, Summary Judgement Rulings, Sanction Ruling)

N/A Hearing Transcript(s) **all volumes of multiple transcripts**
N/A Hearing Exhibits **all exhibits offered at the hearing**
___ AJ's Findings and Conclusions/Proof of date of agency receipt
X Final Agency Action/Decision
X Evidence of receipt/mailing of the Final Action/Decision

N/A Compensatory Damages Documentation/Decision
N/A Attorney's Fees Petition/Decision
N/A Complete Grievance File (If an appeal from a grievance decision is
    involved)


**Please check with Agency Legal Unit for any missing documents

                                                 REVISED 06/03



23-04 09:53p        nces Littlejohn        1-736-6764        p.1



## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

**1. Appellant's name (Last, First, Middle): [Please Print or Type]**
Greenhill Frances henine

**2. Home/mailing address:**
1900 Ritchie Road
District Heights MD 20747

**3. Name and address of attorney or other representative, if any:**
Gary T. Brown, 320 Maryland ave, NE Washington DC. 20002

**4. Appellant's daytime telephone number (incl. area code):**
240 353 0872 / 301-736-6764

**5. Representative's telephone number (if applicable):**
202-393-4900

**6. Has the appellant filed a formal complaint with his/her agency?**
☐ No    ☒ Yes - indicate the Agency's complaint number: 2004-29-00

**7. Name of the agency being charged with discrimination:**
US Dept of Education

**8. Location of the duty station or local facility in which the complaint arose:** 400 Maryland Ave NW, Wash DC

**9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?**
☒ YES (Indicate the date the appellant RECEIVED it 8-23-04, and ATTACH A COPY.)
  FEDEX
☐ NO
☒ This appeal alleges a breach of a settlement agreement.

**10. Has a complaint been filed on this same matter with this Commission, another agency, or through any other administrative or collective bargaining procedure?**
☐ NO    ☒ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

**11. Has a civil action (lawsuit) been filed in connection with this complaint?**
☐ NO    ☐ YES (ATTACH A COPY OF THE CIVIL ACTION FILED)

**12. Signature of appellant or appellant's representative**
Frances L Greenhill

**13. Date:**
8/24/04

**NOTICE:** Before mailing this appeal, be sure to attach a copy of the final decision from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. PRIVACY ACT STATEMENT ON REVERSE SIDE.

LOYMENT OPPORTUNITY COMMISSION
ICE OF FEDERAL OPERATIONS
    P.O. BOX 19848
    WASHINGTON, D.C. 20036

    **OFFICIAL BUSINESS**
    Penalty for private use $300



WASHINGTON
SEP 02 04

U.S. OFFICIAL MAIL
PENALTY
FOR
PRIVATE
USE $300
PB★ ★METER
7251969    U.S. POSTAGE
$ 0.37

# Fax

To: James White
From: Frances L. Green

Fax: 202-205-5760
Pages: 3

Phone: ~~2021~~ 0000730000
Date: 8/26/04

Re:
CC:

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● Comments:

received
8/26/04

**NOTICE OF APPEAL/PETITION**

## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### OFFICE OF FEDERAL OPERATIONS

1. Appellant's name (Last, First, Middle): [Please Print or Type]

Greenhill Frances Lenneu

2. Home/mailing address:

1900 Ritchie Road
District Heights MD 20747

3. Name and address of attorney or other representative, if any:

Gary T. Brown, 320 Maryland Ave, NE Washington DC. 20002

4. Appellant's daytime telephone number (incl. area code): 240 353 0872/301-736 6764

5. Representative's telephone number (if applicable): 202-393-4900

6. Has the appellant filed a formal complaint with his/her agency?

☐ No    ☑ Yes - indicate the Agency's complaint number: 5084-29-00

7. Name of the agency being charged with discrimination:

US Dept of Education

8. Location of the duty station or local facility in which the complaint arose: 400 Maryland Ave NW, Wash DC

9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?

☑ YES (Indicate the date the appellant RECEIVED it 8-23-04, and ATTACH A COPY.)   FEDEX

☐ NO

☑ This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, another agency, or through any other administrative or collective bargaining procedure?

☐ NO   ☑ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?

☐ NO   ☐ YES (ATTACH A COPY OF THE CIVIL ACTION FILED)

12. Signature of appellant or appellant's representative

Frances L Greenhill

13. Date:

8/24/04

**NOTICE:** Before mailing this appeal, be sure to **attach a copy of the final decision** from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. **PRIVACY ACT STATEMENT ON REVERSE SIDE.**

FOR EEOC USE ONLY:    OFO DOCKET NUMBER:

8/13/2004

Ms. Lisa Fisher
Acting Director of Communications
And Legislative Affairs
U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

Dear Ms. Fisher,

This letter is to request an appeal and in response to a conference call held on July 7, 2004, and in response to a letter faxed on July 7, 2004. The first item for discussion is the conference call as Ms. Betty Morton, EEO Specialist, and Mr. Robert Kilpatrick, EEO Specialist had a discussion about the remedies to bring closure to the EEO Case Number 2004-29-00 and to inform me that the acknowledged breached complaint was accepted for processing, which cross referenced to case number ED 9736000, (1)ED 9917000  2)ED 9920000 3) 9936000 and (4) December 8, 1998 Proposal to Remove which was breached and acknowledged by my Congressman Albert Wynn of which whom assisted during a very trying time and we were truly grateful for the assistance.

As of to date I furnished the Department with Remedies Letter dated July 11, 2004, to confirm the questions that were asked of me during the conference call. Specifically were the following:

1). I was asked "what can we do to bring closure and forget this entire case", remedies where mentioned such as $50,000.00 from Mr. Kilpatrick, and Betty Morton stated $100,000.00 tax exempt. Mr. Kilpatrick stated what if we give you a GS 9-5, as well as restore the 5 years, without mention of title and assistance to continue your last year of education.

2). I informed them both that I was a Senior with Averett University as well as the reason for going back to College was because the US Dept. of Education assisted me with all job related courses previously. Mr. Kilpatrick asked me if I wanted to return back to Office of Indian Education and because he stated we do not want you to go back there because to eliminate anymore complaints I only agreed to it if they would definitely locate another position in the Department for me, but if having to choose from being a contractor without health benefits with annual and sick leave benefits I informed them both that I want to return. There were discussion about what others may feel and maybe I would be subjected to retaliation. This is not a concern of mine as this was also an item of discussion.

3). I Realized we were having a discussion of remedies and so before the conversation could continue I informed them both that I would furnish the remedies in writing, after I received the fax the reply met the15 days deadline, the remedies were furnished and verbally discussed, typed and faxed to Betty Morton

on July 14, 2004. There was mention of the hardship, tax lien and levy this case imposed on our family, please see attached enclosures.

4). All the items submitted were open for discussion and once I received the levy letter from the IRS the information was relayed to Ms. Morton, she referred me to Mr. Kilpatrick, he said, "Call IRS", the IRS said to speak with the agency they would have to adjust the changes and they also informed me of another error, and everything with this discussion of remedies suddenly seemed to have gone back to the way things were. I thought I would be back to work in a permanent position by now and the remedies were open for discussion but as of to date no reply. Betty stated, " The Executive Secretary and OGC is reviewing the documents and no reply. I did inform the contractor and Mr. Ronald Newman of Federal Railroad Administration that I will be returning to the US Dept. of Education

5). I was verbally informed also to return settlement of $60,000.00, which was fine with me but what is astonishing is that both the Federal IRS and the State of MD requested (FED)$24,000.00 = $84,000.00 + 4,0000 (State of MD) and my taxes 2004 earned for 2004 in the amount of $5,500.00 was garnished because the previous settlement did not have any language as to how the taxes were suppose to be handled, and the grand total of $88,000.00 is more than I bargained for as a Victim of Race and Disability Discrimination.

The attached Settlement Agreement downloaded from EEOC website mentions in it tax information under COMPENSATORY DAMAGES the settlement I received did not have this language. Although I almost perished and my credentials were demolished I continue to believe there is light, and hope at the end of the tunnel. Unbelievable that no one cares at the Dept. about whether our family loose our livelihoods (please see attached hardship letter). I would now like to request 210,000.00 tax exempt due to negligence of the US Dept. of Education and the hardship this has placed on our family I would like to request that any attorney fees incurred be paid for by the department including the settlement.

I can think, learn competently, and peacefully be a productive and contributing citizen. As I remain a woman of destiny and very optimistic about life.

Thanks for your time in this matter, if you have any questions please do not hesitate to contact me 202-493-1328 and 240-353-0872.

Sincerely yours,

Frances L. Greenhill
1900 Ritchie Road
District Heights, MD 20747

CC: James White

8/24/2004

To Whom It May Concern: James White

**Notification to the Dept. of Education on July 2, 2002.**

Due to the fact of never experiencing a breach of settlement or settlement prior to the one issued by Dept. of Education, I asked an advisor what to do? She mentioned that I needed to get a copy of the Settlement Agreement so I immediately went down to the US Dept. of Education because of just relocating our home from Ingraham, St., NE Wash., DC to 1900 Ritchie Road, District Heights, MD all of my documents were not unpacked so upon arrival at the Dept. I asked the GSA Security Guard, "If I could speak with someone from the EEO Office." This occurred on July 2, 2002 Cathy Hawkins was made known of the breach because I told her to read the letter after requesting a copy of the 1999 settlement agreement.   The letter proved that what I informed her was true that Ms. Mary Brayboy informed the Dept. of Justice that I was fired from the Department of Education and this is a breach of the 1999 Settlement Agreement. As soon as I received the Letter there was a need to know what had went terribly wrong with our agreement?

While at the guards desk Ms. Hawkins asked to read the Letter and I allowed her to read it. Once I received another copy of the settlement agreement.   I also gave them a thank you card in which, Cathy took upstairs, Tammy, and Betty saw it. I left the bldg. Cathy Hawkins can be reached at 202-401-3579 or Betty Morton at 202-401-3584. Ms. Morton can confirm my appearance on July 2, 2002 with regards to the Thank You Card as well as Cathy Hawkins reading the Letter to rescind from the Dept. of Justice.


**Credentials Affected**

To have finally located a job on my own and then to have it taken away to me I felt it was the burden of proof that Ms. Brayboy retaliated as well as discriminated as stated in the first complaint claimed.   Presently as a result of all the actions taken against me.  I need assistance with clearing my name so that I may continue working.  The challenge faced is that a background check is needed for all government work if I had the opportunity to have worked within the DOJ I could have gotten a handle on all the documents and debts which needed to be handled with a permanent government position.  I do not want to walk away from 16 years of federal service.  I can prove that all of my performance ratings at the Department were good and previously on all of the permanent jobs which were in good standing.

~~because it expired~~. My credit and background needs to be adjusted and no longer be affected by these issues as they were agency & attorney inflicted I feel this was a result of a wrongful voluntary forced resignation or I would be fired. Copies of my work history can be forwarded upon need. Also, I feel that this was a wrongful forced resignation because my performance was never down, as stated in the proposal to remove of 1998. Also paragraph 11 of the agreement is something I should not have approved because I did not read it as carefully as I could have because I thought Attorney, Mr. John McBurney had negotiated and was looking out for my best interest and this was definitely incorrect.

I need to appeal because the burden of proof was on me and please see the attached proof of breach of settlement.

Sincerely,

Frances Laurie Greenhill
1900 Ritchie Road
District Heights, MD 20747

*The U.S. Equal Employment Opportunity Commission*

*This is a sample Settlement Agreement from the U.S. Equal Employment Opportunity Commission*

# Settlement Agreement

APPELLANT:

AGENCY:

EEOC APPEAL NUMBER:

AGENCY CASE NO.:

## Preliminary Statement

In the interest of closure and in the mutual resolution of their differences, the _____ **[Name of agency]** and _____**[Name of appellant]** entered into this Settlement Agreement on this ___ day of _____. The parties sign this Agreement in exchange for the good and valuable consideration set forth herein, which, absent this Agreement, neither party is obligated to provide to the other and the adequacy of which is hereby acknowledged.

## Terms and Conditions

1. In exchange for the promises made by the agency in this Agreement, the appellant agrees not to institute a law suit under **[Title VII of the Civil Rights Act of 1964, as amended, (Title VII), the Age Discrimination in Employment Act of 1967 as amended, (ADEA), the Rehabilitation Act of 1974, as amended, (Rehab Act)]** based on EEOC Appeal Number _____.

2. Further, the appellant agrees that submission of this Agreement to the Equal Employment Opportunity Commission (Commission) will constitute a request for closure of EEOC Appeal Number _____.

3. It is understood that this agreement does not constitute and shall not be construed as an admission of liability or wrongdoing by the agency under **[Title VII of the Civil Rights Act of 1964, as amended, (Title VII), the Age Discrimination in Employment Act of 1967 as amended, (ADEA), the Rehabilitation Act of 1974, as amended, (Rehab Act)]**, with respect to the appellant's claims set forth in EEOC Appeal Number _____.

4. The agency agrees:

   1. **[Insert appropriate provisions]**

5. The parties understand the terms of this Agreement and enter into it voluntarily.

6. This document constitutes a final and complete statement of the Agreement between the parties. There shall be no modifications or amendments to this Agreement unless they are in writing, signed by the parties.

7. The parties agree that in the event that the appellant believes that the agency has failed to comply with the terms of this agreement, the procedures set forth at 29 C.F.R. Section 1614.504 shall govern. Appellant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the appellant knew or should have known of a breach of this agreement. The appellant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased. The agency shall resolve the matter and respond to the appellant in writing. If the agency has not responded to the appellant, in writing, or if the appellant is not satisfied with the agency's attempt to resolve the matter, the appellant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement or final decision. The appellant may file such an appeal 35 days after **[he/she]** has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of **[his/her]** receipt of an agency's determination.

