UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCES L. GREENHILL, *pro se*    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   Civil Action No.:  05-1100 (RBW)
                                   )
MARGARET SPELLINGS,                )
Secretary, U.S. Department of Education, )
                                   )
        Defendant.                 )
                                   )

### DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Margaret Spellings, Secretary, United States Department of Education, by and through undersigned counsel, respectfully moves this Court pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's claims in this action on the grounds that the Court lacks jurisdiction over Plaintiff's claims, and that Plaintiff's claims fail to state a claim upon which relief can be granted.  In the alternative, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law.  In support of this motion, Defendant respectfully refers the Court to the accompanying Statement of Material Facts As To Which There Is No Genuine Dispute, Memorandum of Points and Authorities, and Exhibits.  A proposed order is also attached.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits her own affidavit or other documentary evidence contradicting the assertions in

Defendant's materials.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7.1(h); Fed. R. Civ. P. 56(e).  Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: October 24, 2005         Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCES L. GREENHILL, pro se )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>MARGARET SPELLINGS, )<br>Secretary, U.S. Department of Education, )<br>)<br>      Defendant. )<br>_____) | Civil Action No.: 05-1100 (RBW) |

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendant Margaret Spellings, Secretary, United States Department of Education, by and through undersigned counsel, respectfully moves this Court for dismissal of this matter pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56(c).

Plaintiff Frances L. Greenhill, *pro se*, brings the above-captioned action, seeking damages and injunctive relief for what appears to be some sort of breach of settlement claim concerning previous employment discrimination claims. See generally Complaint ("Compl."). For the reasons set forth below, this suit should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In the alternative, summary judgment should be granted for Defendant because there are no genuine issues in dispute and Defendant is entitled to judgment as a matter of law.

### BACKGROUND

Effective December 8, 1999, the U.S. Department of Education (Defendant) and Frances L. Greenhill (Plaintiff) entered into a settlement agreement resolving: Plaintiff's EEO complaints

ED-9917000, ED-9920000, and ED 9936000, and the December 9, 1998 Proposal to Remove Plaintiff issued by Defendant.[1] See Settlement Agreement, Attachment to Pl. Compl.; Def. Exh. A.[2] The settlement agreement stated, in relevant part, that "[i]f the Complainant believes that the Department has failed to comply with the terms of this Agreement, she must notify the Department's EEO Director <u>in writing</u> within thirty (30) calendar days of the date Complainant knew or should have known of the alleged noncompliance." Id. (emphasis added).

Plaintiff alleges that, on June 21, 2002, the U.S. Department of Justice, Civil Division, withdrew a tentative offer of employment to Plaintiff because of information received from Defendant and from Plaintiff's Official Personnel Folder (OPF). See Exh B.

Sometime in the summer of 2002, Plaintiff met with Cathy Hawkins, a senior Equal Employment Specialist at the Department of Education, Equal Employment Opportunity Group (EEOG). See Declaration of Cathy Hawkins, Exh. C. Plaintiff informed Ms. Hawkins that she believed that Defendant had breached the 1999 settlement agreement. Id. Ms. Hawkins advised Plaintiff that verbal notification was insufficient to constitute a formal complaint and that she must put her allegations in writing. Ms. Hawkins additionally pointed out that Plaintiff's settlement agreement required Plaintiff to notify EEOG in writing if she believed that Defendant had breached the settlement agreement. Plaintiff responded that she was aware that she would

---

[1] As part of the settlement agreement, the agency agreed to grant Plaintiff a within-grade increase and backpay, effective August 30, 1998 and to provide Plaintiff with a rating of "Pass" for the 1998-1999 General Performance Appraisal System (GPAS) rating year. In exchange, Plaintiff received a lump sum of $90,000, agreed not to seek re-employment with the agency and waived her rights under five EEO complaints. See Exh. A.

[2] For the Court's ease of reference, although all of Defendant's citations refer to unlabeled attachments to Plaintiff's Complaint, Defendant has attached the relevant documents to this motion and labeled them as Defendant's Exhibits as well.

have to file a formal written notification.  Id.

Defendant did not hear anything more from Plaintiff about this matter until one year later when, on July 30, 2003, Plaintiff filed a written notification of breach of settlement agreement.  See Exh D.  Plaintiff's notification acknowledged that she failed to file her complaint "in a timely fashion."  Id.

