UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCES L. GREENHILL, *pro se*         Plaintiff,<br><br>v.<br><br>MARGARET SPELLINGS,<br>Secretary, U.S. Department of Education,<br><br>       Defendant. | Civil Action No.: 05-1100 (RBW) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, OR
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Margaret Spellings, Secretary, United States Department of Education, by and through undersigned counsel, respectfully submits this Reply in support of Defendant's Motion To Dismiss, Or In The Alternative, For Summary Judgment. Plaintiff Frances L. Greenhill, *pro se*, brought the above-captioned action, seeking damages and injunctive relief for what appears to be some sort of breach of settlement claim concerning previous employment discrimination claims. See generally Complaint ("Compl."). For the reasons set forth below and in its original Motion To Dismiss, Or In The Alternative, For Summary Judgment, Defendant respectfully requests that Plaintiff's claims be dismissed or summary judgment for Defendant granted.

**INTRODUCTION**

On October 24, 2005, Defendant moved to dismiss, or in the alternative, for summary judgment, and Plaintiff has responded to these motions.[1] However, nothing in Plaintiff's

---

[1] Defendant notes that Plaintiff's response does not per se oppose Defendant's motion, but rather consists of Plaintiff's attachment of a previously filed brief in support of her appeal to the EEOC, and a brief "witness statement". See Pl. Response. Plaintiff additionally attaches a "telephone log" listing the times she has called the undersigned counsel.

response remedies this Court's lack of subject matter jurisdiction, or Plaintiff's failure to state a claim upon which relief can be granted. Nor does Plaintiff raise a genuine issue of material fact concerning the propriety of Defendant's actions. Accordingly, this case must be dismissed.

## ARGUMENT

I.   **Plaintiff's Response Fails To Address Defendant's Motion In Any Way, And Thus, The Case Should Be Dismissed.**

Plaintiff's response to Defendant's Motion To Dismiss, Or In The Alternative, For Summary Judgment provides only Plaintiff's attachment of a previously filed brief in support of her appeal to the EEOC, and a brief "witness statement". See Pl. Response. Plaintiff fails to address the fact that her complaint is untimely, she fails to state a claim upon which relief could be granted, and the Court lacks jurisdiction over her claims alleging breach of a previous settlement agreement. Plaintiff fails to dispute or even to address any of the facts listed in Defendant's Statement of Material Facts Not In Genuine Dispute. Accordingly, Defendant's motion to dismiss based on the merits of the complaint is unopposed and should be granted. E.g., Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002) ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

Furthermore, "[a] plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Thus, the only assertion in Plaintiff's response, a statement that Defendant "falsified" a previous

declaration of Ms. Cathy Hawkins, see Def. Exh. C, is insufficient to satisfy the pleading standards applicable to discrimination claims. Plaintiff provides no evidence of any kind to support any of her allegations. In fact, Plaintiff's "witness statement" that Cathy Hawkins "did not [s]peak to Ms. Greenhill at any in depth length of time regarding her settlement [A]greement in July 2002" is not only irrelevant, but fails to save any of her claims in this Court.

Despite the generous reading that must be afforded to the Plaintiff's Complaint in light of her pro se status, Plaintiff's Complaint is so bare that dismissal is warranted. See, e.g., Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984)(dismissing pro se plaintiff's proposed second amended complaint because its conclusory allegations were unsupported by any facts). Therefore, Defendant's Motion To Dismiss, Or In The Alternative, For Summary Judgment should be granted. See Haynesworth, 820 F.2d at 1254.

**II.     Plaintiff's Complaint Alleging Breach of Settlement Agreement Should Be Dismissed As Untimely.**

Although not directly addressed by Plaintiff's response, Defendant reiterates that Plaintiff's written complaint to Defendant concerning an alleged breach of her settlement agreement was untimely under both the EEOC's regulations and the terms of the settlement agreement, and thus her Complaint should be dismissed. It is well established that a federal employee *must* timely exhaust her administrative remedies before bringing her claims to court. See 42 U.S.C. § 2000e-16(c); see also Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a

3

prerequisite to initiation of a Title VII action"). As the U.S. Supreme Court reiterated in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, (2002), "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

Despite Plaintiff's claims in her earlier-filed brief on appeal to the EEOC, which Plaintiff has attached as her response to Defendant's Motion, Plaintiff's verbal contact with an EEO Specialist failed to satisfy the requirement of timely exhaustion of administrative remedies. With regard to settlement agreements, 29 C.F.R. § 1614.504(a) provides that when a complainant believes that an agency has failed to comply with the terms of the agreement, the complainant must notify the agency's EEO Director, *in writing*, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. 29 C.F.R. § 1614.504(a). In this case, Plaintiff became aware of the alleged breach on June 21, 2002, when she received a letter from the Department of Justice, Civil Division, withdrawing a tentative offer of employment due to negative information contained in Defendant's employment records and a negative reference from Defendant. See Exh. B. Although Plaintiff initially contacted the EEO Office on July 2, 2002, she failed to notify Defendant *in writing* of her allegations until July 30, 2003, over one year later. See Exh. D. Furthermore, Plaintiff admits that her notification to Defendant alleging breach of the settlement agreement was untimely filed. See Exh. D.

