UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCES L. GREENHILL,<br><br>　　　　Plaintiff,<br>　v.<br><br>MARGARET SPELLINGS, Secretary,<br>U.S. Department of Education,<br><br>　　　　Defendant. | Civil Action No. 05-1100 (RBW) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, alleges that the United States Department of Education ("DOE") breached a settlement agreement between the parties. This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Having reviewed defendant's motion, plaintiff's opposition, and the entire record of the case, the Court will dismiss the complaint for lack of subject matter jurisdiction.

I.　BACKGROUND

In December, 1999, plaintiff and the DOE executed a settlement agreement that resolved plaintiff's pending employment discrimination complaints. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Deft's Mot."), Exhibit ("Ex.") A. The terms of the agreement provided that the DOE would grant plaintiff a within-grade increase effective August 30, 1998, provide plaintiff with a "Pass" rating under the General Performance Appraisal System for the 1998-1999 rating year, and award plaintiff back pay in the amount of $90,000. *Id.*, ¶¶ 3-5. In exchange, plaintiff agreed to not seek re-employment with the DOE and waived her rights

with respect to her five pending discrimination complaints. *Id.*, ¶ 6. The agreement also provided that if plaintiff believes that the "Department has failed to comply with the terms of this Agreement, she must notify the Department's EEO Director in writing within thirty (30) calendar days of the date [plaintiff] knew or should have known of the alleged noncompliance." *Id.*, ¶ 15.

On February 12, 2002, plaintiff applied for a secretarial position in the Commercial Litigation Branch, Civil Division, at the Department of Justice ("DOJ"). Complaint ("Compl."), p. 1; Deft's Mot., Ex. B. Plaintiff was made a tentative offer by the DOJ conditioned on the successful completion of a background investigation. *Id.* In a letter dated June 21, 2002, the DOJ notified plaintiff that it was withdrawing its offer based on questions raised by plaintiff's prior employment with the DOE. *Id.*

In July, 2002, plaintiff went to the office of Cathy J. Hawkins, an Equal Employment Specialist at the DOE. Compl., p. 2; Deft's Mot., Ex. C., ¶¶ 1, 3. Plaintiff informed Ms. Hawkins that due to the circumstances surrounding the DOJ's withdrawal of its offer to her, plaintiff believed the DOE had breached the settlement agreement. *Id.*, ¶ 3; Compl., p. 2. Ms. Hawkins informed plaintiff, and plaintiff acknowledged, that she would have to file a formal complaint in writing. Deft's Mot., Ex. C, ¶¶ 3-4.

In a July 30, 2003 letter to James R. White, EEO director at the DOE, plaintiff informed the agency that she believed it had breached the settlement agreement by maintaining negative information in her personnel file. *Id.*, Ex. D. Plaintiff acknowledged that her written complaint was untimely, but stated that she could not file it earlier due to personal hardships. *Id.* On August 17, 2004, the DOE denied plaintiff relief on the grounds that her complaint was filed over a year after she became aware of the DOE's alleged breach of the settlement agreement. *Id.*, Ex.

F.

      Plaintiff appealed this decision to the Equal Opportunity Commission's ("EEOC") Office of Federal Operations. *Id.*, Ex. G. On February 14, 2005, the EEOC affirmed the DOE's decision. *Id.*, Ex. H. The EEOC stated that plaintiff learned of the alleged breach of the settlement agreement when she received the DOJ's June 21, 2002 letter. *Id.* Therefore, the EEOC held that plaintiff's complaint to the DOE was untimely under the terms of the settlement agreement and EEOC regulations. *Id.*

      On June 2, 2005, plaintiff filed this action. She seeks $210,000 in damages, reinstatement of her position at the DOE, and restoration of her federal employment benefits. Compl., p. 5.

## II. STANDARD OF REVIEW

      Pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, defendant moves to dismiss this action on the grounds that the Court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. In reviewing the sufficiency of a complaint under Rule 12 of the Federal Rules of Civil Procedure, a court must consider the facts presented in the pleadings as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *Moore v. United States*, 213 F.3d 705, 713 n.7 (D.C. Cir.), *cert. denied*, 531 U.S. 978 (2000). Plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Nemariam v. Fed. Democratic Republic of Ethiopia*, ___ F. Supp. 2d ___, 2005 WL 2979642 at *3 (D.D.C. 2005). To resolve the question of subject matter jurisdiction under Rule 12(b)(1), the court may consider matters outside the pleadings. *Jerome Stevens Pharmaceuticals, Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C.

Cir. 2005). In addressing a Rule 12(b)(6) motion, the court can only consider the facts alleged in the complaint, documents attached or incorporated by reference into the complaint, or matters about which thye court can take judicial notice. *EEOC v. Xavier Parochial Sch. St. Francis*, 117 F.3d 621, 624-25 (D.C. Cir. 1997). The court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if it appears that the plaintiff can prove no set of facts in support of her claim that would warrant relief. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Thomas v. District of Columbia*, 887 F.Supp. 1, 5 n. 2 (D.D.C. 1995).

## II.  DISCUSSION

Plaintiff alleges that defendant has breached the settlement agreement that resolved her employment discrimination claims. A claim that a party has breached a settlement agreement is a contract claim. *See Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003) (claim of breach of settlement agreement is contract claim). The Tucker Act, 28 U.S.C. § 1491, provides the exclusive remedy for contract claims against the government. *See Transohio Savs. Bank v. Dir., Office of Thrift Supervision*, 967 F.2d 598, 609 (D.C. Cir. 1992); 28 U.S.C. § 1491. This statute provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Federal district courts and the Court of Federal Claims have concurrent jurisdiction only if the claim does not exceed $10,000. *See* 28 U.S.C. § 1346(a)(2). However, if the claim exceeds $10.000, the Court of Federal Claims has exclusive jurisdiction. *Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003)(citing *Globe v. Marsh*, 684 F.2d 12, 15

(D.C. Cir. 1982)).

The complaint seeks $210, 000 in damages.  *See* Compl., p. 5.  This court therefore lacks subject matter jurisdiction over the plaintiff's claim that the federal government breached the settlement agreement.  *See Hansson v . Norton*, 411 F.3d 231, 236-37 (D.C. Cir. 2005); *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004).  Rather, it is the Court of Federal Claims that has sole jurisdiction over plaintiff's claim.

### III.  CONCLUSION

For the reasons stated herein, the Court concludes that it lacks subject matter jurisdiction in this case.  Accordingly, the complaint will be dismissed without prejudice.  An Order consistent with this Memorandum Opinion is issued separately on this same date.

_____
REGGIE B. WALTON
United States District Judge

DATE: December 21, 2005