8. The appellant knowingly and voluntarily waives all rights under the Age Discrimination in Employment Act of 1967 (ADEA) which pertain to allegations of age discrimination as specified in the appellant's complaint. Federal law provides that the appellant may have 21 days from receipt of the agreement to review and consider this agreement before signing it. The appellant further understands that he/she may use as much of this 21-day period as he/she wishes prior to signing and delivering this agreement. Federal law further provides that the appellant may revoke this agreement within seven (7) days of the appellant's signing and delivering it to the agency. Federal law also requires us to advise the appellant to consult with an attorney before signing this agreement. Having been informed of these rights, and after consultation with his/her counsel, appellant waives these rights. **[ADEA Clause]**

9. This Agreement shall be effective as of the last date on which the parties sign on the lines provided below.

[Name of Appellant]                          [Name of Agency]

_____                      _____

_____                      _____

Dated: _____                       Dated: _____

## Attorney's Fees

to pay the appellant in the amount of [$_____ ] for attorney's fees and costs within thirty (30) calendar days of the date of this Agreement.

## Compensatory Damages

to pay compensatory damages in the amount of **[Amount]** to the appellant within 30 calendar days of the date of this Agreement. The appellant acknowledges that this settlement payment is taxable, and agrees to pay all applicable taxes.

## Backpay

to award appellant backpay with interest and other benefits, including subsequent within grade salary increases within 30 calendar days of the date of this Agreement.

## Reinstatement/Promotion

to reinstate/promote appellant into the position of **[Title], [GS Level]**, at its **[City, State]** facility, **[or another facility, if mutually agreed to by both the agency and appellant, retroactive to (Date)]**, within 30 calendar days of the date of this Agreement.

## Neutral Reference

to provide a neutral reference regarding appellant, that is, the agency will confirm his/her dates of employment, his/her last job title, his resignation for personal reasons, and his/her annual salary at termination. Within 15 days of the date of this Agreement, the agency will provide appellant with a letter of reference on its letterhead.

## Unemployment Compensation

not to oppose a claim of unemployment compensation by the appellant.

## Resignation with File Expungement

to issue, within 30 calendar days of the date of this Agreement, an SF-50 and other appropriate personnel forms, certifying that the appellant voluntarily resigned for personal reasons, effective **[Date]**. The agency also agrees to provide the appellant with a clean record by expunging all references to the **[Adverse Action]** from **[his/her]** official personnel file.

## Outplacement Service

to pay a reasonable fee (not to exceed **Amount**) to an outplacement service that the appellant retains in order for **[him/her]** to secure a new job. The fee will be paid upon the appellant providing to the agency the appropriate documentation for the outplacement service.

## Apology

to provide the appellant with a written apology letter, which shall be kept strictly confidential, within 30 calendar days of this Agreement.

## Retaliation

that there shall be no discrimination or retaliation of any kind against the appellant as a result of filing this charge or against any person because of opposition to any practice deemed illegal under **[the Rehabilitation Act, the ADEA, or Title VII]**, as a result of filing this complaint, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

## Confidentiality

Except as may be required under compulsion of law, the parties agree that they shall keep the terms, amount, and fact of settlement strictly confidential and promise that neither they nor their representatives will disclose, either directly or indirectly, any information concerning this settlement (or the fact of settlement) to anyone, including but not limited to past, present, or future employees of the agency who do not have a need to know about the settlement. Employees who have a need to know about the settlement include **[Names]**.

Settlement Agreement

## Non-Disparagement

The parties agree that neither they nor their representatives will disparage the other party. Disparage as used herein shall mean any communication, or written, of false information or the communication of information with reckless disregard to its truth or falsity. The agency also agrees that it shall not make any statements, either internally or externally, that reflect adversely on appellant's job performance. In the event of a request for employment references, the agency will confirm appellant's dates of employment, **[his/her]** last job position, and **[his/her]** annual salary at termination.

*This page was last modified on April 17, 2002.*

Return to Home Page





UNITED STATES DEPARTMENT OF EDUCATION

WASHINGTON, D.C, 20202-_____

**AUG 1 7 2004**

In the Complaint of:
Frances L. Greenhill and
Roderick R. Page, Secretary
U.S. Department of Education
RE: ED-Case Number 2004-29-00

Frances L. Greenhill
1900 Richie Road
District Heights, MD 20747

Dear Ms. Greenhill:

We are rescinding our letter dated July 1, 2004, in which we mistakenly accepted a complaint of discrimination against the U.S. Department of Education (Department) based upon your July 30, 2003, letter notifying the EEO Director of the Department of an alleged breach of the November 30, 1999, settlement agreement (Settlement Agreement) between yourself and the Department. The Department mischaracterized your July 30, 2003 letter as a formal complaint of discrimination requiring processing under 29 CFR §1614.106 (Individual complaints). However, your July 30, 2003, letter does not set forth a separate complaint and therefore, will not be processed as outlined in 29 CFR §1614.106.

Assuming, for the sake of argument, that your letter alleged a separate complaint of discrimination, the Department would dismiss the complaint as untimely pursuant to 29 CFR §1614.107(a)(2) based upon your failure to pursue the matter within the applicable time limits.

As stated in our letter dated July 1, 2004, the Equal Employment Opportunity Commission's (EEOC) regulations at 29 CFR §1614.504(a) provide as follows:

(a)     . . . If the complainant believes that the agency failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

The Department acknowledges that your letter dated July 30, 2003, provided written notification to the EEO Director of an alleged breach of the Settlement Agreement and included a letter dated June 21, 2002 from the U.S. Justice Department withdrawing a tentative offer of employment as a GS-5 Secretary.



Page 2 – Frances L. Greenhill, ED 2004-29-00

Further, you indicated that the withdrawal of employment by the U.S. Justice Department is the result of the alleged breach of the Settlement agreement. However, your July 30, 2003, notification is untimely in that you knew or should have known of the alleged noncompliance on or about June 21, 2002, and as such, were required to notify the EEO Director within 30 days of that date. Specifically, your notification to the EEO Director was sent over one year following the date of the alleged noncompliance.

In addition, upon further review of your July 30, 2003, letter, I have determined that the reasons which you have provided for failing to notify the EEO Director within the prescribed time limits do not warrant waiver of the prescribed time limits as permitted by 29 CFR §§614.604(c). Based upon the above, the Department will not seek resolution of this matter.

## APPEAL RIGHTS

The Complainant has the right to appeal this decision to the Equal Employment Opportunity Commission within 30 calendar days of receipt. 29 CFR § 1614.40 (a) and (b). If an appeal is filed, please use the Equal Employment Opportunity Commission Form 573, Notice of Appeal/Petition, and indicate what is being appealed, including the assigned Department of Education case number.

An appeal must be filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission (FAX number [202] 663-7022). Personal delivery is to be made to the Office of the Director, Office of Federal Operations, Equal Employment Opportunity Commission, 1801 L Street, NW, Washington, DC. See 29 C.F.R. §1614.403(a).

As a part of the appeal requirements, a copy of the appeal must be furnished to James R. White, Director, Equal Employment Opportunity Group, U.S. Department of Education, FOB 6, Room 2W228, 400 Maryland Avenue, SW, Washington, DC 20202. See 29 CFR §1614.403(b). A copy of the appeal may also be hand delivered to that address or sent by facsimile (FAX number [202] 205-5760). See 29 CFR §1614.403(d).

Any statement or brief in support of the appeal must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, and to the designated agency representative, William Haubert, Office of the General Counsel, U.S. Department of Education, FOB 6, Room 6C106, Maryland Avenue, SW, Washington, DC 20202, within 30 days of filing the appeal. A copy of the statement or brief may be sent by facsimile (FAX number [202] 402-5391. See 29 CFR §1614.403(d).

Page 3 – Frances L. Greenhill, ED 2004-29-00

The Complainant has the right to file a civil action in the appropriate United States District Court within 90 calendar days of receipt of this final decision if an appeal is not filed with the Equal Employment Opportunity Commission. If this decision is appealed to the Equal Employment Opportunity Commission, a civil action may be filed in the appropriate United States District Court within 90 days of receipt of the Equal Employment Opportunity Commission's final decision on appeal, or after 180 days from the date of filing an appeal with the Equal Employment Opportunity Commission, if there has been no final decision by the Equal Employment Opportunity Commission. See 29 CFR § 1614.408.

If a civil action is filed, the Complainant may request the court to appoint a lawyer to represent him/her if he/she does not have a lawyer, or is unable to obtain the services of one. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without payment of fees, costs, or security. Any such request must be made within the above-referenced time limit for filing suit and in such form and manner as the court may require.

Notification is given that a civil action is filed, the name and title of the U.S. Department of Education agency head (Roderick R. Page, Secretary, U.S. Department of Education) must be cited as the defendant. Failure to do so may result in the lost of any judicial redress to which the Complainant may be entitled.

If represented by an attorney, the date of receipt of this decision or any other official correspondence for the purpose of computing timeframes is the date on which the attorney-representative receives the correspondence. It is not the date on which the Complainant receives a copy of the correspondence. See 29 CFR § 1614.402(b).

James R. White
Director
Equal Employment Opportunity Group

Enclosure
EEOC Form 573

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. A

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| GREENHILL  FRANCES L. | 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 | 01/03/60 | 11/30/99 |

**FIRST ACTION** / **SECOND ACTION**

| 5-A. Code | 5-B. Nature Of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 317 | RESIGNATION | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| RPM | REG 715.202 | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| EDUCATION SUPPORT ASST (O.A.) | |
| ESV2    OSP2820    E000456 | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 0303 | 07 | 07 | $ 33009 | PA | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $ 31451 | $ 1558 | $ 33009 | $ 0 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OFC OF EL & SEC ED <br> OFFICE OF INDIAN EDUCATION <br> PROGRAM GROUP 2 <br><br> WASHINGTON, DC | |

**EMPLOYEE DATA**

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 — 1 - None   3 - 10-Point/Disability   5 - 10-Point Other <br> 2 - 5-Point   4 - 10-Point Compensable   6 - 10-Point/Compensable/30% | 1 — 0 - None   2 - Conditional <br> 1 - Permanent   3 - Indefinite | F   SEX | YES  ☒ NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| I1   BASIC + OPTIONAL (1X) + FAMILY (1X) | 9   NOT APPLICABLE | 6 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K   FERS & FICA | 02/12/83 | F   FULL-TIME | |

**POSITION DATA**

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 — 1 - Competitive Service   3 - SES General <br> 2 - Excepted Service   4 - SES Career Reserved | N   E - Exempt   N - Nonexempt | | 0030 |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON, DISTRICT OF COLUMBIA |

| 40. Agency Data | 41. VET-STAT | 42. EDUC LVL | 43. SUPV LVL | 44. POSITION SENSITIVITY |
|---|---|---|---|---|
| CLS   00 NC | N | 04 | 8 | NONSENSITIVE/LOW RI |

| 45. Remarks |
|---|
| FORWARDING ADDRESS: 12806 HEATHERWICK CT BRANDYWINE MD 20613 <br> REASON FOR RESIGNATION: TO PURSUE FEDERAL EMPLOYMENT IN ANOTHER FIELD, NAME <br> THE AREA OF HEALTH AND HUMAN SERVICES. |

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| ED - OFC OF ELEM/SEC EDUC | JOYCE L BOYLAN |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | SUPV PERSONNEL MGMT SPECIALIST |
| EDES | 1306 | 12/17/99 | 34016 |

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 2. Social Security No. | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|
| GREENHILL, FRANCES L. | | 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 | 01/03/60 | 08/30/98 |

## FIRST ACTION

| 5-A. Code | 5-B. Nature Of Action |
|---|---|
| 893 | WITHIN-GRADE INC |

| 5-C. Code | 5-D. Legal Authority |
|---|---|
| Q7M | REG 531.404 |

| 5-E. Code | 5-F. Legal Authority |
|---|---|
| | |

## SECOND ACTION

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |

| 6-C Code | 6-D. Legal Authority |
|---|---|
| | |

| 6-E. Code | 6-F. Legal Authority |
|---|---|
| | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SECRETARY (OFFICE AUTOMATION) | SECRETARY (OFFICE AUTOMATION) |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ESV6V | 0SP2820 | E000456 | | | | ESV6V | 0SP2820 | E000456 | | | |
| GS | 0318 | 07 | 06 | $ 30952 | PA | GS | 0318 | 07 | 07 | $ 31836 | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $ 29678 | $ 1274 | $ 30952 | $ 0 | $ 30502 | $ 1334 | $ 31836 | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OFC OF EL & SEC ED<br>OFFICE OF INDIAN EDUCATION<br>OIE-REGIONAL SERVICE TEAM 6<br><br>WASHINGTON,DC | OFC OF EL & SEC ED<br>OFFICE OF INDIAN EDUCATION<br>OIE-REGIONAL SERVICE TEAM 6<br><br>WASHINGTON,DC |

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference |
|---|---|---|---|
| 1 | 1 - None  3 - 10-Point/Disability  5 - 10-Point Other<br>2 - 5-Point  4 - 10-Point/Compensable  6 - 10-Point/Compensable/30% | 1 | 0 - None  2 - Conditional<br>1 - Permanent  3 - Indefinite | F | SEX | F | YES [X] |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| I | BASIC + ADDL OPT WITH 1 X PAY + F<br>AM OPT | 9 | NOT APPLICABLE | 6 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part/Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K | FERS & FICA | 02/12/83 | F | FULL-TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit |
|---|---|---|---|
| 1 | 1 - Competitive Service  3 - SES General<br>2 - Excepted Service  4 - SES Career Reserved | N | E - Exempt<br>N - Nonexempt | | 0030 |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON, DISTRICT OF COLUMBIA |

| 40. Agency Data | 41. VET-STAT | 42. EDUC LVL | 43. SUPV LVL | 44. POSITION SENSITIVITY |
|---|---|---|---|---|
| NC<br>CLS    00 | N | 04 | 8 | NONSENSITIVE/LOW RI |

**45. Remarks**

WORK PERFORMANCE IS AT AN ACCEPTABLE LEVEL OF COMPETENCE.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| ED - OFC OF ELEM/SEC EDUC | JOYCE E. BORLN<br>SUPV PERSONNEL MGMT SPECIALIST<br>991392815 |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | |
|---|---|---|---|
| EDES | 1306 | 11/23/99 | |

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

5/13/2005

Note to the file.