On July 1, 2004, Robert P. Kilpatrick, EEOG, accepted Plaintiff's submission for processing.  See Exh E.  On August 17, 2004, James R. White, Director, EEOG, sent Plaintiff a letter rescinding the July 1 acceptance of her complaint, and dismissing the complaint on the basis that it was untimely.  See Exh. F.  Plaintiff appealed the dismissal of her complaint to the Equal Employment Opportunity Commission's (EEOC) Office of Federal Operations (OFO), and on February 14, 2005, the EEOC affirmed the Final Agency decision, concluding that Plaintiff untimely informed Defendant of its alleged breach of the settlement agreement.  See Exh. G, H.

## STANDARD OF REVIEW

### I.    Motion to Dismiss (Fed.R.Civ.P. 12(b)(1) and 12(b)(6))

Defendant moves for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over Plaintiff's claims, and Rule 12(b)(6), as Plaintiff fails to state any claim upon which relief can be granted.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346

F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (Oct. 4, 2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81.

      A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp.2d at 64.

      Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II.  Summary Judgment (Fed.R.Civ.P. 56)**

      If matters outside the pleadings are considered, generally the motion shall be treated as one for summary judgment under Rule 56. Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to

judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment.  The non-moving party must show that the dispute is genuine and material to the case.  That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party.  Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249-50 (citations omitted).  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'"  Celotex Corp., 477 U.S. at 323 (citations omitted).

     Moreover, Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  Rather, when the movant files a properly supported summary judgment motion, the burden shifts to the nonmoving party to show "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., 475 U.S. at 586, or

with "conclusory allegations," "unsubstantiated assertions," "or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the overall design of the rules of civil procedure, which is to secure the just, speedy, and inexpensive determination of every action. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

**ARGUMENT**

**I.      Plaintiff's Complaint Alleging Breach of Settlement Agreement Was Untimely.**

Plaintiff's written complaint to Defendant concerning an alleged breach of her settlement agreement was untimely under both the EEOC's regulations and the terms of the settlement agreement, and thus her Complaint should be dismissed.

It is well established that a federal employee may only file a civil action after exhausting their administrative remedies before the concerned federal agency. 42 U.S.C. § 2000e-16(c). Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission." Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity). Compliance with these procedures and timeliness is mandatory. "Complainants *must* timely exhaust these administrative remedies before bringing their claims to court." Bowden, 106 F.3d at 437; Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely

administrative charge is a prerequisite to initiation of a Title VII action"). As the U.S. Supreme Court reiterated in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, (2002), "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

With regard to settlement agreements, 29 C.F.R. § 1614.504(a) provides that when a complainant believes that an agency has failed to comply with the terms of the agreement, the complainant must notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. 29 C.F.R. § 1614.504(a). In this case, Plaintiff admits that her notification to Defendant alleging breach of the settlement agreement was untimely filed. See Exh. D. Plaintiff became aware of the alleged breach on June 21, 2002, when she received a letter from the Department of Justice, Civil Division, withdrawing a tentative offer of employment due to negative information contained in Defendant's employment records and a negative reference from Defendant. See Exh. B. However, Plaintiff failed to notify Defendant in writing of her allegations until July 30, 2003, over one year later. See Exh. D.

Although the regulations contemplate the waiver of time limits under certain circumstances, see 29 CFR 1614.604(c), Plaintiff has failed to justify her untimeliness. Plaintiff's Complaint references debt problems, tax issues and health concerns, but fails to allege any specific events which could have interfered with her ability to file a timely written notification. Compl. at 2. Furthermore, Plaintiff fails to explain why she was able to meet with Ms. Hawkins in the summer of 2002, but then was unable to follow up her meeting with a formal

written complaint. Therefore, under the regulations, Plaintiff's written complaint to Defendant concerning an alleged breach of her settlement agreement was untimely, and the EEOC correctly dismissed her claims.