Although the regulations contemplate the waiver of time limits under certain circumstances, see 29 CFR 1614.604(c), Plaintiff has failed to justify her untimeliness. Plaintiff's Complaint references debt problems, tax issues and health concerns, but fails to allege any specific events which could have interfered with her ability to file a timely written

notification.  See Compl. at 2.  Plaintiff's response to Defendant's Motion fails to address the issue at all.  See Pl. Response.  Furthermore, Plaintiff fails to explain why she was able to meet with Ms. Hawkins in the summer of 2002, but then was unable to follow up her meeting with a formal written complaint.  Therefore, under the regulations, Plaintiff's written complaint to Defendant concerning an alleged breach of her settlement agreement was untimely, and the EEOC correctly dismissed her claims.

In addition, as Defendant previously argued, not only was Plaintiff untimely under the EEOC regulations, but Plaintiff's complaint was also untimely under the terms of the settlement agreement.  See Exh. A. The settlement agreement terms mirrored the language of the EEOC regulations and stated, in relevant part, that "[i]f the Complainant believes that the Department has failed to comply with the terms of this Agreement, she must notify the Department's EEO Director in writing within thirty (30) calendar days of the date Complainant knew or should have known of the alleged noncompliance." Id. (emphasis added).  The settlement agreement did not provide for waiver of the time limits under any circumstances.  Id.  At the time Plaintiff signed the agreement, Plaintiff was represented by an attorney, and she acknowledged and represented that she had completely read, and understood, the terms of the agreement.  Id.  The settlement agreement constituted a contract between Plaintiff and Defendant, and under the terms of the agreement, Plaintiff admits that she failed to notify Defendant of her allegations "in a timely fashion."  See Exh. D.  Therefore, because under both the EEOC's regulations and the terms of the settlement agreement, Plaintiff's written complaint to Defendant concerning an alleged breach of her settlement agreement was untimely, Plaintiff's Complaint in this Court should be dismissed.

**III.    Plaintiff's Claims Alleging Breach Of Settlement Agreement Fail To State A Claim Upon Which Relief Could Be Granted And The Court Lacks Jurisdiction Over Such Claims.**

Even if Plaintiff's claims were timely, Plaintiff's response fails to address the fact that Plaintiff's Complaint in this Court regarding an alleged breach of her settlement agreement must nonetheless be dismissed.

First, as previously stated, the regulations governing compliance with settlement agreements provide that a complainant may request that "the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(a). However, 29 C.F.R. § 1614.504 does not authorize a complainant to file a Title VII action in district court. See Hansson v. Norton, 411 F. 3d 231, 234 (D.C. Cir. 2005). Thus, to the extent that Plaintiff is attempting to initiate any sort of discrimination action, under the applicable regulations and caselaw, Plaintiff's claims must be dismissed.

Second, Plaintiff's Complaint in this Court regarding an alleged breach of her settlement agreement must also be dismissed for lack of jurisdiction. As set forth in Defendant's Motion, when a federal employee sues a federal agency alleging violation of a settlement agreement in a previous Title VII discrimination action, and asserts a new Title VII claim, the Court of Federal Claims maintains exclusive jurisdiction over both the breach-of-contract and new Title VII claims, and the entire matter must be dismissed. Brown v. United States, 389 F.3d 1296 (D.C. Cir. 2004); see also Hansson, 411 F. 3d at 232 (finding that the district court lacked jurisdiction over plaintiff's complaint because it was a contract claim against the United States for more than $10,000, over which the Court of Federal Claims has exclusive jurisdiction). The Tucker Act

6

gives district courts original jurisdiction concurrent with the Federal Court of Claims only for claims against the United States up to $10,000. 28 U.S.C. § 1346(a)(2); see also Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003). Any claim exceeding the $10,000 jurisdictional ceiling is within the exclusive jurisdiction of the Court of Federal Claims. Id.; see also Goble v. Marsh 684 F.2d 12, 15 (D.C. Cir. 1982)(when Plaintiff's claims related to backpay will result in an aggregate claim of more than $10,000, the district court lacks jurisdiction). In this case, Plaintiff's Complaint explicitly alleges "breach of contract" and requests $210,000 in damages. Compl. at 2, 5.[2] Thus, the Court of Federal Claims maintains exclusive jurisdiction over this matter, and Plaintiff's Complaint must be dismissed for lack of jurisdiction.

## CONCLUSION

For all of the reasons stated above and in Defendant's Motion, Defendant respectfully requests dismissal of Plaintiff's Complaint, or in the alternative, summary judgment for Defendant.

Dated: November 28, 2005            Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

---

[2] To the extent that any of Plaintiff's claims may be for declaratory relief, Plaintiff's Complaint appears to request that the Court order Defendant to pay damages in the form of reinstating her leave balances, retirement plan, and thrift savings plan, resolving her federal and state tax bills, and paying her outstanding college bills. See Daniels v. U.S. Dept. of Interior, 56 F.3d 1531 (D.C. Cir. 1995); Van Drasek v. Lehman, 762 F.2d 1065, 1071 n. 11 (D.C.Cir.1985)(finding that district court jurisdiction cannot be manufactured by "disguising a money claim" as an equitable one). Therefore, any of Plaintiff's claims related to dissatisfaction with her settlement agreement or an alleged breach of the agreement must nonetheless be dismissed.

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Reply In Support Of Motion To Dismiss, or in the alternative, For Summary Judgement** was served upon plaintiff pursuant to the U.S. mail, addressed to:

> Frances L. Greenhill
> 1900 Ritchie Road
> District Heights, MD 20747

on this  28th  day of November, 2005.

/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530