Daria Stec intentionally attempted to leave out the letter from the file she mailed to my home, without the faxed response which was faxed to Betty Morton EEO Specialist after receiving the faxed acceptance complaint letter dated July 1, 2004 received 7-7-04 and timely replied to on July 11, 2004. *Safety Investigators el faxed from the office of you*

Respectfully,

*Frances L. Greenhill*

Frances L. Greenhill
1900 Ritchie Road
District Heights, MD 20747

*Attached: ED File copies mailed*



# UNITED STATES DEPARTMENT OF EDUCATION

### OFFICE OF THE GENERAL COUNSEL

September 29, 2004

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Re: Frances L. Greenhill v. U.S. Department of Education,
    OFO Docket No. 01A45660; Agency No. 20042900

Dear Mr. Barnhart:

Pursuant to your notification of the above-captioned appeal, which was dated August 25, 2004 and which the U.S. Department of Education (Agency) received on September 8, 2004, enclosed please find the Agency's complaint file relating to this appeal. The complaint file consists of two folders.

Thank you very much for your consideration of this matter.

Sincerely,

Daria M. Stec

Daria M. Stec
Agency Representative

Enclosures (2)

cc: Ms. Frances L. Greenhill
    Gary T. Brown, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing submission

upon the following:

> Robert J. Barnhart, Director
> Compliance and Control Division
> Office of Federal Operations
> P.O. Box 19847
> Washington, D.C. 20036

via certified, return receipt requested, mail; and

> Ms. Frances L. Greenhill
> 1900 Ritchie Road
> District Heights, MD 20747
>
> Gary T. Brown, Esquire
> 320 Maryland Avenue, NE
> Washington, DC 20002

via regular mail.


__9/29/04__                          _Daria M. Stec_
Date                                 Daria M. Stec
                                     Agency Representative

**Morton, Betty**

| | |
|---|---|
| **From:** | Carter, LaVerne |
| **Sent:** | Thursday, October 09, 2003 10:34 AM |
| **To:** | Boykin, Joyce |
| **Cc:** | Morton, Betty |

Joyce:

Good afternoon, I am requesting on behalf of EEO Specialist, Bettie Morton an OPF from the National Personnel Record Center.
The OPF in question is for:

Frances L. Greenhill
1900 Ritchie Road
District Heights, Maryland 20747

SSN: 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

Thanking you in advance for your assistance in this matter.


LaVerne Carter
Management Services
Office of Management
Equal EMployment Opportunity Group
Room 2W228
401-0691

1



# U.S. Department of Justice

## Civil Division

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephone at the number given below.

**DATE:**                             **January 8, 2004**

**TO:**        **Bettie Morton, EEDS, Department of Education**

**FAX No. : (202) 205-5760**             **PHONE:(202) 401-3584**

**FROM:**       David W. Burns, Chief
                Personnel Management Branch, Office of Administration

                **FAX No. : (202) 514-7968**        **PHONE: (202) 307-0261**
                **E-Mail: David.W.Burns@usdoj.gov**

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE): 02 Page(s).**

**SPECIAL INSTRUCTIONS:**

Bettie, I was able to locate the DOJ Inquiry Regarding Suitability of Applicant Form (Reference Check) provided by Mary Brayboy concerning Francis Greenhill. I am faxing a copy of this form to you. I trust this is what you are looking for.

*David W. Burns*

David W. Burns

Department of Justice                                    Inquiry Regarding Suitability of Applicant

Francis Greenhill                              May 20, 2002
              (Applicant's Name)              Today's Date

NAME OF INDIVIDUAL QUESTIONED: Mary Brayboy
RELATIONSHIP TO APPLICANT:    ☐ Employer       ■ Supervisor
                              ☐ Co-worker      ☐ Personal Associate

YEARS OF RELATION TO APPLICANT:  From: 1998   To: 1999
1. To your knowledge, is this person reliable, honest, trustworthy and of good character?
___ yes ___ no (If not, explain)_____

2. Do you have any reason to question this person's loyalty to the United States?
___ yes ___ no (If yes, explain)_____

_____

3. Do you know of anything questionable in the applicant's background?
___ yes ___ no (If yes, explain)_____

4. Would you recommend this person for a position of trust in the U. S. Government?
___ yes ___ no (If yes, explain)_____

5. Please furnish any other information you may wish to offer.

_____

_____

(FOR EMPLOYER OR SUPERVISOR ONLY)
6. Reason applicant left( or is leaving) this position?_____

7. Is this person eligible for rehire? ___ yes   x   no(if no explain)

   Because her performance was not at the level it should have been. There were a lot of confrontations with this
employee. The situation is very complex Ms. Greenhill had made an agreement with the Dept. of Education not to
apply for another Federal job. There is not any paper work on that, but I do know that she did sign something saying
that she would not apply for any federal job. If her name was on a cert and I had an opportunity to choose her again
I would not choose her.
8. To your knowledge, has this person ever been fired from any job for any reason, or quit after being notified that
he/she would be fired? _x_ yes ___ no ( If yes, explain)  She was fired from the Dept. of Education.


                    Inquiry conducted by: Nichole Covington


Ms. Brayboy did not feel comfortable answering questions 1 - 6



IMPORTANT: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

FROM:   Department of Justice
        Civil Division
        Office of Administration
        Fax No.   202-514-7968
        Voice No.  202-307-0261

SENT BY: Nichole Covington

TO: Bettie Morton

FAX No. 2/ 205 - 5760

NUMBER OF PAGES SENT (INCLUDING COVER PAGE):

SPECIAL INSTRUCTIONS:

## ENT ACTIVITIES

...ment activities, beginning with the present (#1) and working back 7 years. You a... ...list all full-time work, part-time work, ...emporary military duty locations over 90 days, self-employment, other paid work, and all periods of unemployment. The ... used must be accounted for without breaks, but you need not list employments before your 16th birthday.

- ...: Use one of the codes listed below to identify the type of employment:

| | | |
|---|---|---|
| ... Active military duty stations | 5 - State Government (Non-Federal employment) | 7 - Unemployment (include name of person who can verify) 9 - Other |
| ... National Guard/Reserve | 6 - Self-employment (include business and/or name of person who can verify) | 8 - Federal Contractor (List Contractor, not Federal agency) |
| 3 - U.S.P.H.S. Commissioned Corps | | |
| 4 - Other Federal employment | | |

- **Employer/Verifier Name.** List the business name of your employer or the name of the person who can verify your self-employment or unemployment in this block. If military service is being listed, include your duty location or home port here as well as your branch of service. You should provide separate listings to reflect changes in your military duty locations or home ports.

- **Previous Periods of Activity.** Complete these lines if you worked for an employer on more than one occasion at the same location. After entering the most recent period of employment in the initial numbered block, provide previous periods of employment at the same location on the additional lines provided. For example, if you worked at XY Plumbing in Denver, CO, during 3 separate periods of time, you would enter dates and information concerning the most recent period of employment first, and provide dates, position titles, and supervisors for the two previous periods of employment on the lines below that information.

| #1 | Month/Year | Month/Year | Code | Employer/Verifier Name/Military Duty Location | | Your Position Title/Military Rank | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 3/2002 To | Present | 9 | MVM / Sting Security | | Security | | | |
| | Employer's/Verifier's Street Address | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | 3847 Branch Avenue | | | | Temple Hills | MD | 20748 | (301) 423-0100 | |
| | Street Address of Job Location (if different than Employer's Address) | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | 1425 K ST. N.N. | | | | Washington | DC | | 060 842-341 | |
| | Supervisor's Name & Street Address (if different than Job Location) | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | Mr. Lynch | | | | Temple Hills | MD | 20748 | (301) | |

| PREVIOUS PERIODS OF ACTIVITY (Block #1) | Month/Year | Month/Year | Position Title | | | Supervisor | |
|---|---|---|---|---|---|---|---|
| | 12/01 To 3/02 | | Special Police Officer Commiss. Approved (SAMB) MVM | | | | |
| | Month/Year | Month/Year | Position Title | | | Supervisor | |
| | 11/01 To | | Security (Childrens Hospital) | | | Carla Scott | |
| | Month/Year | Month/Year | Position Title | | | Supervisor | |
| | To | | | | | | |

| #2 | Month/Year | Month/Year | Code | Employer/Verifier Name/Military Duty Location | | Your Position Title/Military Rank | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 4/2001 To | 11/2008 | | NAI Personnel | | STAFF ASSISTANT | | | |
| | Employer's/Verifier's Street Address | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | 1725 K Street N.W Suite 1103 | | | | Washington | DC | | (202) 223-760 | |
| | Street Address of Job Location (if different than Employer's Address) | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | 717 14th ST. N.W. | | | | WASHINGTON | DC | | (202) 72-7-25 | |
| | Supervisor's Name & Street Address (if different than Job Location) | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | Ms. Luzu Temprosa | | | | WASHINGTON | DC | | (202) 729-25 | |

| PREVIOUS PERIODS OF ACTIVITY (Block #2) | Month/Year | Month/Year | Position Title (WHITE & GONZ BRENT YOUNG E) | | Supervisor | |
|---|---|---|---|---|---|---|
| | 11/00 To 11/00 | | Legal Secretary (LEGAL B) PIERPONT | | Robert J. Cunningham 1055 SO CIRCLE DR W. FAIRFAX 703 521 0200 | |
| | Month/Year | Month/Year | Position Title | | Supervisor | |
| | To | | | | | |
| | Month/Year | Month/Year | Position Title MATERNAL and CHILD HEALTH | | Supervisor | |
| | 11/99 To 12/99 | | Deputy Administrator Exec Secretary | | Dr. Florence Fiori, Deputy Adm 30-443-21 15 | |

| #3 | Month/Year | Month/Year | Code | Employer/Verifier Name/Military Duty Location | | Your Position Title/Military Rank | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 4/00 To | 10/00 | 8 | Dunhill Staffing | | Executive Staff Asst. | | | |
| | Employer's/Verifier's Street Address | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | 414 Hungerford, Suite 252 | | | | Rockville | MD | 20850 | (301) 424-245 | |
| | Street Address of Job Location (if different than Employer's Address) | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | 9000 Rockledge Dr. Bldg 31 | | | | Rockville | | | (301) 435-20 | |
| | Supervisor's Name & Street Address (if different than Job Location) | | | | City (Country) | State | ZIP Code | Telephone Number | |
| | Sandra Logan, Main Campus HH BLDG 31 | | | | Rockville | MD | | (301) 496-400 | |

| PREVIOUS PERIODS OF ACTIVITY (Block #3) | Month/Year | Month/Year | Position Title | | Supervisor | |
|---|---|---|---|---|---|---|
| | 12/99 To 4/00 | | Branch Chief Program Assistant SEC | Dr. Gigi | Dr. Jorge Gomez | 301-496-85 |
| | Month/Year | Month/Year | Position Title | | Supervisor | |
| | To | | | | | |

Enter your Social Security Number before going to the next page



## OFFICE OF MANAGEMENT
### EQUAL EMPLOYMENT OPPORTUNITY GROUP
Suite 2W228, FB-6
400 Maryland Ave., SW
Washington, DC 20202-4550

Phone: 202-401-3560
Fax:    202-205-5760

_____ **FAX COVER SHEET** _____

TO: _Frances Greenhill_

Phone: _202-493-6309_

FROM: _Bettie Morton_

Phone: _202-401-3584_

SUBJECT: _ack - Letter_

Number of pages including this cover sheet ___4___

Should you have any problems receiving this fax, please contact the sender.

**Morton, Betty**

**From:** Carter, LaVerne
**Sent:** Thursday, October 09, 2003 10:34 AM
**To:** Boykin, Joyce
**Cc:** Morton, Betty

Joyce:

Good afternoon, I am requesting on behalf of EEO Specialist, Bettie Morton an OPF from the National Personnel Record Center.
The OPF in question is for:

Frances L. Greenhill
1900 Ritchie Road
District Heights, Maryland 20747

SSN: 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

Thanking you in advance for your assistance in this matter.


LaVerne Carter
Management Services
Office of Management
Equal EMployment Opportunity Group
Room 2W228
401-0691

Attempts at Resolution

## SETTLEMENT ATTEMPTS—FRANCES GREENHILL

1. July 1, 2004

Robert Kilpatrick met with Daria Stec, Office of the General counsel.

2. July 22, 2004

Bettie Morton, Tammie Johnson and Robert Kilpatrick met with JoAnn Ryan, POC Negotiator, Office of the Under Secretary.

3. Several phone conversations among Greenhill, Morton, and Kilpatrick to ascertain possible settlement parameters.



5100 North Ravenswood
Suite 100
Chicago, Illinois 60640

# The Boldest Guarantee
# In The Business

Most tax resolution firms either charge you a big fee without guaranteeing you anything, or they give you a guarantee that is so full of conditions that it ends up being no guarantee at all.

We know you deserve better.

So at The Tax Defenders we stand behind our work with an **Unconditional Money Back Guarantee**. You probably know this, but that guarantee is unlike any other we've seen from a legal or professional services firm. Check around—you won't find anyone as confident in their work as we are.