In addition to Plaintiff's untimeliness under the EEOC regulations, Plaintiff's complaint was also untimely under the terms of the settlement agreement. See Exh. A. The settlement agreement terms mirrored the language of the EEOC regulations and stated, in relevant part, that "[i]f the Complainant believes that the Department has failed to comply with the terms of this Agreement, she must notify the Department's EEO Director in writing within thirty (30) calendar days of the date Complainant knew or should have known of the alleged noncompliance." Id. (emphasis added). The settlement agreement did not provide for waiver of the time limits under any circumstances. Id. At the time Plaintiff signed the agreement, Plaintiff was represented by an attorney, and she acknowledged and represented that she had completely read, and understood, the terms of the agreement. Id. The settlement agreement constituted a contract between Plaintiff and Defendant, and under the terms of the agreement, Plaintiff admits that she failed to notify Defendant of her allegations "in a timely fashion." See Exh. D. Therefore, because under both the EEOC's regulations and the terms of the settlement agreement, Plaintiff's written complaint to Defendant concerning an alleged breach of her settlement agreement was untimely, Plaintiff's Complaint in this Court should be dismissed.

**II.     Plaintiff Fails To State A Claim Upon Which Relief Could Be Granted.**

Even if Plaintiff's claims were timely, Plaintiff's Complaint in this Court regarding an alleged breach of her settlement agreement must nonetheless be dismissed. The regulations governing compliance with settlement agreements provide that a complainant may request that

8

"the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(a). However, 29 C.F.R. § 1614.504 does not authorize a complainant to file a Title VII action in district court. See Hansson v. Norton, 411 F. 3d 231, 234 (D.C. Cir. 2005). Thus, to the extent that Plaintiff is attempting to initiate any sort of discrimination action, under the applicable regulations and caselaw, Plaintiff's claims must be dismissed.

### III. The Court Lacks Jurisdiction Over Plaintiff's Claims Alleging Breach Of Settlement Agreement.

Plaintiff's Complaint in this Court regarding an alleged breach of her settlement agreement must also be dismissed for lack of jurisdiction. When a federal employee sues a federal agency alleging violation of settlement agreement in a previous Title VII discrimination action, and asserts a new Title VII claim, the Court of Federal Claims maintains exclusive jurisdiction over both the breach-of-contract and new Title VII claims, and the entire matter must be dismissed. Brown v. United States, 389 F.3d 1296 (D.C. Cir. 2004); see also Hansson, 411 F. 3d at 232 (finding that the district court lacked jurisdiction over plaintiff's complaint because it was a contract claim against the United States for more than $10,000, over which the Court of Federal Claims has exclusive jurisdiction). The Tucker Act gives district courts original jurisdiction concurrent with the Federal Court of Claims only for claims against the United States up to $10,000. 28 U.S.C. § 1346(a)(2); see also Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003). Any claim exceeding the $10,000 jurisdictional ceiling is within the exclusive jurisdiction of the Court of Federal Claims. Id.; see also Goble v. Marsh 684 F.2d 12, 15 (D.C. Cir. 1982)(when Plaintiff's claims related to backpay will result in an aggregate claim of more

9

than $10,000, the district court lacks jurisdiction). In this case, Plaintiff's Complaint explicitly alleges "breach of contract" and requests $210,000 in damages. Compl. at 2, 5.[3] Thus, the Court of Federal Claims maintains exclusive jurisdiction over this matter, and Plaintiff's Complaint must be dismissed for lack of jurisdiction.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests dismissal of Plaintiff's Complaint, or in the alternative, summary judgment for Defendant.

Dated: October 24, 2005     Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7220

---

[3] To the extent that any of Plaintiff's claims may be for declaratory relief, Plaintiff's Complaint appears to request that the Court order Defendant to pay damages in the form of reinstating her leave balances, retirement plan, and thrift savings plan, resolving her federal and state tax bills, and paying her outstanding college bills. See Daniels v. U.S. Dept. of Interior, 56 F.3d 1531 (D.C. Cir. 1995); Van Drasek v. Lehman, 762 F.2d 1065, 1071 n. 11 (D.C.Cir.1985)(finding that district court jurisdiction cannot be manufactured by "disguising a money claim" as an equitable one). Therefore, any of Plaintiff's claims related to dissatisfaction with her settlement agreement or an alleged breach of the agreement must nonetheless be dismissed.

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion To Dismiss, or in the alternative, For Summary Judgement** was served upon plaintiff pursuant to the U.S. mail, addressed to:

**Frances L. Greenhill
1900 Ritchie Road
District Heights, MD 20747**

on this  24th   day of October, 2005.


/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530