That's important for you to know. Why? We believe you should be 100% confident in making any decision involving your money—and choosing a professional services firm is one of the most important choices you make—particularly if the IRS is involved.

And if a firm isn't confident enough in their work to guarantee it, how confident should you be in choosing them?

Of course, while you are our client, we will **STOP the IRS** from taking your paycheck or bank account or any other collection action.

In other words, we will:

- COMPLETELY satisfy you with our work and service.
- Stop any IRS collection activities—such as a Garnishment or Levy—currently in process against you.

## We provide all of that to your full 100% satisfaction. Guaranteed.

**No fine print. And you have our word on it.**

**Joe Hanley**
**President**

**Alex Harris**
**Director of Resolution**

**Nancy McNeil**
**Senior Associate**



**THE TAX DEFENDERS**

5100 North Ravenswood
Suite 100
Chicago, Illinois 60640

**RESOLUTION PLAN**
Custom Prepared for:

**EXTREMELY URGENT
VIA FIRST CLASS MAIL**

April 1, 2005

Frances Greenhill
1900 Ritchie Road
District Heights, MD 20747

Dear Frances:

It was a pleasure speaking with you earlier today. Your current situation, as you explained it to me, clearly has certain aspects that can be used to permanently resolve your tax problems to your advantage, and get you back in good standing with the IRS. But in order to do that, of course, you need to begin tackling your problems now — before they get worse. So, congratulations on taking a very positive first step.

Please know you are in the best of hands with The Tax Defenders. I understand the situation you're in, and we have the experience and ability to get the best possible resolution for your case. We've done exactly that for thousands of clients just like you. And remember — as we discussed — all of our work is backed by our **100% Money-Back Guarantee.**

## YOUR CURRENT SITUATION

1. The IRS claims that you owe approximately $27,000.00 in back taxes and $6,000 to the state of Maryland, including assessed Penalties and Interest;
2. Your debt has accrued from multiple years: 2000 and others to be determined;
3. The IRS has specifically targeted you for final collection by filing a Tax Lien against you in court;
4. You failed to pay taxes on an EEOC settlement;
5. You accept your original tax liability, but simply couldn't pay it at the time;
6. You have made no attempts to resolve your IRS debt. N/A *Not True*
7. This whole situation is causing you extreme emotional and financial hardship;
8. You've made the decision to put this problem behind you, and are ready to get started.

## THE TAX DEFENDERS' SOLUTION TO YOUR SPECIFIC IRS PROBLEMS

- **IRS COLLECTIONS HOLD AND FULL INVESTIGATION**

The Tax Defenders will use a two-phase approach to obtain the most favorable and affordable resolution for your tax problems.

In PHASE ONE, we:

- Intercept the IRS Collections System and secure an IMMEDIATE FREEZE on further Collections activity, protecting you from that point on (this may require filings on your part or behalf);
- Perform an in-depth INVESTIGATION and ANALYSIS of your situation.

In the course of this Investigation, we develop a comprehensive picture of the *past, present* and *future* of your case, including:

- The historical source and circumstances of your original tax liability;

THE TAX DEFENDERS Resolution Plan / page 2

- How the IRS classifies your liability;
- The amount and classifications by which your original tax liability has been increased by the IRS, resulting in the total liability they are seeking to collect from you;
- The liability you MUST satisfy to resolve your IRS matters — if any;
- How the IRS classifies you overall as a taxpayer, and how that is affecting their collection efforts;
- The current status of IRS Enforced Collections Actions against you;
- The next steps in Enforced Collections the IRS is preparing to take against you;
- What your current financial situation is, and how that impacts your prospects and options based upon the IRS's standards and formulas; and
- IRS relief programs that may be available to you.

At the end of PHASE ONE, we'll know EXACTLY how your IRS problems can be resolved on YOUR terms — not the IRS's. We'll explain everything we've learned, review all of your options with you, and give you our specific, detailed recommendations for final resolution — including the amount by which we will reduce your tax debt, and exactly what our final fee will be for doing so.

At that point you can decide whether to proceed to PHASE TWO: FINAL RESOLUTION. In this Phase, we implement our resolution plan, eliminate the liability from your tax record, and return you to good standing with the IRS.

Why do we take this two-phase approach? Because it GUARANTEES you will get the solution that best fits your unique situation. *First*, we have to determine EXACTLY what's wrong. *Then* — and only then — we will be able to tell you EXACTLY how to fix it — and EXACTLY what it costs.

Here's a more detailed breakdown of what happens in each Phase:

**Phase One:**

1. We will file Power of Attorney on your behalf, instantly lending our credibility with the IRS to your case and therefore making it possible for you to get a favorable resolution;
2. For as long as the Power of Attorney is in place, we will handle all IRS communications for you; you will not speak to, meet with, or correspond with the IRS or its agents or officers in any way;
3. We will act immediately to contact the IRS to suspend any collection efforts against you — that means the first thing we will do is call the IRS and stop them from taking their next aggressive collection steps against you;
4. We will thoroughly investigate your IRS history to identify the exact nature of your problem, the exact amount of your original liability; and the exact amount of all IRS Penalties and Interest;
5. We will investigate Constitutional Due Process concerns related to your Tax Lien to determine if requisite form and notice requirements were met or if an Injunction on Enforced Collections is available;
6. We will investigate Statute of Limitations concerns related to your Tax Lien to determine if all or some of your tax debt can be discharged;
7. We will conduct a comprehensive analysis of your entire financial picture: all assets, liabilities, income, expenses and accounts receivable;
8. We will use our proprietary Computer Collections Model to replicate how the IRS characterizes and classifies you as a taxpayer and target for collections, enabling us to identify all possible options for permanent resolution;
9. Based on our Investigation and full Analysis of both your tax problem and your current financial picture, we will determine and explain to you the best possible solution for permanent long-term resolution of your IRS tax debt, along with additional alternatives, if any;

**Phase Two:**

Once our Investigation is complete, you may choose to have us take the following actions to ensure the long-term resolution of your IRS tax debt:

10. We will draft an IRS Form 433-A and/or 433-B (Self-Employed/Business Owner) Financial Disclosure Statement, presenting your finances in the most favorable light possible for your particular situation;
11. We will compile and submit any necessary forms and documentation for the best determined solution to your IRS tax debt;
12. We will identify and compile those records and other materials that most accurately depict your financial, emotional, medical, psychological, and family situation as needed;
13. We will field and respond to any and all objections to submission of the documentation;
14. We will negotiate to establish the most sensible payment structure to satisfy your agreement; and
15. We will secure a Certificate of Release for any IRS Liens and Levies placed on you.

## OUR FLAT FEE

For your Investigation, we set one flat fee based on our initial consultation and our experience of the number of hours of work necessary in your specific case. Then we stick to that amount. If we have to do any additional work during your investigation, we do it at no cost to you.

Our flat fee for your Investigation as described above is only $800.00.

Once your Investigation is complete, and we have determined the best possible resolution for your case, we will be able to provide you with a flat fee for that as well. You can then decide whether to go forward (most people do). Like the fee for your Investigation, the fee for full resolution will be very reasonable — and is also fully guaranteed.

How can we charge such a reasonable fee and still guarantee your complete satisfaction? Three basic reasons:

1. We are extremely efficient; when negotiating with the IRS, we can cut right to the chase because we have handled many similar cases in the past.
2. Often, the IRS officer or agent we are dealing with knows our firm and our good work, and is eager to negotiate fairly with us.
3. Tax Resolution is all we do. No general tax preparation (except for clients who are missing returns and need them filed to resolve their debts), no tax planning, no audit defense. We have it down to a science, and our clients reap the benefits of our experience and skill.

## BENEFITS TO YOU

1. Our expert attorneys and accountants will intercept all IRS Collections Activities — we will stop any levy and/or seizure which the IRS has either in force now or is planning against you for the future;
2. You will keep your entire income and assets instead of letting the IRS take them;
3. Providing you qualify, your overall IRS tax debt will be greatly reduced — and we will negotiate the resolution on *your* terms — not on the terms of the IRS;
4. Your Tax Lien will be removed, freeing up your financial life and allowing you to rebuild your credit;
5. Your frustrating days of living and dealing with a tax problem will come to an end forever; and
6. You will regain your financial well-being by putting this entire situation behind you once and for all.

The ball is in your court, Frances. I know you are serious about getting this whole IRS situation cleared up as quickly and effectively as possible, and getting your life back on track. We look forward to working with you. After all, it's exactly because of people like you that we started this company — good people, who got into

THE TAX DEFENDERS Resolution Plan / page 4

some trouble with the IRS, and now just need some honest, expert help to get things straightened out to their best advantage.

As promised, I am sending you articles by our Director of Tax Resolution, about the Offer in Compromise program and IRS Penalty Abatement.

As arranged, you will call me on Thursday, April 7 at 7:00pm, so I can answer any questions you may have and we can get started on your case right away. If for any reason you can't make your appointment time, please call me in advance to reschedule — and I will do the same for you, if an emergency comes up and I can't make it.

To get us started, all you need to do is:

1. Sign, date and fax the enclosed Power of Attorney to 866-341-0432; and
2. Call me with check or credit card details to make your payment.

I look forward to working with you, and to getting this problem resolved as quickly and inexpensively as possible.

Sincerely,
The Tax Defenders

Nancy McNeil
Senior Tax Associate

## Account Summary

FRANCES L GREENHILL                                          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

| Type of Tax | Period Ending | Assessed Balance | Accrued Interest | Late Payment Penalty | Total |
|---|---|---|---|---|---|
| 1040 | 12-31-2000 | $ 21,717.66 | $ 787.69 | $ 3,390.88 | $ 25,896.23 |

**Total Amount Due  $        25,896.23**

| Type of Tax | Period Ending | Name of Return |
|---|---|---|
|  |  |  |

Department of the Treasury -- Internal Revenue Service

P.O. BOX 9500
WILKES BARRE PA 18773-9500

(888) 272-5543

FRANCES L GREENHILL
1900 RITCHIE RD
DISTRICT HTS MD 20747-2522

ACCOUNT NUMBER: 5770880990501

ldldllladaadladladldladdaddlladadldll

Dear FRANCES L GREENHILL,                                    05/14/03

We have changed the payment terms for your loans starred(*) below.
Please note this change, and make your future payments accordingly.
Usually, terms change for one of the following reasons:

1) the period for which you postponed making your monthly payments
   (a deferment or forbearance) is about to end,
2) you requested different payment amounts,
3) your repayment option has changed,
4) your school separation date was updated to a date earlier than
   previously reported, or
5) your interest rate changed.

This payment schedule replaces all previous schedules for these loans.
All the terms of your promissory notes remain in effect. We will send
new invoices. (If you have automatic debit, we will debit your bank
account for the new payment amount next month. NOTE: For loans recently
transferred to Sallie Mae for servicing, your automatic debit service
did not transfer along with your loans. For information regarding our
automatic debit program, please visit our web site at
www.salliemae.com.) Your payment schedule follows; this does NOT
include any past due amounts.

| NUMBER OF PAYMENTS | PAYMENT AMOUNT | DUE DATE |
|---|---|---|
| 90 | 250.00 | 07/28/03 |

| | |
|---|---|
| Unpaid Principal Balance: | $ 18,762.68 |
| Accrued Interest to be Capitalized: | $ 214.18 |
| Outstanding Late Fees | $ 0.00 |
| Total Principal to be Paid: | $ 18,976.86 |
| Estimated Amount of Interest to be Paid During Repayment: | $ 3,523.14 |
| Estimated Total Amount to be Paid: | $ 22,500.00 |

## Loan Information

*If you have questions or concerns about your account, write to us at the address provided above.*
The list below includes all the loans in your account with us. Loans marked with a star (*) are the loans referred to in this letter.

| LOAN DATE | ORIGINAL LOAN AMOUNT | OUTSTANDING PRINCIPAL | INTEREST RATE | LOAN PROGRAM |
|---|---|---|---|---|
| * 11/06/98 | $ 3,541.00 | $ 2,007.07 | 4.060 | FFELP |
| * 11/06/98 | 3,895.00 | 3,308.75 | 4.060 | FFELP |
| * 10/14/97 | 3,500.00 | 2,888.53 | 4.860 | FFELP |
| * 10/14/97 | 4,000.00 | 3,702.99 | 4.860 | FFELP |
| * 12/04/96 | 4,000.00 | 3,966.81 | 4.860 | FFELP |
| * 12/04/96 | 3,500.00 | 2,888.53 | 4.860 | FFELP |

PHONE (888) 272-5543 • FAX (800) 848-1949 • TDD/TTY (888) 833-7562 • 24 HRS/7 DAYS • www.salliemae.com

S7788990S116204699

H003   SYSTEM        0001



IRS Department of the Treasury
Internal Revenue Service
ATLANTA, GA  39901-0030

Notice Number: CP 504
Notice Date:  06-30-2003

**SSN/EIN:** 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
**Caller ID:** 173631

7105 5678 7186 0805 2385

IllndulIllndIlHollIaltlludulaldlIlloundlloudlIlll

FRANCES L GREENHILL
1900 RITCHIE RD
DISTRICT HTS  MD   20747-2522009

*577889905101*

# <u>Urgent !!</u>

## We intend to levy on certain assets.  Please respond NOW.
(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040 | Tax Period: 12-31-2000 |
|---|---|

| | |
|---|---|
| **Current Balance:** | $47,789.82 |
| Includes: | |
| Penalty: | $515.20 |
| Interest: | $719.72 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions?  Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 06-30-2003

write on your check:

| 1040 | 12-31-2000 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $47,789.82 |

Internal Revenue Service
ATLANTA, GA  39901-0030

IuItltlltatltdlltnnnIlltIndltnnllIdltnnltdl

FRANCES L GREENHILL
1900 RITCHIE RD
DISTRICT HTS  MD   20747-2522009

577889905 LS GREE 30 0 200012 670 00004778982

**LEASECOMM**
10-M Commerce Way
Woburn, MA 01801

STATEMENT

Your account is PAST DUE. Please
remit today the full balance due.
If your payment has crossed this
statement in the mail, please
accept our apologies.

207

Leasecomm Corporation
10M Commerce Way, Woburn, MA 01801
Customer Service hours are Mon. - Fri. 9 am - 8 pm E.S.T.
Tel: 800-685-8770

# BWNHVWY * * * 5-DIGIT 20747
# 247150050 #
hullthululululululululululululululullull
FRANCES GREENHILL
LLJ ENTERPRISES
1900 RITCHIE RD
DISTRICT HTS      MD   207472522

**PLEASE SHOW THIS ACCOUNT NUMBER
ON THE FACE OF YOUR CHECK**

24715005

| Payment Due Date | Type of Transaction | Amount |
|---|---|---|
| | If You Are Having Equipment Problems Call CHARGETODAY.COM          (800)836-4295 | |
| | Previous Balance Outstanding | $4,858.52 |
| 07/20/04 | Interest on judgement award | 47.63 |

Statement printed on: 06/24/04            Total Amount Due:   4,906.15

**NOTE:** A late charge will be assessed on Past Due payments. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

✂ - - - - - **PLEASE DETACH AND RETURN THE LOWER SECTION WITH YOUR PAYMENT** - - - - -

FRANCES GREENHILL
LLJ ENTERPRISES
1900 RITCHIE RD
DISTRICT HTS      MD   207472522

Account:                    24715005

Total Amount Due:           4,906.15

Amount Enclosed: $_____

**LEASECOMM**

Send payment to:

**Please Note Change of Address or Phone Number:**
☐ Business                          ☐ Home

_____
_____
_____

hhuulullhhhhhhhhhhhhhlhhhhhhhhhhhh
Leasecomm Corporation
PO BOX 4036
WOBURN          MA   01888-4036

☐ **Please send me information on your automatic payment plans.**
For your convenience, you can have payments automatically charged
to your **VISA, Mastercard, Discover or American Express Card** or
automatically debited from your **Checking Account**.

**MAKE CHECKS PAYABLE TO LEASECOMM CORPORATION**

WT
28254-451-65048-3   200309   CP: 22A

Department of the Treasury
Internal Revenue Service
ATLANTA, GA  39901-0010

Date of this notice.        MAR. 10, 2003
Taxpayer Identifying Number        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
Form: 1040        Tax Period:   DEC. 31, 2000

For assistance you may
call us at:

1-800-829-0922

CALLER ID:  173631

FRANCES L  GREENHILL
1900 RITCHIE RD
DISTRICT HTS  MD   20747-2522009

WE CHANGED YOUR ACCOUNT

WE CONTACTED YOU TWICE BUT HAVE NO RECORD OF RECEIVING YOUR RESPONSE.
YOUR 2000 TAX RETURN DOES NOT REPORT THE SAME INCOME OR DEDUCTIONS REPORTED TO
US BY YOUR PAYERS OR TRUSTEES, SO WE CHANGED YOUR TAX RETURN TO CORRECT YOUR
OTHER INCOME, SELF-EMPLOYMENT TAX, AND PENSIONS AND ANNUITIES.

IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

STATEMENT OF ACCOUNT

ACCOUNT BALANCE BEFORE THIS CHANGE                                NONE

INCREASE IN TAX BECAUSE OF THIS CHANGE              $33,715.00
CREDIT REDUCED -- TAX WITHHELD                           474.00
CREDIT REDUCED -- OTHER                                  132.00
LATE PAYMENT PENALTY ADDED                                54.51
CIVIL PENALTY ADDED                                    6,864.00
INTEREST CHARGED                                       5,315.39

AMOUNT YOU NOW OWE                                     $46,554.90

PLEASE PAY THE FULL AMOUNT BY MAR. 31, 2003.  IF YOU'VE ALREADY PAID YOUR TAX
IN FULL OR ARRANGED FOR AN INSTALLMENT AGREEMENT, PLEASE DISREGARD THIS NOTICE.

IF YOU HAVEN'T PAID, MAIL YOUR CHECK OR MONEY ORDER AND THE TEAR-OFF STUB
FROM THE LAST PAGE OF THIS NOTICE.  MAKE YOUR CHECK PAYABLE TO UNITED STATES
TREASURY AND WRITE YOUR SOCIAL SECURITY NUMBER ON IT.  IF YOU CAN'T PAY IN FULL,
PLEASE CALL US TO DISCUSS PAYMENT.

PAGE  1

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    GREE    AO 12 04/22/2002
70021-0129

PHILADELPHIA IRS CENTER

## OUR PROPOSED CHANGES TO YOUR 2000 FORM 1040
### (DETAILED INFORMATION FOR THESE CHANGES BEGINS ON PAGE 3)

|  | Shown on Return | Reported to IRS (or Proposed by IRS) | Proposed Change |
|---|---|---|---|
| **Our Proposed Changes to Your Income and Deductions** | | | |
| PENSION AND ANNUITY TAXABLE | $ 0.00 | $ 7,924.00 | $ 7,924.00 |
| NONEMPLOYEE COMPENSATION | $ 0.00 | $ 90,000.00 | $ 90,000.00 |
| SELF-EMPLOYMENT TAX DEDUCTION | $ 0.00 | $ 4,051.00 | $ 4,051.00 |
| Total Increase | | | $ 93,873.00 |

| **Our Proposed Changes To Your Tax Computation** | | | |
|---|---|---|---|
| 1. Taxable Income, line 39 | $ 15,697.00 | $ 109,570.00 | $ 93,873.00 |
| 2. Tax, line 40 | $ 2,351.00 | $ 26,673.00 | $ 24,322.00 |
| 3. Credit for child and dependent care expenses, line 44 | $ 480.00 | $ 480.00 | $ 0.00 |
| 4. Child tax credit, line 47 | $ 500.00 | $ 0.00 | $ -500.00 |
| 5. Self-Employment Tax, line 52 | $ 0.00 | $ 8,101.00 | $ 8,101.00 |
| 6. Tax on IRAs, other retirement plans, and MSAs, line 54 | $ 0.00 | $ 792.00 | $ 792.00 |
| 7. Total Tax, line 57 | $ 1,371.00 | $ 35,086.00 | $ 33,715.00 |
| 8. Earned Income Credit, line 60a | $ 132.00 | $ 0.00 | $ -132.00 |
| 9. Net Tax Increase | | | $ 33,847.00 |
| 10. Income tax Withheld, line 58 | $ 3,174.00 | $ 2,700.00 | $ -474.00 |
| 11. Accuracy-Related Penalty | | | $ 6,864.00 |
| 12. Interest From 04/16/2001 To 05/22/2002 | | | $ 3,220.00 |
| 13. Proposed Amount You Owe IRS | | | $ 44,405.00 |

*(The proposed changes apply to this notice only. It doesn't include any additional amounts for tax year 2000 that you may owe from a previous IRS notice.)*

6/23/2004

Dolores Dorsainvil
Assistant Bar Counsel
Attorney Grievance Commission
Of Maryland
100 Community Place, Suite 3301
Crownsville, MD 21032-2027

Dear Ms. Dorsainvil:

This is in response to the Letter Dated June 2, 2004 from Mr. McBurney as well as Letter Dated June 21, 2004 regarding File No: 2004-0-1219 Complainant: Frances L. Greenhill in attempts to dismiss this case. I would like to appeal your decision based on the facts that Mr. John McBurney never gave me any file nor did I ever request any file from him at any given time during the case. He fraudulently stated that the taxes were in the retainer agreement which was never disclosed, I have a copy of the retainer agreement.

I would like to appeal this issue because Mr. McBurney has submitted to you fraudulent information again. How can a decision be made based solely on what he stated, he has not provided any files and nor proof of him disclosing any information regarding taxes, that is why I choose to go thru the Attorney Grievance Commission, he has violated the ADA Act, as well as my civil rights which attributes to an legal malpractice suit, and has discriminated against me because of medical information disclosed. As God as my witness Mr. McBurney never gave me any documents regarding the aforementioned issues. He never issued a retainer agreement with tax information identified in any documents, which is a serious legal malpractice lawsuit.

I will not be subjected to extreme tax penalties of more than 20% taxes imposed on me in error from both the Federal which was 25,000.00 and 4,000.00 from the State of Maryland which was never discussed to any degree by Mr. McBurney and is currently still owed, and contemplating bankruptcy will not be a discussion issue, but it was a close call after realizing the hardship resulted by Mr. McBurney and other options are available. We will not suffer any more pain and anguish because of his legal malpractice and presently while gainfully employed his legal malpractice has caused an extreme hardship for our family.

This matter needs legal attention and will not rest until justice is done. The end of the 5 year settlement he was not included in the releasing of funds because he knows what was previously done and his services were terminated, he not only misguided me as well as attributed to an educational opportunity lost, in which the US Dept. of Education paid for all classes which were work related, and presently in Senior Status which is another hardship because of loss of federal job with ED, and the necessary preparation time for submitting the documents to the Dept. regarding the breach of contract and medical issues, the case is now being reopened and the information regarding educational benefits was disclosed to him.

To include another challenge did occur also, presently due because of the legal malpractice and a hatred he in fact maintained due to me pursuing educational benefits, and the case and the burden of proof was all on me. I had to create the books, have them duplicated at kinko's is truly unherd of, for the EEOC private mediators to review, and I was the complainant with an disability. And we will not suffer by his hand nor the stroke of his pen which has been illegal. Maybe you need to ask Xavier Aragona, Esq. 6130 Oxen Hill Rd., Oxen Hill, MD 20745-3166 301-567-1100 for the file and the truth will be made known. And this case can be closed with an honest and adequate adjustment truthfully. This was the Law Firm that handled the case (5) years ago in which Mr. McBurney was terminated weeks before the day of financial disbursement due to negative treatment. To obtain a settlement and then for the IRS to request the entire amount back was not handled professionally and then to be humiliated by his fraudulent statements is an act of no respect for human dignity. Mr.Xavier's son informed me that John had a prostate health issue while handling my previous case. It's very unfair to have our family to suffer due to his inadequacies.

Sincerely,

Frances L. Greenhill



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

MAY - 9 2003

**RECEIVED**

The Honorable Albert R. Wynn
Member of Congress
18200 Georgia Avenue, Suite E
Olney, Maryland 20832

MAY 1 9 2003

**Albert R. Wynn
Olney Office**

Dear Congressman Wynn:

Thank you for your inquiry dated January 17, 2003, on behalf of Ms. Frances Greenhill regarding her complaint of discrimination against the Department of Education.

We contacted the Department of Education, and they informed us that on December 8, 1999, Ms. Greenhill entered into a settlement agreement with the agency. The correspondence that you have submitted to us indicates that Ms. Greenhill believes that the December 8, 1999, settlement agreement was breached by management official Mary Brayboy at the Department of Education, when Ms. Brayboy informed the Department of Justice that Ms. Greenhill was terminated from her position with the Department of Education. The correspondence further shows that Ms. Greenhill believes that she did not receive the position as a GS-5 Secretary at the Department of Justice, as a result of a breach of the settlement agreement by the Department of Education.

Where a complainant believes that an agency has failed to comply with the terms of a settlement agreement, the first step is for the complainant to notify the agency's Director of Equal Employment Opportunity, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. *See* 29 C.F.R. § 1614.504(a). If Ms. Greenhill wishes to file a notice of breach of the settlement agreement, she should contact:

James R. White
Director, EEO
Department of Education
400 Maryland Avenue, S.W., Room 2W228
Washington, D.C. 20202-4550
Telephone: (202) 401-3560

The Honorable Albert R. Wynn
Page Two

Ms. Greenhill should request that the terms of the settlement agreement be specifically implemented, or that the complaint be reinstated for further processing from the point processing ceased when the settlement agreement was reached. Ms. Greenhill may appeal to the Equal Employment Opportunity Commission (EEOC) for a determination any time after 35 days from the date she serves the agency with her allegations of noncompliance. If the agency issues a decision on her allegations of noncompliance, she may appeal to the EEOC within 30 days of her receipt of that determination. 29 C.F.R. Section 1614.504(b) of the EEOC's regulations sets forth the procedure to be followed. The EEOC's regulations and EEOC Management Directive EEO-MD 110 may be reviewed on the EEOC's web site at www.eeoc.gov.

We hope this information is helpful to you.

Sincerely,

H. Joan Ehrlich
Acting Director of Communications
and Legislative Affairs

6/4/2004

Attorney Grievance Commission

Dear Mr.

Amendedment requested which was omitted due to time frame to respond to
Mr. McBurney responses, he was made known of the fact that the US Dept. of Education
was paying for my college tuition all courses which were job related. And due to the way
the case was closed inappropriately, I no longer earned the discount on courses for
payment 15% discount. And the US Dept. of Education is also requesting payment. I
would not have stopped attending classes if Mr. McBurney did not commit fraud with
regards to informing me that I would be going to another Gov't agency.

I would like to request that he request a waiver for payment also the penalties for college
to be included due to no fault of my own, just the undue hardship of a tax lien, job loss,
health benefits loss, and educational assistance loss was a great deal which resulted from
deception practice of Mr. McBurney. I would like for him to write the US Dept. of
Education and ask for a waiver until the case is brought to complete adequate closure.

Please see attachement Educational Approvals with Dates.

Sincerely,

Frances L. Greenhill



F

JACKSON HEWITT TAX SERVICE


Taxpayer's Name(s): FRANCES L GREENHILL


I attest that all information contained on this income tax

return was obtained from: FRANCES L GREENHILL


and is true and correct to the best of my knowledge.


Preparer's Signature

Preparer's SSN/PTIN 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

9/3/03

THIS ATTESTATION MUST REMAIN
ACHED TO THIS RETURN WHEN MAILED

# SCHEDULE C
## (Form 1040)

Department of the Treasury
Internal Revenue Service (99)

# Profit or Loss From Business
### (Sole Proprietorship)
▶ Partnerships, joint ventures, etc., must file Form 1065 or Form 1065-B.
▶ Attach to Form 1040 or Form 1041.   ▶ See Instructions for Schedule C (Form 1040).

OMB No. 1545-0074

## 2000
Attachment
Sequence No. 09

| | |
|---|---|
| Name of proprietor FRANCES L GREENHILL | Social security number (SSN) 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 |

**A** Principal business or profession, including product or service (see instructions)
SETTLEMENT

**B** Enter code from instructions
999999

**C** Business name. If no separate business name, leave blank.

**D** Employer ID no. (EIN), if any

**E** Business address, ▶
City, state, ZIP

**F** Accounting method:   (1) ☒ Cash   (2) ☐ Accrual   (3) ☐ Other (specify) ▶

**G** Did you "materially participate" in the operation of this business during 2000? If "No," see instructions for limit on losses . . . . . ☒ Yes   ☐ No

**H** If you started or acquired this business during 2000, check here . . . . . . . . . ▶ ☐

## Part I   Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. **Caution:** If this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked, see instructions and check here . . . . . . . . . . ▶ ☐ | 1 | 90000. |
| 2 | Returns and allowances . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 | 0. |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | 90000. |
| 4 | Cost of goods sold (from line 42 on page 2) . . . . . . . . . . . . . . . . . | 4 | 0. |
| 5 | **Gross profit.** Subtract line 4 from line 3 . . . . . . . . . . . . . . . . . | 5 | 90000. |
| 6 | Other income, including Federal and state gasoline or fuel tax credit or refund (see instructions) . . . . . . . . | 6 | 0. |
| 7 | **Gross income.** Add lines 5 and 6 . . . . . . . . . . . . . . . . . . . . . ▶ | 7 | 90000. |

## Part II   Expenses. Enter expenses for business use of your home **only** on line 30.

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | Advertising. . . . . . . . . . . . . | 8 | 0. | 19 Pension & profit-sharing plans | 19 | 0. |
| 9 | Bad debts from sales or services (see instructions) . . . . | 9 | 0. | 20 Rent or lease (see instructions): | | |
| 10 | Car and truck expenses (see instructions) . . . . . . . . | 10 | 0. | a Vehicles, machinery, and equipment | 20a | 0. |
| | | | | b Other business property . . . . . . | 20b | 0. |
| 11 | Commissions and fees . . . . . . . | 11 | 0. | 21 Repairs and maintenance . . . . . | 21 | 0. |
| 12 | Depletion . . . . . . . . . . . . . . | 12 | 0. | 22 Supplies (not included in Part III) . . | 22 | 0. |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) | 13 | 0. | 23 Taxes and licenses . . . . . . . . | 23 | 0. |
| | | | | 24 Travel, meals, & entertainment: | | |
| | | | | a Travel . . . . . . . . . . . . . . . . | 24a | 0. |
| 14 | Employee benefit programs (other than on line 19) . . . . | 14 | 0. | b Meals and entertainment . . . . . 0. | | |
| 15 | Insurance (other than health) . . | 15 | 0. | c Enter nondeductible amount included on line 24b (see instructions) . . 0. | | |
| 16 | Interest: | | | | | |
| a | Mortgage (paid to banks, etc.) | 16a | 0. | d Subtract line 24c from line 24b | 24d | 0. |
| b | Other . . . . . . . . . . . . . . . . | 16b | 0. | 25 Utilities . . . . . . . . . . . . . . . | 25 | 0. |
| 17 | Legal and professional services . . . . . . . . . . . . . . | 17 | 30000. | 26 Wages (less employment credits) . . . | 26 | 0. |
| 18 | Office expense. . . . . . . . . . . | 18 | 0. | 27 Other expenses (from line 48 on page 2) . . . . | 27 | 0. |

| | | | |
|---|---|---|---|
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27 in columns . . . . . . . . . . . ▶ | 28 | 30000. |
| 29 | Tentative profit (loss). Subtract line 28 from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . | 29 | 60000. |
| 30 | Expenses for business use of your home. Attach **Form 8829** . . . . . . . . . . . . . . . . . . . . . | 30 | 0. |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29. | | |
| | • If a profit, enter on **Form 1040, line 12,** and also on **Schedule SE, line 2** (statutory employees, see instructions). Estates and trusts, enter on Form 1041, line 3. | 31 | 60000. |
| | • If a loss, you **must** go to line 32. | | |

**32** If you have a loss, check the box that describes your investment in this activity (see instructions).
- If you checked 32a, enter the loss on **Form 1040, line 12,** and also on **Schedule SE, line 2** (statutory employees, see instructions). Estates and trusts, enter on Form 1041, line 3.
- If you checked 32b, you **must** attach **Form 6198.**

| | |
|---|---|
| 32a | ☐ All investment is at risk. |
| 32b | ☐ Some investment is not at risk. |

For Paperwork Reduction Act Notice, see Form 1040 instructions.

Schedule C (Form 1040) 2000

Schedule SE (Form 1040) 2000                                                                Attachment Sequence No. **17**                      F  Page **2**

| Name of person with **self-employment** income (as shown on Form 1040) | Social security number of person with **self-employment** income ▶ |
|---|---|
| FRANCES L GREENHILL | 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 |

## Section B -- Long Schedule SE

### Part I   Self-Employment Tax

**Note:** If your only income subject to self-employment tax is **church employee income,** skip lines 1 through 4b. Enter -0- on line 4c and go to line 5a. Income from services you performed as a minister or a member of a religious order **is not** church employee income. See instructions.

| | | | |
|---|---|---|---:|
| A | If you are a minister, member of a religious order, or Christian Science practitioner **and** you filed Form 4361, but you had $400 or more of **other** net earnings from self-employment, check here and continue with Part I  ............................. ▶ ☐ | | |
| 1 | Net farm profit or (loss) from Schedule F, line 36, and farm partnerships, Schedule K-1 (Form 1065), line 15a. **Note.** Skip this line if you use the farm optional method. See instructions | **1** | 0. |
| 2 | Net profit or (loss) from Schedule C, line 31; Schedule C-EZ, line 3; Schedule K-1 (Form 1065), line 15a (other than farming); and Schedule K-1 (Form 1065-B), box 9. Ministers and members of religious orders, see instructions for amounts to report on this line. See instructions for other income to report.   **Note.** Skip this line if you use the nonfarm optional method. See instructions  ............................ | **2** | 60000. |
| 3 | Combine lines 1 and 2 | **3** | 60000. |
| 4a | If line 3 is more than zero, multiply line 3 by 92.35% (.9235). Otherwise, enter amount from line 3  ......... | **4a** | 55410. |
| b | If you elect one or both of the optional methods, enter the total of lines 15 and 17 here  ............. | **4b** | 0. |
| c | Combine lines 4a and 4b. If less than $400, **do not** file this schedule; you do not owe self-employment tax. **Exception.** If less than $400 and you had **church employee income,** enter -0- and continue  .......... ▶ | **4c** | 55410. |
| 5a | Enter your **church employee income** from Form W-2. **Caution:** See instructions for definition of church employee income **5a** 0. | | |
| b | Multiply line 5a by 92.35% (.9235). If less than $100, enter -0-  ............................. | **5b** | 0. |
| 6 | **Net earnings from self-employment.** Add lines 4c and 5b  ............................. | **6** | 55410. |
| 7 | Maximum amount of combined wages and self-employment earnings subject to social security tax or the 6.2% portion of the 7.65% railroad retirement (tier 1) tax for 2000  ..................... | **7** | 76,200.00 |
| 8a | Total social security wages and tips (total of boxes 3 and 7 on Form(s) W-2) and railroad retirement (tier 1) compensation **8a** 30305. | | |
| b | Unreported tips subject to social security tax (from Form 4137, line 9)  ........ **8b** 0. | | |
| c | Add lines 8a and 8b  ............................................ | **8c** | 30305. |
| 9 | Subtract line 8c from line 7. If zero or less, enter -0- here and on line 10 and go to line 11  ............. ▶ | **9** | 45895. |
| 10 | Multiply the **smaller** of line 6 or line 9 by 12.4% (.124)  ............................. | **10** | 5691. |
| 11 | Multiply line 6 by 2.9% (.029)  ...................................... | **11** | 1607. |
| 12 | **Self-employment tax.** Add lines 10 and 11. Enter here and on **Form 1040, line 52** ................... | **12** | 7298. |
| 13 | **Deduction for one-half of self-employment tax.** Multiply line 12 by 50% (.5). Enter the result here and on **Form 1040, line 27**  ................ **13** 3649. | | |

### Part II   Optional Methods To Figure Net Earnings (See instructions.)

**Farm Optional Method.** You may use this method **only if:**
- Your gross farm income [1] was not more than $2,400 **or**
- Your net farm profits [2] were less than $1,733.

| | | | |
|---|---|---|---:|
| 14 | Maximum income for optional methods  ................................... | **14** | 1,600.00 |
| 15 | Enter the **smaller** of: two-thirds (2/3) of gross farm income [1] (not less than zero) **or** $1,600. Also include this amount on line 4b above | **15** | |

**Nonfarm Optional Method.** You may use this method **only if:**
- Your net nonfarm profits [3] were less than $1,733 and also less than 72.189% of your gross nonfarm income [4] **and**
- You had net earnings from self-employment of at least $400 in 2 of the prior 3 years.

**Caution:** You may use this method no more than five times.

| | | | |
|---|---|---|---:|
| 16 | Subtract line 15 from line 14  ...................................... | **16** | |
| 17 | Enter the **smaller** of: two-thirds (2/3) of gross nonfarm income [4] (not less than zero) **or** the amount on line 16. Also, include this amount on line 4b above | **17** | |

[1] From Sch. F, line 11, and Sch. K-1 (Form 1065), line 15b.         [3] From Sch. C, line 31; Sch. C-EZ, line 3; Sch. K-1 (Form 1065), line 15a; and Sch. K-1 (Form 1065-B), box 9.
[2] From Sch. F, line 36, and Sch. K-1 (Form 1065), line 15a.         [4] From Sch. C, line 7; Sch. C-EZ, line 1; Sch. K-1 (Form 1065), line 15c; and Sch. K-1 (Form 1065-B), box 9.

CAA     0  SE12     NTF 30764     GLD 7673     Copyright 2000 Greatland/Nelco LP - Forms Software Only          **Schedule SE (Form 1040) 2000**

GREENHILL    BEP31059.PAP 1181935557 38-9905 I2001.03.13    F

Form 1040X (Rev. 11-2000)    Page **2**

| Part I | Exemptions. See Form 1040 or 1040A instructions. | | | | | |
|---|---|---|---|---|---|---|

| | | | | **A. Original** number of exemptions reported or as previously adjusted | **B. Net change** | **C. Correct** number of exemptions |
|---|---|---|---|---|---|---|
| | If you are **not changing** your exemptions, do not complete this part. If claiming **more exemptions**, complete lines 25-31. If claiming **fewer exemptions**, complete lines 25-30. | | | | | |
| **25** | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **25** | | | | |
| | **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | | | | | |
| **26** | Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . . | **26** | | | | |
| **27** | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **27** | | | | |
| **28** | Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **28** | | | | |
| **29** | Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . | **29** | | | | |
| **30** | Multiply the number of exemptions claimed on line 29 by amount listed below for the tax year you are amending. Enter result here and on line 4. | | | | | |

| Tax year | Exemption amount | But see the instructions for line 4 if the amount on line 1 is over: |
|---|---|---|
| 2000 | $2,800 | $96,700 |
| 1999 | 2,750 | 94,975 |
| 1998 | 2,700 | 93,400 |
| 1997 | 2,650 | 90,900 |

**30**

**31** Dependents (children and other) not claimed on original (or adjusted) return:

**Note.** For tax years after 1997, do not complete column (e) below. For tax year 1997, do not complete column (d) below.

| (a) First name    Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) √ if qualifying child for child tax credit (see inst.) | (e) No. of months lived in your home | |
|---|---|---|---|---|---|
| | | | | | No. of your children on line 31 who: • lived with you . . . . . . . . ▶ | 0 |
| | | | | | • **did not** live with you due to divorce or separation (see inst.) . . . . ▶ | 0 |
| | | | | | Dependents on line 31 not entered above ▶ | 0 |

| Part II | Explanation of Changes to Income, Deductions, and Credits |
|---|---|

Enter the line number from page 1 of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See instructions. Also, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

LINE 1: TO HAVE INCOME FROM A SETTLEMENT

LINE 7: INCOME INCREASED

LINE 9: INCOME INCREASED

LINE 13: INCOME INCREASED

| Part III | Presidential Election Campaign Fund. Checking below will not increase your tax or reduce your refund. |
|---|---|

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . . . . . . . ▶ ☐

Form **1040X** (Rev. 11-2000)

PHILADELPHIA IRS CENTER

## OUR PROPOSED CHANGES TO YOUR 2000 FORM 1040
### (DETAILED INFORMATION FOR THESE CHANGES BEGINS ON PAGE 3)

|  | Shown on Return | Reported to IRS (or Proposed by IRS) | Proposed Change |
|---|---|---|---|

**Our Proposed Changes to Your Income and Deductions**

|  | Shown on Return | Reported to IRS | Proposed Change |
|---|---|---|---|
| PENSION AND ANNUITY TAXABLE | $ 0.00 | $ 7,924.00 | $ 7,924.00 |
| NONEMPLOYEE COMPENSATION | $ 0.00 | $ 90,000.00 | $ 90,000.00 |
| SELF-EMPLOYMENT TAX DEDUCTION | $ 0.00 | $ 4,051.00 | $ 4,051.00 |
| Total Increase | | | $ 93,873.00 |

**Our Proposed Changes To Your Tax Computation**

| | | Shown on Return | Reported to IRS | Proposed Change |
|---|---|---|---|---|
| 1. | Taxable Income, line 39 | $ 15,697.00 | $ 109,570.00 | $ 93,873.00 |
| 2. | Tax, line 40 | $ 2,351.00 | $ 26,673.00 | $ 24,322.00 |
| 3. | Credit for child and dependent care expenses, line 44 | $ 480.00 | $ 480.00 | $ 0.00 |
| 4. | Child tax credit, line 47 | $ 500.00 | $ 0.00 | $ -500.00 |
| 5. | Self-Employment Tax, line 52 | $ 0.00 | $ 8,101.00 | $ 8,101.00 |
| 6. | Tax on IRAs, other retirement plans, and MSAs, line 54 | $ 0.00 | $ 792.00 | $ 792.00 |
| 7. | Total Tax, line 57 | $ 1,371.00 | $ 35,086.00 | $ 33,715.00 |
| 8. | Earned Income Credit, line 60a | $ 132.00 | $ 0.00 | $ -132.00 |
| 9. | Net Tax Increase | | | $ 33,847.00 |
| 10. | Income tax Withheld, line 58 | $ 3,174.00 | $ 2,700.00 | $ -474.00 |
| 11. | Accuracy-Related Penalty | | | $ 6,864.00 |
| 12. | Interest From 04/16/2001 To 05/22/2002 | | | $ 3,220.00 |
| **13.** | **Proposed Amount You Owe IRS** | | | **$ 44,405.00** |

*(The proposed changes apply to this notice only. It doesn't include any additional amounts for tax year 2000 that you may owe from a previous IRS notice.)*

Department of the Treasury
Internal Revenue Service
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

Date:
SEP. 25, 2004

Taxpayer Identifying Number:
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    0 00

Caller ID:                   278004

Contact Telephone Number:
TOLL FREE:  1-800-829-7650
      BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-7650

FRANCES L GREENHILL
1900 RITCHIE RD
DISTRICT HTS  MD   20747-2522009

001303

## Reminder Notice

We are required by law to remind you periodically in writing about your overdue tax. The amount you owe is shown on the back of this letter.

You do not need to contact us about this letter if you are working with us to resolve your account. However, please call the telephone number listed above if you:

- have unanswered questions about the overdue taxes.
- wrote or called us more than 30 days ago and have not received a reply.

If you have NOT been working with us to resolve your account, please read the rest of this letter carefully. Then, based upon your situation, take the action listed in either Step 1 or Step 2.

**Step 1:**
If you agree with the amount shown on the back of this letter and have no questions, send us full payment. Make your check or money order payable to United States Treasury. Write your tax identifying number and the tax period(s) on your payment. Use the envelope provided and include the enclosed return cover sheet when sending us your payment or correspondence. Keep this letter for your records.

**Step 2:**
Call the telephone number listed above if you:

- believe the overdue tax is incorrect or have other questions.
- are unable to pay your overdue taxes in full. Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan.

This office is authorized to take enforcement action to collect the amount you owe. This can include taking your property, or rights to property, such as wages, bank accounts, real estate or automobiles. We may also file a Notice of Federal Tax Lien without giving you advance notice. A lien is public notice to your creditors that the government has a right to your interests in your current assets and assets you acquire after we file a lien. This can affect your ability to obtain credit. To avoid possible enforcement actions, we must hear from you within 10 days from the date of this letter.

Enclosures: Return Cover Sheet, Envelope

*577889905103*

Operations Manager, Automated Collection System

Letter 3228 (Rev. 01-2004)(LT-39)



Taxpayer Identification Number:
**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**

# *Penalty and Interest*



001303

The penalty and interest charges on your account are explained below. If you want a more detailed explanation of your penalty and interest, please call the telephone number listed on the front of this notice/letter.

### Paying Late - IRC Section 6651 (a)(2)

We charge a penalty when you do not pay your tax on time. Initially, the penalty is one half percent of the unpaid tax for each month or part of a month you didn't pay your tax.

### Interest - IRC Section 6601

We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full. Interest compounds daily except on late or underpaid estimated taxes for individuals or corporations. Interest is also charged on penalties for late filing, over or understating valuations, and substantially understating the tax you owe.

Corporate Interest - We charge additional interest of 2% if, according to our records, you didn't make your corporate tax payment within 30 days after the IRS notified you of the underpayment of tax. This interest begins on the 31st day after we notify you of the underpayment on tax amounts you owe over $100,000, minus your timely payments and credits.

LAW OFFICES

# ARAGONA & ARAGONA

OXON HILL PROFESSIONAL BUILDING
6130 OXON HILL ROAD, SUITE 100
OXON HILL, MARYLAND 20735-3166

XAVIER ARAGONA (MD, DC & NY)
CHRISTOPHER A. ARAGONA (MD)
GEORGE L. BROOKS (MD & DC)

TELEPHONE (301) 567-1100
FAX (301) 567-1576

July 8, 2003

## TO WHOM IT MAY CONCERN:

This office represented Ms. Frances Greenhill in an EEOC case against the Department of Education, at which a settlement agreement had been reached in the amount of $90,000.00. Ms Greenhill received a check from our office in the amount of $60,000.00 for the year 2000, minus attorney fees

Sincerely,

Christopher A. Aragona

CAA/glj

Form 1040 (2000)

Page **2**

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 34 | Amount from line 33 (adjusted gross income) .................................. | 34 | 86898. |
| | 35a | Check if: ☐ **You** were 65/older, ☐ Blind; ☐ **Spouse** was 65 or older, ☐ Blind. | | |
| | | Add the number of boxes checked above and enter the total here ▶ 35a | | 0 |
| | **b** | If you are married filing separately and your spouse itemizes deductions, or you were a dual-status alien, see instructions and check here ..................... ▶ 35b ☐ | | |
| **Standard Deduction for Most People** | 36 | Enter your **itemized deductions** from Schedule A, line 28, **or standard deduction** shown on the left. **But** see instructions to find your standard deduction if you checked any box on line 35a or 35b **or** if someone can claim you as a dependent ............... | 36 | 6450. |
| | 37 | Subtract line 36 from line 34 ............................................ | 37 | 80448. |
| Single: $4,400 | 38 | If line 34 is $96,700 or less, multiply $2,800 by the total number of exemptions claimed on line 6d. If line 34 is over $96,700, see the worksheet in the instructions for the amount to enter | 38 | 8400. |
| Head of household: $6,450 | 39 | **Taxable income.** Subtract line 38 from line 37. If line 38 is more than line 37, enter -0- ...... | 39 | 72048. |
| | 40 | **Tax** (see inst.). Check if any tax is from **a** ☐ Form(s) 8814 **b** ☐ Form 4972 .......... | 40 | 15598. |
| Married filing jointly or Qualifying widow(er): $7,350 | 41 | Alternative minimum tax. Attach Form 6251 ................................ | 41 | 0. |
| | 42 | Add lines 40 and 41 .............................................. ▶ | 42 | 15598. |
| | 43 | Foreign tax credit. Attach Form 1116 if required ........ | 43 | 0. | |
| Married filing separately: $3,675 | 44 | Credit for child & dependent care expenses. Attach Form 2441 | 44 | 480. | |
| | 45 | Credit for the elderly or the disabled. Attach Schedule R ...... | 45 | 0. | |
| | 46 | Education credits. Attach Form 8863 ................... | 46 | 0. | |
| | 47 | Child tax credit (see instructions) ..................... | 47 | 0. | |
| | 48 | Adoption credit. Attach Form 8839 ................... | 48 | 0. | |
| | 49 | Other. Check if from **a** ☐ Form 3800 **b** ☐ Form 8396 **c** ☐ Form 8801 **d** ☐ Form _____ | 49 | 0. | |
| | 50 | Add lines 43 through 49. These are your **total credits** ............................ | 50 | 480. |
| | 51 | Subtract line 50 from line 42. If line 50 is more than line 42, enter -0- .............. ▶ | 51 | 15118. |
| **Other Taxes** | 52 | Self-employment tax. Attach Schedule SE ................................... | 52 | 7298. |
| | 53 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 ...... | 53 | 0. |
| | 54 | Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329 if required .............. | 54 | 0. |
| | 55 | Advance earned income credit payments from Form(s) W-2 .................... | 55 | 0. |
| | 56 | Household employment taxes. Attach Schedule H .......................... | 56 | 0. |
| | 57 | Add lines 51 through 56. This is your **total tax** ............................ ▶ | 57 | 22416. |
| **Payments** | 58 | Federal income tax withheld from Forms W-2 and 1099 ...... | 58 | 3174. | |
| If you have a qualifying child, attach Schedule EIC. | 59 | 2000 estimated tax payments & amt. applied from 1999 return | 59 | 0. | |
| | 60a | **Earned income credit (EIC)** ........................ | 60a | | |
| | **b** | Nontaxable earned income: amt. ▶ _____ & type ▶ NO | | | |
| 0  104012 | 61 | Excess social security and RRTA tax withheld (see instructions) | 61 | 0. | |
| NTF 31768 | 62 | Additional child tax credit. Attach Form 8812 ............ | 62 | 0. | |
| Copyright 2000 Greatland/Nelco LP - Forms Software Only | 63 | Amount paid with request for extension to file (see instructions) | 63 | 0. | |
| | 64 | Other payments. Check if from **a** ☐ Form 2439 **b** ☐ Form 4136 | 64 | 0. | |
| | 65 | Add lines 58, 59, 60a, and 61 through 64. These are your **total payments** ...... ▶ | 65 | 3174. |
| **Refund** | 66 | If line 65 is more than line 57, subtract line 57 from line 65. This is the amount you **overpaid** ...... | 66 | 0. |
| Have it directly deposited! See inst. and fill in 67b, 67c, and 67d. ▶ | 67a | Amount of line 66 you want **refunded to you** ................................ ▶ | 67a | 0. |
| | **b** | Routing no. _____ ▶ **c** Type: ☐ Checking ☐ Savings | | |
| | **d** | Account no. _____ | | |
| | 68 | Amt. of line 66 you want **applied to your 2001 estimated tax** ▶ | 68 | 0. | |
| **Amount You Owe** | 69 | If line 57 is more than line 65, subtract line 65 from line 57. This is the **amount you owe**. For details on how to pay, see instructions ............................... ▶ | 69 | 19242. |
| | 70 | Estimated tax penalty. Also include on line 69 ......... | 70 | 0. | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records. ▶

Your signature *Thomas L. Greidly*   Date 9-8-03   Your occupation EDUCATION ASST   Daytime phone number

Spouse's signature. If a joint return, **both** must sign.   Date   Spouse's occupation

May IRS discuss this return with preparer shown below (see inst.)? ☐ Yes ☒ No

**Paid Preparer's Use Only**

| Preparer's signature | See Attestation | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|
| Firm's name (or yours if self-employed), address, & ZIP code | Jackson Hewitt Tax Service 6261 Livingston Road Oxon Hill, MD   20745-0000 | | EIN | 52-1788495 |
| | | | Phone no. | (301) 899-0904 |

CAA

Preparers Edition    Form **1040** (2000)

LAW OFFICES

# ARAGONA & ARAGONA

OXON HILL PROFESSIONAL BUILDING
6130 OXON HILL ROAD, SUITE 100
OXON HILL, MARYLAND 20745-3166

XAVIER ARAGONA (MD, DC & NY)
CHRISTOPHER A. ARAGONA (MD)
GEORGE L. BROOKS (MD & DC)

TELEPHONE (301) 567-1100
FAX (301) 567-1576

July 8, 2003

**TO WHOM IT MAY CONCERN:**

This office represented Ms. Frances Greenhill in an EEOC case against the Department of Education, at which a settlement agreement had been reached in the amount of $90,000.00. Ms. Greenhill received a check from our office in the amount of $60,000.00 for the year 2000, minus attorney fees.

Sincerely,

Christopher A. Aragona

CAA/glj

REFERENCE COPY

F

Form **1040**  Department of the Treasury—Internal Revenue Service
**U.S. Individual Income Tax Return** **2000** | (99) IRS Use Only – Do not write or staple in this space.

| | | |
|---|---|---|
| For the year Jan. 1–Dec. 31, 2000, or other tax year beginning | , 2000, ending | , 20 | OMB No. 1545-0074 |

Use the IRS label. Otherwise, please print or type.

FRANCES L                        GREENHILL
12806 HEATHERWICK COURT
BRANDYWINE, MD 20613

**Your social security number**  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
**Spouse's social security no.**

▲ **You must enter your SSN(s) above.**

**Presidential Election Campaign** ▶
Note. Checking "Yes" will not change your tax or reduce your refund.
Do you, or your spouse if filing a joint return, want $3 to go to this fund? .............. ▶
You: [ ] Yes [X] No    Spouse: [ ] Yes [ ] No

**Filing Status**

Check only one box.

1 [ ] Single
2 [ ] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's SSN above & full name here. ▶
4 [X] Head of household (with qualifying person). (See inst.) If the qualifying person is a child but not your dependent, enter child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (yr. spouse died ▶ ). (See instructions.)

**Exemptions**

6a [X] **Yourself.** If your parent (or someone else) can claim you as a dependent on his or her tax return, **do not** check box 6a. ▶

No. of boxes checked on 6a and 6b: **1**

b [ ] **Spouse**

c Dependents: If more than six dependents, see instructions.

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see inst.) |
|---|---|---|---|
| DOMINIQUE LITTLEJOHN | 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 | SON | |
| TIFFANY GREENHILL | 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 | DAUGHTER | X |
| | | | |
| | | | |
| | | | |
| | | | |

No. of your children on 6c who:
• lived with you **2**
• did not live with you due to divorce or separation (see inst.) **0**

Dependents on 6c not entered above **0**

Add numbers entered on lines above ▶ **3**

d Total number of exemptions claimed .................................................

**Income**

Attach Forms W-2 and W-2G here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

7 Wages, salaries, tips, etc. Attach Form(s) W-2 | **7** | 30305.
8a Taxable interest. Attach Schedule B if required ............... | **8a** | 242.
b Tax-exempt interest. Do not include on line 8a ......... | **8b** | 0. |
9 Ordinary dividends. Attach Schedule B if required ............ | **9** | 0.
10 Taxable refunds, credits, or offsets of state and local income taxes (see instructions) ...... | **10** | 0.
11 Alimony received .......................................... | **11** | 0.
12 Business income or (loss). Attach Schedule C or C-EZ ........... | **12** | 60000.
13 Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ .... [ ] | **13** | 0.
14 Other gain or (losses). Attach Form 4797 ...................... | **14** | 0.
15a Total IRA distributions .. | **15a** | 0. | b Taxable amount (see inst.) . | **15b** | 0.
16a Total pensions and annuities . | **16a** | 0. | b Taxable amount (see inst.) . | **16b** | 0.
17 Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | **17** | 0.
18 Farm income or (loss). Attach Schedule F ..................... | **18** | 0.
19 Unemployment compensation ................................ | **19** | 0.
20a Social security benefits . | **20a** | | b Taxable amount (see inst.) . | **20b** | 0.
21 Other income. .......................................... | **21** | 0.
22 Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | **22** | 90547.

**Adjusted Gross Income**

23 IRA deduction (see instructions) ............. | **23** | 0.
24 Student loan interest deduction (see instructions) ........ | **24** | 0.
25 Medical savings account deduction. Attach Form 8853 .... | **25** | 0.
26 Moving expenses. Attach Form 3903 .................. | **26** | 0.
27 One-half of self-employment tax. Attach Schedule SE .... | **27** | 3649.
28 Self-employed health insurance deduction (see inst.) .... | **28** | 0.
29 Self-employed SEP, SIMPLE, and qualified plans ........ | **29** | 0.
30 Penalty on early withdrawal of savings ............... | **30** | 0.
31a Alimony paid b Recipient's SSN ▶ | **31a** | 0.
32 Add lines 23 through 31a ................................. | **32** | 3649.
33 Subtract line 32 from line 22. This is your **adjusted gross income** ▶ | **33** | 86898.

**For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see instructions.** CAA    Preparers Edition    Form **1040** (2000)

0  104012
NTF 31767
Copyright 2000
Greatland/Nelco LP –
Forms Software Only

Form **2441**

## Child and Dependent Care Expenses

▶ Attach to Form 1040.

▶ See separate instructions.

OMB No. 1545-0068

**2000**

Attachment
Sequence No. **21**

Department of the Treasury
Internal Revenue Service    (99)

Name(s) shown on Form 1040

FRANCES L GREENHILL

Your social security number

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

**Before you begin:** You need to understand the following terms. See **Definitions** in the instructions.

- **Dependent Care Benefits**
- **Qualifying Person(s)**
- **Qualified Expenses**
- **Earned Income**

**Part I** | **Persons or Organizations Who Provided the Care** -- You **must** complete this part.
(If you need more space, use the bottom of page 2.)

| 1 | (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|---|
| | SHARON LITTLEJOHN | 8439 23RD PARKWAY TEMPLE HILLS MD 20748 | 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 | 3600. |

Did you receive **dependent care benefits?** —— **No** ——▶ Complete only Part II below.

—— **Yes** ——▶ Complete Part III on page 2 next.

**Caution:** If the care was provided in your home, you may owe employment taxes. See the instructions for Form 1040, line 56.

**Part II** | **Credit for Child and Dependent Care Expenses**

2 Information about your **qualifying person(s).** If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name | | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2000 for the person listed in column (a) |
|---|---|---|---|
| First | Last | | |
| TIFFANY | GREENHILL | 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 | 3600. |

| | | | |
|---|---|---|---|
| 3 | Add the amounts in column (c) of line 2. **Do not** enter more than $2,400 for one qualifying person or $4,800 for two or more persons. If you completed Part III, enter the amount from line 24 ......... | **3** | 2400. |
| 4 | Enter YOUR earned income ........................................ | **4** | 86656. |
| 5 | If married filing a joint return, enter YOUR SPOUSE'S earned income (if your spouse was a student or was disabled, see the instructions); **all others,** enter the amount from line 4 .................. | **5** | 86656. |
| 6 | Enter the **smallest** of line 3, 4, or 5 ......................................... | **6** | 2400. |
| 7 | Enter the amount from Form 1040, line 34 ................ | **7** | 86898. | | |

8 Enter on line 8 the decimal amount shown below that applies to the amount on line 7

| If line 7 is -- | | | If line 7 is -- | | | | |
|---|---|---|---|---|---|---|---|
| Over | But not over | Decimal amount is | Over | But not over | Decimal amount is | | |
| $0 - 10,000 | | .30 | $20,000 - 22,000 | | .24 | | |
| 10,000 - 12,000 | | .29 | 22,000 - 24,000 | | .23 | | |
| 12,000 - 14,000 | | .28 | 24,000 - 26,000 | | .22 | | |
| 14,000 - 16,000 | | .27 | 26,000 - 28,000 | | .21 | | |
| 16,000 - 18,000 | | .26 | 28,000 - No limit | | .20 | **8** | X .20 |
| 18,000 - 20,000 | | .25 | | | | | |

| | | | |
|---|---|---|---|
| 9 | Multiply **line 6** by the decimal amount on **line 8**. Enter the result here and on Form 1040, line 44. But if this amount is more than the amount on Form 1040, line 42, minus any amount on line 43, **or** you paid 1999 expenses in 2000, see the instructions for the amount to enter on line 44 ............................................................... | **9** | 480. |

**For Paperwork Reduction Act Notice, see the instructions.**

Form **2441** (2000)

CAA    0  244112    NTF 30693    Copyright 2000 Greatland/Nelco LP - Forms Software Only

# 1040X

**Department of the Treasury -- Internal Revenue Serv.**

## Amended U.S. Individual Income Tax Return

(Rev. November 2000)

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 2000 , or fiscal year ended ▶

| | |
|---|---|
| Your first name and initial | FRANCES L |
| Last name | GREENHILL |
| Your social security no. | 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 |

If a joint return, spouse's first name and initial — Last name — Spouse's SSN

Home address (no. and street) or P.O. box if mail is not delivered to your home: 12806 HEATHERWICK COURT

Apt. no. — Phone number

City, town or post office, state, and ZIP code. If you have a foreign address, see the instructions.
BRANDYWINE, MD 20613

For Paperwork Reduction Act Notice, see inst.

**A** If the name or address shown above is different from that shown on the original return, check here .....

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? ...... ☐ Yes ☒ No

**C** Filing status. Be sure to complete this line. You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single  ☐ Married filing joint return  ☐ Married filing separate return  ☒ Head of household  ☐ Qualifying widow(er)

On this return ▶ ☐ Single  ☐ Married filing joint return  ☐ Married filing separate return  ☒ Head of household*  ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see instructions.

## Use Part II on Page 2 to Explain Any Changes

### Income and Deductions (see instructions)

| | | A. Original amount or as previously adjusted (see inst.) | B. Net change -- amt. of increase or (decrease) -- explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 | Adjusted gross income (see instructions) | 30547. | 56351. | 86898. |
| 2 | Itemized deductions or standard deduction (see instructions) | 6450. | 0. | 6450. |
| 3 | Subtract line 2 from line 1 | 24097. | 56351. | 80448. |
| 4 | Exemptions. If changing, fill in Parts I and II on page 2 | 8400. | 0. | 8400. |
| 5 | Taxable income. Subtract line 4 from line 3 | 15697. | 56351. | 72048. |
| 6 | Tax (see instructions). Method used in col. c TAX TABLE | 2351. | 13247. | 15598. |
| 7 | Credits. (see instructions) | 980. | -500. | 480. |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 1371. | 13747. | 15118. |
| 9 | Other taxes (see instructions) | 0. | 7298. | 7298. |
| 10 | Total tax. Add lines 8 and 9 | 1371. | 21045. | 22416. |

### Payments

| | | | | |
|---|---|---|---|---|
| 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see instructions | 3174. | 0. | 3174. |
| 12 | Estimated tax payments, including amount applied from prior year's return | 0. | 0. | 0. |
| 13 | Earned income credit (EIC) | 132. | -132. | 0. |
| 14 | Additional child tax credit from Form 8812 | 0. | 0. | 0. |
| 15 | Credits from Form 2439 or Form 4136 | 0. | 0. | 0. |
| 16 | Amount paid with request for extension of time to file (see instructions) | | | 0. |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | | | 0. |
| 18 | Total payments. Add lines 11 through 17 in column C | | | 3174. |

### Refund or Amount You Owe

| | | |
|---|---|---|
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 1935. |
| 20 | Subtract line 19 from line 18 (see instructions) | 1239. |
| 21 | **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see instructions | 21177. |
| 22 | If line 10, column C, is less than line 20, enter the difference | 0. |
| 23 | Amount of line 22 you want **refunded to you** | 0. |
| 24 | Amount of line 22 you want **applied to your** estimated tax **24** 0. | |

**Sign Here**
Joint return? Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Your signature: *Frances L Greenhill*  Date: 9-8-03

Spouse's signature. If a joint return, **both** must sign.  Date

**Paid Preparer's Use Only**

| | |
|---|---|
| Preparer's signature | See Attestation |
| Date | |
| Check if self-employed ☐ | |
| Preparer's SSN or PTIN | |
| Firm's name (or yours if self-employed), address, and ZIP code | Jackson Hewitt Tax Service, 6261 Livingston Road, Oxon Hill, MD |
| EIN | 52-1788495 |
| Phone no. | (301) 567-7874 |

CAA · /0  1040X12  NTF 32090  Copyright 2000 Greatland/Nelco LP - Forms Software Only  Form **1040X** (Rev. 11-2000)

**ORIGINAL**

**Commonwealth of Massachussetts**
**District Courts of Massachusetts**
**District Court of Somerville**
175 Fellsway
Somerville, MA 02145
(617)-666-8900

Middlesex, ss

**LEASECOMM CORPORATION**
VS.

FRANCES GREENHILL
DBA LLJ ENTERPRISES

24715005
SOMERVILLE

Civil Action No. _0310CV0162_

**SUMMONS**
(Rule 4)

FRANCES GREENHILL                          1900 RITCHIE RD
DBA LLJ ENTERPRISES                         DISTRICT HTS , MD 207472522

To defendant _____ of _____
                    (name)                                                    (address)

You are hereby summoned and required to serve upon _____Thomas Palmer_____ , plaintiff('s attorney), whose address is **Leasecomm Corp. 10 M Commerce Way, Woburn, MA 02451.** a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS _____Paul P. Heffernan_____ , Presiding Justice, on ___01/13/2003_____
                                                                                                (date)

(SEAL)

_Robert R. Tonsson_
Clerk/Magistrate

Note: (1)  When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2)  The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

**RETURN OF SERVICE**

On _____ I served a copy of the within summons, together with a copy of the
                (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4(d) (1-5):

_____
                (signature)

Note: (1)  The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2)  Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the

Commercial Equipment Lease Agreement herein after referred to as Exhibit "A":

4.    The leased equipment was installed and delivered to the *defendant*.

5.    The *defendant* has defaulted on said obligation to make payments and refused to honor remaining lease payments.

6.    Wherefore, the *Plaintiff* demands judgment against FRANCES GREENHILL DBA LLJ ENTERPRISES plus interest, costs and attorney's fees.

*COUNT 2 - GUARANTY*

7.    Paragraphs 1,2,3,4 and 5, are realleged and incorporated herein by reference.

8.    The *defendant* FRANCES GREENHILL owe(s) the *plaintiff* the sum of $4,566.01, plus interest, costs and attorney's fees by virtue of a guaranty of the account of FRANCES GREENHILL due the *plaintiff* in said sum of $4,566.01.

9.    A copy of the Contract of Guaranty obligating the *defendant* FRANCES GREENHILL is hereto annexed as Exhibit "A", and its terms are incorporated by reference herein.

10.  More than thirty (30) days have elapsed since the inception of the indebtedness of FRANCES GREENHILL to the *plaintiff* and demand has been made on the *defendant* by the *plaintiff* for payment and

DISTRICT COURT DEPARTMENT OF THE TRIAL COURT

Somerville Division CIVIL
ACTION NO.

LEASECOMM CORPORATION
                Plaintiff                    COMPLAINT

                    V.

FRANCES GREENHILL
DBA LLJ ENTERPRISES
                Defendant

03CV0162

1.   The plaintiff is LEASECOMM CORPORATION, a Massachusetts corporation authorized to do business within the Commonwealth of Massachusetts, with a place of business located at 10 M Commerce Way, Woburn, MA 01801 .

2.   The defendant is FRANCES GREENHILL OF 548 INGRAHAM STREET N.E., WASHINGTON, DC 20011 doing business as LLJ ENTERPRISES, having a usual place of business at 548 INGRAHAM STREET N.E., WASHINGTON, DC 20011.

COUNT 1 - CONTRACT

3.   On or about March 19, 2002, FRANCES GREENHILL DBA LLJ ENTERPRISES entered into a written commercial Equipment Lease Agreement whereby the defendant leased certain business equipment for which the defendant was to make regular payments for the lease term after which the defendant was to purchase or return the aforesaid equipment.  The defendant was subsequently obligated to the plaintiff for performance of the lease terms.  See attached

Account # 24715005